UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURIELENE GORDON                            :
1022 Bryant Street, N.E.                    :
Washington, DC 20018                        :
PLAINTIFF                                   : Civil Action No.
                                            :
v.                                          :
                                            
THE DISTRICT OF COLUMBIA                    :
Serve:                                      :
THE HONORABLE ANTHONY WILLIAMS              :
District Building, Suite 520                :
1350 Pennsylvania Avenue N.W.               :
Washington, D.C. 20004                      :
Serve: Attn: Sherryl Hobbs Newman           :
Secretary of the District of Columbia       :
And                                         :
OFFICE OF THE ATTORNEY GENERAL              :
441- Fourth Street N.W., 600. South       :
Washington, DC 20001                        :
Serve: Darlene Fields                         :
DEFENDANT                                   :
                                            :
AND                                         :
                                            :
CLIFFORD JANEY, Official as Superintendent and:
       Chief State Education Officer and     :
DISTRICT OF COLUMBIA PUBLIC SCHOOLS  :
825 North Capitol Street, N.E.              :
Washington, DC 20002                        :
Serve Erica Pierson, Office of General Counsel :
DEFENDANTS                                  :

COMPLAINT- DISABILITY DISCRIMINATION IN  EMPLOYMENT

I. Introduction

l. This is an action seeking redress for violations of rights guaranteed Plaintiff by the

Americans with Disabilities Act (also hereinafter "ADA") 42 U.S.C. Sec. 1210l et seq., Section

504 of the Rehabilitation Act (also hereinafter "Rehab Act"), 29 U.S.C. Sec.794  and the District

of  Columbia Human Rights Act ( also hereinafter "DCHRA"), 2 DC Code Sec.1401  et seq.

2. Plaintiff Murielene Gordon (hereinafter  "Plaintiff"),  seeks declaratory, equitable and monetary relief under the Americans with Disabilities Act, Rehabilitation Act and the District of Columbia Human Rights Act, as amended, including a declaration   that Defendants' past and  ongoing refusal to reasonably accommodate her violated each such law, provision of effective  reasonable accommodations, including an accessible bathroom, damages, back pay and benefits, including but not limited to restoration of leave and retirement credit for time she was denied the right to return to work. Plaintiff, an otherwise qualified individual with a disability, specifically an art  teacher at Ballou Senior High School  with a mobility impairment due to arthritis, walks with a walker.

## II. Jurisdiction and Venue

3.Jurisdiction is in this court under 28 U.S.C. Sec.1331 as there are questions under Federal laws, specifically the Americans with Disabilities Act, 42 U.S.C. Sec.12101 et seq. and Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794. . The third  cause of action is joined  under 28 U.S.C. Sec.1367. There is supplementary  jurisdiction over the claim arising under the  District of Columbia Human Rights Ac, as amended.   The third cause of action  has a common nucleus of facts with the first two causes of action such that it is so intrinsically  related to those claims over which this  honorable Court has original jurisdiction as to form part of the same case and controversy.

4. Venue is properly in this court under 28 U.S.C. Sec. 1391(b)  as all actions took place  within the District of  Columbia.

5. Plaintiff filed a charge with the Equal Employment Opportunity Commission, has received a right to sue letter, Exhibit A hereto, and is timely filing this action.

6. The remedies requested are 1) declarations that Defendants violated the Americans with Disabilities Act, Rehabilitation Act, and District of Columbia Human Rights Act, when when Defendants discriminated against Plaintiff and failed to reasonably accommodate Plaintiff, including but not limited to failing to provide an accessible classroom and work environment, including but not limited to failing to provide access to an accessible bathroom, failing to provide keys to locked emergency doors in her classroom, failing to provide a functioning heating/cooling system in her classroom, failing to have materials/supplies accessible to her since shelves are too high and the copy machine is inaccessible, and being compelled to attend meetings on the second floor, and when refusing to allow Plaintiff to return to work following her completion of extended physical therapy 2) ordering Defendants to immediately provide effective reasonable accommodations, including but not limited to access to an a accessible bathroom, keys to the emergency exit doors, a cooling/heating system that is functional, accessible shelves and an accessible copier, 4) restoration of leave used and credit for service toward retirement for the period of time had to use leave and then was in a leave without pay status while being denied her rightful return to work and the award of back pay with respect to such period as she was in an AWOL or leave without pay status 5) award the Plaintiff damages, 7) award Plaintiff her attorney fees and costs herein and 8) such other relief to which she is entitled and the Court deems appropriate.

