UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURIELENE GORDON, :
:
    Plaintiff, :
:
v. :
: CV-05-1907 (EGS)
DISTRICT OF COLUMBIA, et al., :
:
    Defendants. :
_____ :

## DEFENDANTS DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia ("Defendant") answers the Complaint with particularity and in like-numbered paragraphs as follows[1]:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

1. Defendant admits the existence of the statutes cited in paragraph number 1 of the Complaint, but denies that the statutes confer any jurisdiction or liability upon this Defendant.

2. The allegations in paragraph 2 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, this Defendant denies these allegations and demand strict proof at trial.

3. Defendant admits the existence of the statutes cited in paragraph number 3 of the Complaint, but denies that the statutes confer any jurisdiction or liability upon this Defendant.

4. Defendant admits the existence of the statutes cited in paragraph number 1 of the Complaint, but denies that the statutes confer venue upon this Court.

---

[1] Plaintiff has consented to dismiss Defendant Clifford Janey as a Defendant in this matter.

5. The allegations in paragraph 5 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, this Defendant denies these allegations and demand strict proof at trial.

6. The allegations in paragraph 6 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, this Defendant denies these allegations and demand strict proof at trial.

7. Defendant admits that plaintiff was employed as a teacher at Ballou Senior High School since 1990. The remaining allegations are either the conclusions of the pleader or this Defendant lacks sufficient information to either admit or deny the allegations, and therefore no response is required. To the extent a response is required, this Defendant denies these allegations and demand strict proof at trial.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 8 of the Complaint. To the extent a response is required, Defendant denies these allegations and demands strict proof at trial. Further answering, Plaintiff's allegation that she is an otherwise qualified individual with a disability is a legal conclusion of the pleader to which no response is required. To the extent a response is required, this Defendant denies this allegation and demands strict proof at trial.

9. Defendant admits that Ballou operates under the public school system of the District of Columbia. Defendant also admits that the District employs more than five hundred persons. Further answering, Defendant denies that it caused plaintiff harm as set forth in paragraph number 9. The remaining allegations are legal conclusions and/or this Defendant lacks sufficient information at this time to either admit or deny them and demand strict proof at trial.

10. Defendant admits that Clifford Janey is Superintendent of the District of Columbia Public Schools as set forth in paragraph number 10.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 11 of the Complaint. To the extent a response is required, Defendant deny these allegations and demand strict proof at trial.

12. The allegations in paragraph 12 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendant denies these allegations and demand strict proof at trial.

13. The allegations in paragraph 13 of the Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, Defendant denies these allegations and demand strict proof at trial.

14. Defendant lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph number 14 of the Complaint. To the extent a response is required, defendant denies these allegations and demand strict proof at trial.

15. The allegations in paragraph 15 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendant denies these allegations and demand strict proof at trial.

16. The allegations contained in paragraph number 16 of the Complaint are conclusions of the pleader, and as such, no response is necessary. To the extent a response is required, Defendant denies these allegations and demand strict proof at trial.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 17 of the Complaint. To the extent a response is required, Defendant denies these allegations and demand strict proof at trial.

18. Defendant lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in paragraph number 18 of the Complaint. To the extent a response is required, Defendant denies these allegations and demand strict proof at trial.

19. The allegations contained in paragraph number 19 of the Complaint are legal conclusions of the pleader, and as such, no response is necessary. To the extent a response is required, Defendant denies these allegations and demand strict proof at trial.

20. Defendant denies the allegations in paragraph number 20 of the Complaint.

### Count I: Violation of the Americans with Disabilities Act

21. Defendant incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

22. Defendant denies the allegations in paragraph number 22 of the Complaint.

### Count II: Violation of Section 504 of the Rehabilitation Act

23. Defendant incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

24. Defendant denies the allegations in paragraph number 24 of the Complaint.

### Count III: Violation of the District of Columbia Human Rights Act

25. Defendant incorporates herein by reference its responses to the preceding paragraphs of the Complaint.

26. Defendant denies the allegations in paragraph number 26 of the Complaint.

Further answering the Complaint, all allegations not specifically admitted herein are denied.

### Third Defense

Plaintiff might have failed to exhaust her administrative remedies and/or failed to comply with other mandatory filing requirements.

### Fourth Defense

Plaintiff might have failed to timely file a grievance or otherwise failed to protect herself from the alleged conduct.

### Fifth Defense

Plaintiff's EEOC/Human Rights claim may have been filed in an untimely fashion.

### Sixth Defense

The statute of limitations may bar plaintiff's claims.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

### Eighth Defense

All actions taken by defendants relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

### Ninth Defense

Plaintiff has failed to mitigate any damages that she may have incurred.

### Tenth Defense

Plaintiff's common law claims, including claims filed under the Human Rights Act may be barred by D.C. Official Code § 12-309.

### Set-off

Defendant asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

### Jury Trial Demand

Defendant demands a trial by a jury of twelve (12).

Defendant reserve2 the right to amend its Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, Defendant urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to Defendant.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____\s\_____
PATRICIA JONES [428132]
Chief, General Litigation Sec. IV

By: _____\s\_____
MICHAEL BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W.
Washington, D.C.  20001
Direct Line:   (202)724-6649
Receptionist: (202)727-6295
Facsimile:     (202) 727-3625