UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURIELENE GORDON          : Civil No. 05-1907-EGS
PLAINTIFF                 :  Judge Emmett G. Sullivan
v.                        :  Magistrate John  M. Fasciola
District of Columbia      :
Defendant                 :
_____  :

PLAINTIFF"S ANSWER TO DEFENDANT'S MOTION TO STRIKE

Introduction

Comes Plaintiff through her undersigned attorney and respectfully submits that

the  Defendant's Motion should  be denied. Plaintiff has provided herewith at the various

exhibits, 2,3, and 4, reports of experts . Plaintiff, due to actions of Defendant and through

no  fault of her own, was without any income at the time of any reports were due. In

addition  one of the experts, Keith Miller, LGSW, was not known to Plaintiff at the time

the filing  was due. Moreover, Defendant has not alleged and indeed cannot show it has

been  prejudiced. The reports should be accepted.  A proposed Order is attached.

Statement of Facts

1.Plaintiff retired from District of Columbia Public Schools in January, 2006.Exhibit 1

2. Reports in this matter were due March 7, 2006. See, Scheduling Order herein

3. Plaintiff did not begin seeing Keith Miller until March 8, 2006. Exhibits 1,4.

4. Plaintiff was without any income until April 1, 2006. Exhibit l

Argument

Good Cause Exists for Submission of the Reports Herein

Plaintiff respectfully submits that she was without funds for payment

of reports until after the deadline in the  Scheduling Order. This was due to actions of

Defendant District of Columbia in connection with the administration of the pension for

Plaintiff. Exhibit 1. Simply put in March 2005 due to being without income from

Defendant, Plaintiff  lacked the funds to pay for  reports of the experts Plaintiff  did

provide background on Dr. Snider in her prior filing but had no money to pay for his

report. Exhibit 1.

Plaintiff began seeing Keith Miller after the time set for submission.

Keith Miller is a new expert who is a treating professional and will be testifying as to

conditions  and prognosis from information obtained in the course of providing care.

Exhibit 4. It was thus impossible for him to have a report at the time scheduled by the

Court Exhibits 1, 4. Records from Mr. Miller  have been requested and will be promptly

provided to Defendant upon receipt.

Dr. Maloney will be testifying in the same manner, namely  as to his care and

treatment of Plaintiff, about conditions and  her prognosis from information obtained in

the course of providing care for Plaintiff.

Since Dr. Maloney and Keith Miller, LGSW, will be providing opinions as to

Conditions and prognosis and extent of disability these are opinions related to ordinary

Care and do not subject them to the reporting requirements of Rule 26(a)(2). See,

Riddick v. Washington Hospital Center, 183 F.R.D.327`330 (D. DC. 1998). Disclosing

Dr. Maloney previously was gratuitous. No report  was required of him then. (Nor of

Drs.Collins and Tozzi.)

In complaining about the absence of expert reports the Defendant does not allege

it has been prejudiced. Plaintiff has duly provided Defendant with records from Dr.

Maloney (as well as Tozzi and Collins),  though Defendant already had some of such

Records under its custody and control.  In the nature of a proffer, Plaintiff submits

Defendant has records from these providers. Exhibit 7 to Plaintiff's Answers to

Defendant's Interrogatories. Also see, Exhibit 1 to Defendant's Answers to Plaintiff's

Interrogatories.  There is ample time before discovery discloses and the parties are in

Court on July 19, 2006. See, Scheduling Order.

Inclusion of the attached reports is necessary to achieve substantial justice,

consistent with the intent of the rule here. See, Greyhound Lines v. Miller,402 F2.134 at

143 (CA 8th 1968). This is particularly true here since Defendant due its own

administrative failings caused Plaintiff, who would be prejudiced if her filing were

stricken and reports rejected, to be without  income at the time the reports were to be

submitted. Exhibit 1.

Conclusion

Plaintiff respectfully submits there is good cause for   inclusion of the reports

attached hereto and that her statement under Rule 26(a)(2) should not be stricken. For

the Court to strike her statement would be to reward the bureaucratic machinations of the

Defendant which deprived Plaintiff of income to live and funding to pay for experts

needed for a fair and equitable resolution of this matter.

Respectfully submitted,

Charles D. Goldman(201509)
Attorney for Plaintiff
1155 –15th Street N.W.#1004
Washington, DC 20005
202/4667550/2024675085 fax

Certificate of Service

I hereby certify that a copy of the foregoing was emailed and mailed, first class mail, postage prepaid to Michael Bruckheim, Esq., Assistant Attorney General, 441 – 4th Street N.W., 600 S., Washington, DC 20001,michael.bruckheim@dc.gov this 22nd day of April, 2006. I have retained all original reports and will hold them until the matter is decided by the Court, the time for appeal has passed and any docketed appeal has been decided.

Charles Goldman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MURIELENE GORDON                    : Civil No. 05-1907
PLAINTIFF                           :
v.                                  : Judge Emmett G. Sullivan
DISTRICT OF COLUMBIA                : Magistrate John M. Fasciola
DEFENDANT                           :

ORDER

     Upon consideration of the pleadings, arguments of the parties, and the

Record herein, it is  hereby ORDERED that Defendant's Motion to Strike Plaintiff's

Rule 26(a)(2) statement is hereby DENIED;

     FURTHER ORDERED that the reports attached to Plaintiff's Answer to the

Defendant's Motion are hereby accepted into the record.


Dated                                    _____
                                         JUDGE EMMETT G. SULLIVAN