UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURIELENE GORDON, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| | : |
|     Defendant. | : |
| _____ | : |

### DISTRICT OF COLUMBIA'S MOTION TO QUASH SUBPOENA AND/OR MOTION FOR PROTECTIVE ORDER

The District of Columbia, by and through counsel, on behalf of Art Bridges, David Atkinson, Virginia Ukaegbu, Valarie Jones, Dr. Hudson, Patrice Wiseman, Ernest Hamlin and Dr. Richard Gross (hereinafter "deponents"), hereby moves the Court to quash the subpoena served on these deponents, requiring them to disclose their personnel files at deposition. The requested files are irrelevant, not likely to lead to relevant information, and violates privacy laws. More detailed grounds for this motion are more fully set forth in the attached Memorandum of Points and Authorities in support of the District's motion.

Counsel for the District discussed the issue of the personnel files with counsel for plaintiff on or about June 7, 2006. Counsel for plaintiff stated that he still wanted the personnel files to be disclosed to him, thereby necessitating the filing of this motion.

                              Respectfully submitted,

                              ROBERT J. SPAGNOLETTI
                              Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General Civil Litigation Division

_____\\s\\_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


_____\\s\\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
E-mail:  Michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MURIELENE GORDON, | : |
| Plaintiff, | : |
| v. | : |
| | : CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO QUASH SUBPOENA**

As support and authority for its motion to quash subpoena as it relates to the production of personnel records, the District of Columbia states the following:

1. On or about May 26, 2006, counsel for plaintiff served undersigned counsel with a notice of deposition for several witnesses.[1] *See* Exhibit #1, Notice of Depositions. The notice directed the witnesses, *inter alia,* to bring their respective personnel files and provide them to the plaintiff. The District and the deponents object to the disclosure of the personnel files for these witnesses on the following grounds: 1) the personnel files of these witnesses are irrelevant to plaintiff's case and unlikely to lead to discoverable evidence; 2) plaintiff's request violates privacy laws.

2. By law, the District maintains files on its employees. CDRC 6-3113.6 provides that information required to be included in an Official Personnel Folder, other than the employees' name, present and past position titles, grades, salaries, duty stations, tenure, civil service status, length of service and separation date, shall not be available to the public.

---

[1] The District notes for the record that one witness, Art Bridges, is no longer employed with the District. Another witness, Virginia Ukaegbu, works as a nurse at Ballou High School under contract with Children's Hospital. Therefore, she also is not a District employee. The District does not believe that her personnel file is in the possession of the District.

3

3. FRCP 45(c)(3)(A) provides that "[o]n timely motion, the Court shall quash or modify the subpoena if it … (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies."

4. FRCP 26(b)(1) provides that: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…." *See also, Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975); *Haykel v. G.F.L. Furniture Leasing Co.*, 76 F.R.D. 386, 391 (N.D. Ga. 1976). The personnel files of the prospective deponents contain confidential information, including social security numbers, medical information, etc. This information is not relevant to plaintiff's allegations in her complaint. Plaintiff's complaint alleges that defendant failed to accommodate her alleged disability[2] during the 2002-03 school year. Her complaint makes no allegations of misconduct on the part of any District employees, nor has she named any employees as individual defendants. The District and the deponents submit that whatever may be contained within the personnel files of the proposed deponents is not relevant to the issue of whether the District accommodated plaintiff's alleged disability.

5. Under SCR-Civil 26(c), the Court may enter an order "…which justice requires to protect a party or person from annoyance…, including…4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters…" The District submits that the proposed deponents should be protected from disclosing their personnel files, and that the scope of plaintiff's discovery be limited to any knowledge the witnesses may have had regarding plaintiff's claims of the District's alleged failure to accommodate.

---

[2] Defendant notes that plaintiff is not alleging disparate treatment on the basis of her alleged membership in the protected class of disability. Plaintiff is not alleging that she suffered an adverse action. In fact, plaintiff alleges in her complaint that she returned to work at the beginning of the 2003-04 school year. Thus, plaintiff only is alleging the failure to accommodate her alleged disability during the 2002-03 school year. These witnesses are not parties to this litigation, and plaintiff's requests are inappropriate in light of the allegations set forth in their Complaint.

WHEREFORE, the District of Columbia, by and through undersigned counsel and pursuant to CDRC 6-3113.6, moves that this Honorable Court quash the subpoena and/or enter a protective order precluding the disclosure of the personnel files of the proposed deponents.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General Civil Litigation Division

_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


         \s\
_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
E-mail: Michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MURIELENE GORDON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Upon consideration of District of Columbia's Motion to Quash Subpoena on behalf of deponents Art Bridges, David Atkinson, Virginia Ukaegbu, Valarie Jones, Dr. Hudson, Patrice Wiseman, Ernest Hamlin and Dr. Richard Gross, memorandum of points and authorities in support thereof, any opposition thereto, the facts, the law and the record herein, it is this ___ day of _____, 2006, and it is,

**ORDERED:** that the District of Columbia's Motion to Quash is hereby **GRANTED;** and it is,

**FURTHER ORDERED:** that plaintiff is precluded from obtaining the personnel files for Art Bridges, David Atkinson, Virginia Ukaegbu, Valarie Jones, Dr. Hudson, Patrice Wiseman, Ernest Hamlin and Dr. Richard Gross for the reasons set forth in defendant's motion.

_____
Judge Emmet G. Sullivan