# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

MURIELENE GORDON
Plaintiff
v.

: Civil Action No. 05-1907
: Judge Emmett G. Sullivan
: Magistrate John Facciola

DISTRICT OF COLUMBIA
Defendant

## NOTICE OF DEPOSITION

Plaintiff through her undersigned attorney hereby gives Notice of Deposition in the above captioned matter and requests the following individuals appear at the office of Defendant's attorney, Michael Bruckheim, 441 - 4th Street, N.W., #600 South, Washington, DC, before an authorized notary or some other person authorized to administer an oath in and for the District of Columbia. Depositions shall be taken under Fed. R. Civ. P. 30 and Local Rule 30.1 and may be used for purposes of discovery or introduced at trial to the extent permitted by law. Each deposition shall continue until complete, including such adjournments as to time and place as may be required. Moreover, in the event that Defendant has failed to timely, fully and accurately substantively respond to or to supplement responses to Plaintiff's Interrogatories, Requests for Production, and/or Requests for Admissions as of the date of deposition, Plaintiff reserves the right, in her sole discretion, if need be, to adjourn, postpone or reschedule the deposition pending completion of outstanding discovery.

Each deponent shall bring with them all documents, as defined in Plaintiff's Interrogatories under their custody and control which may or which directly or indirectly relate to or lead to the discovery of information related to any aspect of the dispute herein between Plaintiff and Defendants. The definitions in Plaintiff's Interrogatories are incorporated herein and attached hereto as Exhibit 1. Please note that document as defined in Exhibit 1 includes but is not limited to statements, records, notes, signed or unsigned, dated or undated, printed matter or tape, audio or video and other matters. Documents to be brought to the deposition shall include but not be limited to documents related to, relied on, referenced in or used in interacting or working with Plaintiff commencing with the first contact of Defendant relating to Plaintiff as an employee of Defendant at Ballou Senior High School (hereinafter "Ballou") at any time in the period after August 31,1996 through January 6, 2006. Documents to be brought to the deposition shall also include the official personnel file of deponent while employed by Defendant. Deponent shall also bring to the deposition all documents related to Ballou during the period after August 1, 1998 through the date of deposition, including but not limited to documents related to the heating and air conditioning/cooling thereof, including but not limited to rooms 111 and 112, bathrooms for teachers, the elevators, teacher keys, emergency exits, the health suite (including the bathroom),

repair/usage/location of copiers (copying machines) at Ballou, and the emergency evacuation of Ballou. Documents to be brought to the deposition shall also include all of Defendant's policies and practices in effect at any time during the period after August 31, 1998-January 6, 2006, relating to non discrimination in employment by Defendant (including and/or District of Columbia Public Schools), the provision of reasonable accommodation of persons with disabilities (handicapped individuals), transfer of employees, and any other written policy or written document of Defendant on which deponent relied in taking or not taking any action regarding Plaintiff and her employment in the period after August 31, 1998-January 6, 2006, all training ever received by a deponent relating to the provision of reasonable accommodation to person with disabilities (handicapped individuals), equal employment opportunity, and transfer of employees and any other policy on which deponent relied in taking any action or not taking any action regarding Plaintiff in the period after August 31, 1998-January 6, 2006, and any document upon which Defendant relied in answering the complaint herein, in making or not making accommodation for Plaintiff, or which deponent may rely if called to testify as a witness in this matter.

Please note that the failure to respond to (including supplement Plaintiff's other discovery requests and/or to bring any or all required documents may be a basis for adjourning and/or postponing/rescheduling a deposition and may lead to Plaintiff filing Motion to Compel and to seek sanctions, including legal fees.

| Deponent | Date | Time |
|---|---|---|
| Dr. Art Bridges | June 16, 2006 | 10a.m. |
| David Atkinson | June 19, 2006 | 10a.m. |
| Virginia Ukaegbu | June 19, 2006 | 2p.m |
| Valarie Jones | June 20, 2006 | 2p.m. |
| Dr. Hudson | June 21, 2006 | 10a.m. |
| Patrice Wiseman | June 21, 2006 | 2p.m. |
| Ernest Hamlin | June 22, 2006 | 10a.m. |
| Dr. Richard Gross | June 22, 2006 | 2pm |

You are invited to attend and cross-examine.

Respectfully submitted,

CHARLES GOLDMAN
Attorney for Plaintiff, No.201509
1155-15th Street, NW #1004
Washington, DC 20005
202-466-7550, fax 202-467-5085

May 19, 2006