### III. Parties

7. Plaintiff Murielene Gordon, a resident of the District of Columbia, has been successfully employed by Defendant as a teacher since 1979. Since 1990 she has been employed by Defendant at Ballou Senior High School, 3401 - 4th Street, S.E., Washington, DC 20032, to teach art.

8. Plaintiff has degenerative arthritis which substantially limits her in major life activities such as walking, standing, and working. As a result of her arthritis she is mobility impaired. As a result of her arthritis she is adversely affected by extreme cold or heat. Plaintiff's mobility impairment is obvious as she  walks with a walker. (Plaintiff walked with a cane prior to walking with a walker.). Plaintiff is an otherwise qualified individual with a disability. 42 U.S.C.Sec.12111(8).

9. Defendants operates the public school system in the District of Columbia, including but not limited to Ballou. On information and belief Defendants employ more than five  hundred persons and are an employer, a  covered entity within the meaning of all applicable laws,  including but not limited to 42 U.S.C. Sec. 12111. On information and belief, Defendants at all times relevant to the events in suit received and currently are receiving  federal financial  assistance in connection with the operation and maintenance of the school  system. At all times  relevant to this action. Defendants,  jointly and severally, caused harm to Plaintiff in the events herein.

10. Clifford Janey is Superintendent of Defendant District of Columbia Public Schools.

IV. Factual Allegations

11.Plaintiff has been assigned to Ballou as an art teacher since 1990 with her classroom on the first floor. In the period commencing with the school year 1999-2000 and on a continuing basis through the end of the school year 2002-2003 Plaintiff was assigned to Room 111. Since that time  Plaintiff has been assigned to Room 112.

12. Plaintiff's work area and environment  are not readily accessible to and usable by her .This includes but was and is not limited to her not having access to an accessible bathroom, emergency exit doors being  locked with  Plaintiff not having keys thereto,  the  heating/cooling

system not functioning, and shelves being too high and copier being inaccessible.

13. There  was no accessible bathroom in available for use by Plaintiff during the period 1999-2002. On an ongoing basis, there now is no accessible bathroom accessible to her.

14. During the period 1999-2002 Plaintiff was required to attend meetings on the second floor, even though she asked that such meetings be moved to the first floor because of her mobility impairment.

15. Periodically, including but not limited to, between 1999 and 2002 and thereafter Plaintiff requested  reasonable accommodation of her employer.. Defendants failed to provide  accommodations.

16.Plaintiff was on approved sick leave from work in July, 2002 for extensive physical therapy due to her disability. During the period was on approved sick leave, the then Principal at Ballou told Plaintiff she was "a liability at Ballou." In October, 2002, Plaintiff sought to return to work at Ballou but was denied.  As a result of being denied the opportunity to return to work Plaintiff was forced to use additional  leave and/or be in a leave without pay status. On information and belief she did not receive credit towards retirement for the time on leave without pay .

17.On February 26, 2003, Defendant's Principal at Ballou advised Plaintiff she was AWOL and threatened her with disciplinary action and made her undergo a fitness for duty examination. On information and belief, while Plaintiff was AWOL she did not receive compensation and benefits, including but not limited to credit towards retirement for the period of time Defendant placed Plaintiff in AWOL status. Plaintiff returned to work at Ballou at the beginning of the 2003-2004 school year.

18. On or about  March 3, 2003, Plaintiff filed an in internal complaint of employment

discrimination with Defendant. Defendant closed the internal complaint without contacting

Plaintiff on April 8, 2003.

19. Plaintiff gave notice of claim as required by DC Code 12-309 on April 11, 2003 and

filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC")

on or about April 18,2003, cross filing under the District of Columbia Human Rights Act.

20. As a result of the actions and inactions of Defendants, Plaintiff suffered significant

damages As a result of the actions and inactions of Defendants, Plaintiff suffered significant

pecuniary and non-pecuniary losses, physical and emotional harm.


### COUNT I
(Violation of the Americans with Disabilities Act)

21. Plaintiff repeats, reasserts and realleges paragraphs 1-20 herein.

22. Defendants willfully and intentionally, through  actions and inactions discriminated

against Plaintiff because of her known disability, degenerative arthritis, failing to provide her an

accessible classroom and work environment, failing to reasonably accommodate her, refusing to

allow her to return from approved leave,  are in violation of the Americans with Disabilities

Act, 42 U.S.C. Secs.12101 et seq., including but not limited to Title II thereof, 42 U.S.C.

Sec.12201 et seq. causing Plaintiff significant damages.

### COUNT II
(Violation of  Section 504 of the Rehabilitation Act)

23. Plaintiff repeats, reasserts and reallges paragraphs 1-20 herein.

24. Defendants willfully and intentionally, through  actions and inactions, discriminated against

Plaintiff because of her known disability, degenerative arthritis by failing to provide her an

accessible classroom and work environment, failing to reasonably accommodate her, and

refusing to allow her to return to work from approved leave violated of Section 504 of the

Rehabilitation Act, 29 U.S.C. Sec. 794, causing Plaintiff significant damage.

## COUNT III
### (Violation of the District of Columbia Human Rights Act)

25. Plaintiff reasserts and realleges paragraphs 1-20 herein.

26. Defendants willfully and intentionally, through actions and inactions, discriminated against

Plaintiff because of her known disability, degenerative arthritis, by failing to provide her an

accessible classroom and work environment, failing to reasonably accommodate her, and

refusing to allow her to return to work from approved leave, violated of the District of

Columbia Human Rights Act, as amended, D.C. Code Sec.2-1401 et seq.

## JURY TRIAL DEMAND

27. Plaintiff demands a trial by jury in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issue judgment for the

Plaintiff against Defendant as follows:

A. Declare that Defendants violated Plaintiff's rights under the Americans with

Disabilities Act, 42 U.S.C. Sec. 1210l et. seq.; and

B. Declare that Defendants violated Plaintiff's rights under Section 504 of the

Rehabilitation Act, 29 U.S.C. Sec.794; and

C. Declare that Defendants violated Plaintiff's rights under the District of Columbia

Human Rights Act, as amended, 2 D.C. Code Sec. 1401 et. seq ; and

D. Order Defendants to immediately provide Plaintiff effective reasonable

accommodations in her classroom and work environment, including but not limited to an access

to an accessible bathroom, a functional heating/cooling system, unchaining emergency exit doors and providing Plaintiff a key thereto, lowering shelves in her classroom, provide an accessible copier and move all meetings Plaintiff is required to attend to the first floor;

E. Order Defendants to restore leave Plaintiff was forced to use when denied the opportunity to return to work and give Plaintiff credit towards her retirement for such time;

F. Award Plaintiff compensatory damages in the amount of three million dollars ($3,000, 000) as well as reimbursement of all her pecuniary losses and expenses related to the events in suit;

G. Award Plaintiff her attorney fees and costs in connection with this action;

H. Award Plaintiff such other relief as the Court deems just, reasonable, and appropriate to correct the illegality and wrongs done to Plaintiff..

September 28, 2005

Respectfully submitted,

Charles Goldman, Esq.
Bar No. 201509
1155 -15th Street N.W.
Washington, DC 20005
202 466 7550
Fax 202 4675085