UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MURIELENE GORDON | : Civil No. 05-1907-EGS |
| PLAINTIFF | : Judge Emmett G.Sullivan |
| v. | : Magistrate John M.Facciola |
| District of Columbia |  |
| Defendant |  |

PLAINTIFF"S OPPOSITION TO DEFENDANT'S MOTION TO QUASH

Introduction

Comes Plaintiff through her undersigned attorney and respectfully submits that the Defendant's Motion should be denied. It is respectfully submitted that the personnel files which Defendant seeks to hide from public view are very relevant here, particularly with respect to Art Bridges, the Principal at Ballou Senior High School during a significant period in which Plaintiff was denied reasonable accommodation in her employment and who Defendant admitted it fired.

Disclosure of the personnel files is consistent with the purposes of discovery, including obtaining information related to any defense, F.R.C.P. 26(b) and may lead to evidence which would be admissible to impugn the claims of Defendant by impeaching the statements,including as the statements related to damages herein, and credibility of the witnesses identified by Defendant in discovery. See Fed. R. Evid.608, 609. Also, 607.Also, see F.R.C.P.32(a)(1)

Moreover, contrary to the representation of the Defendant, Defendant until the Motion had agreed to provide the personnel file of Art Bridges. Plaintiff has been willing to have a protective order entered with respect to personnel files but has never received any proposed protective order from Defendant, and in that same spirit advised

the Defendant on June 7th that (other than with respect to Art Bridges) Plaintiff would have been amenable to having Defendant bring the personnel files to the deposition for review/usage/consultation, when/if needed there.

## Statement of Facts

1. Plaintiff filed this action in September, 2005 alleging discrimination, including \
various ongoing and period defined denials of reasonable accommodation at Ballou Senior High School ("Ballou") including in school year 2002-2003 as well as beyond that time. Complaint herein at Paragraphs 12-17. Defendant has denied liability.

2. In response to timely initiated discovery from Plaintiff, Defendant, in answering interrogatories identified the individuals whose depositions are to be taken as persons with knowledge. or having acted in connection with the events herein. Exhibit 1 Answers to Interrogatories 1, 2,10,11,12,13,17.

3. Plaintiff wrote to Defendant on May 3 and stated that "Please provide me with the type of protective order you seek so we can cut through this.' See Exhibit 2, hereto. No document responsive to this request was received.

4. Plaintiff gave Notice of Deposition, mailing it on May 19,2006 and at the request of Defendant issued subpoenas.

5. Art Bridges was Principal at Ballou in December, 2003. There is at least one other suit against this same Defendant on similar issues. See Wilson v. District of Columbia Public Schools (an amended complaint being filed per Judge Robertson's order) Civil No.06-CV00108 which, like the instant matter, involves alleged disability discrimination at Ballou Senior High School in the District of Columbia and in which the United States Equal Employment Opportunity Commission ("EEOC") investigation

revealed there was reasonable cause to believe the Charging Party had been denied reasonable accommodation. Exhibit 3. On information and belief, except as hereinafter noted, personnel files are being sought herein, including Deponent Art Bridges, were employed by Defendant either at or in connection with providing services at Ballou during the period of this finding. Plaintiff has no knowledge of whether the Ms.Ukaegbu was an employee of Defendant or employed by a contractor and assigned to Ballou.

6. On June 9, 2006, Counsel for Defendant admitted Defendant had fired Art Bridges but did not state the reason therefor. Mr. Bridges was Principal at Ballou including during the 2002-2003 school year when Plaintiff was denied accommodation and barred from Ballou. See, Complaint herein, particularly Paragraphs 16 and 17.

7.Plaintiff did not insist on provision of personnel files (other than Art Bridges) is in discussions with Defendant on June 7, 2006. Counsel suggested the other personnel files be brought to the deposition to be consulted/reviewed/used when/if needed.

Argument: The Personnel Files Are Relevant to Claims of Defendant And/Or May Lead to Discoverable Information

      Defendant, in responding to Plaintiff's interrogatories identified various individuals as having knowledge of the facts relevant to its defense. Exhibit l at Answers to Interrogatories 1, 2, 10, 11, 12, 13,and 17. Defendant claims these people, presumably telling the truth, will confirm its version of the facts here. Plaintiff duly gave notice of deposition (to which no objection was made).

      Plaintiff seeks to take their depositions so as to learn their version of the facts and

assess the individuals' credibility in advance of trial as well as to garner information that may reasonably lead to discovery of admissible information and important to attack Defendant's claims in its answer made in reliance of the persons identified, deponents.. These are well recognized basic reasons for discovery. F.R.C.P. Rules 26(b)(1),32(a) (1).

Defendant has by identifying individuals with knowledge and in essence asserting they will (as they must) testify truthfully to support Defendant's claims has put the character and competence, including technical competence, of the deponents in issue as integral to its defense. Plaintiff asserts that the personnel files of Defendant have information as to the character, veracity, technical competence, and training of deponents.

On information and belief, the personnel files sought contain all records of training all individuals have had while employed by Defendant, including with respect to the issues under the Americans with Disabilities Act or similar laws in suit herein, as well as the educational background and work experience individuals represented themselves as having when seeking employment and being hired by Defendant.

If Defendant's personnel on whom it relies here for information, the deponents, were untrained or incompetently trained or trained a long time ago in the applicable requirements and these are the people who purported interacted with Plaintiff to provide accommodations, this may be used to impugn Defendant's claims under Fed.R.Evid. 608, 607 as well as go to Plaintiff's claims for damages. See, EEOC Enforcement Guidance on the Civil Rights Act of 1991, EEOC July, 1992 ("EEOC GUIDANCE). Also, F.R.C.P. 32(a)(1).

In addition to the information on training and competency, the personnel files

also contain information as to discipline, including termination. Defendant has admitted it terminated Mr. Bridges.  The reason for this termination  may be used to impeach him and thereby to attack the claims of Defendant.Fed.R.Evid. 608  Plaintiff may even impeach him if Defendant does not call him as a witness. Id at Rule 607. Moreover, here Defendant has not stated whether Mr. Bridges has been convicted of a crime. This too may be the basis of attacking Defendant's position by attacking this witness's credibility. Id at Rule 609. It will also go to the Defendant's good faith. EEOC Guidance on Civil Rights Act of 1991, supra.

      The personnel files of the other deponents may also have similar offenses in them. In ordering they be produced for deposition, the Court is NOT ruling on the admissibility at trial of any document. The Court is merely affording the Plaintiff opportunity to discover a basis for assessing/attacking Defendant's claims by assessing the credibility of its witnesses. Fed.R.C.P.32(a)(1). Fed.R. Evid. 608,609,607.

      At least one of Defendant's witnesses, Art Bridges, has apparently had another experience with  denying reasonable accommodation to a person other than  with a disability (other than  Plaintiff)  at Ballou during the period in suit. In December, 2003,` the EEOC found a denial of discrimination at Ballou during Mr. Bridges' tenure.  This overlaps with the period in the Complaint. See. Complaint supra at Paragraphs 12-17.and Exhibit 2.   Moreover, here, Defendant's counsel admitted on June 9, that Mr. Bridges was  terminated by Defendant, supra at No. 5. The question is why is Defendant hiding Mr. Bridges' personnel file? If Defendant really  had cause to fire him, it should   now shield  that reason in discovery?   That reason could well go to Mr. Bridges' credibility which Defendant has put in issue by identifying him as a person with

knowledge here. It also could go to Defendant's good faith in not providing reasonable accommodation here. EEOC GUIDANCE, supra.

Defendant is, in essence, playing "I';ve Got A Secret" here, claiming it can have the best of both worlds, it could fire Mr. Bridges (and discipline other employees) yet tell the Court and Plaintiff the deponents are truthful and competent, trust me, we did not do anything wrong. Simply put, this defies both credibility, Exhibits 2 and 3, and fundamental concepts of fairness in the rules. F..R.C.P. Rules 26(b)(1) 32(a)(1).It shows Defendant's blatant bad faith here and in not providing Plaintiff accommodation.

The information in the personnel files of all deponents will similarly be used. (Plaintiff makes no claim for using the social security numbers of deponents or other health related information unrelated to this matter, such as their absence for a child's illness.) On the other hand, if the Personnel file revealed treatment for a mental illness or other serious condition (such as alcoholism or drug use) during the period in suit by a person Defendant identified as having knowledge here, that information should be disclosed. While that information does not per se impugn Defendant's claims such information is relevant to the issue of whether the individual in question is providing information and potentially testifying the memory of which is clouded by contemporaneous or current drugs or alcohol usage and/or treatment. F.R.C.P. Rule 32(a)(1).

In addition, with respect to Bridges, Defendant, without warning, has done a total about face in not providing his personnel file. The question with respect to that file is what is it Defendant is hiding?

Plaintiff submits that the Official Personnel files, particularly the personnel file

of Deponent Art Bridges, will have information concerning the character for truthfulness or untruthfulness, of the witnesses as well as their competence or lack of competence. This information in turn goes to the credibility of the allegations made by Defendant in its Answer herein which are based on the acts/statements of these individuals. F.R.C.P. Rules 26(b)(1), 32(a)(1) and which in turn could impact damages herein. EEOC GUIDANCE, supra.

Finally, Plaintiff is constrained to note that disclosure here is for purposes of discovery only, not a ruling on the admissibility of any document therein at trial. Aa Plaintiff here is not seeking a ruling on the admissibility of any particular item at trial, Plaintiff is acting in a way which is consistent with both the statutes cited by the Defendant and Plaintiff's need for a fair trial based on discovery herein.

## Conclusion

Plaintiff respectfully submits there is good cause for the personnel files to be the Provided at deposition. Plaintiff submits that she needs these files in order to conduct such discovery as would enable her to obtain a fair and equitable adjudication herein.

Respectfully submitted,

Charles D. Goldman(201509)
Attorney for Plaintiff
1155 –15th Street N.W.#1004
Washington, DC 20005
202/4667550/2024675085 fax

## Certificate of Service

I hereby certify that a copy of the foregoing was emailed and mailed, first class mail, postage prepaid to Michael Bruckheim, Esq., Assistant Attorney General, 441 – 4th Street N.W., 600 S., Washington, DC 20001, michael.bruckheim@dc.gov this 24th day of April, 2006.

Charles Goldman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURIELENE GORDON | : Civil No. 05-1907 |
| PLAINTIFF | : |
| v. | : Judge Emmett G. Sullivan |
| DISTRICT OF COLUMBIA | : Magistrate John M.Facciola |
| DEFENDANT | : |

ORDER

Upon consideration of the pleadings, arguments of the parties, and the Record herein, it is hereby ORDERED that Defendant's Motion to Quash Subpoena s hereby DENIED;

FURTHERED ORDERED Defendant is to produce the Official Personnel Files of each deponent at deposition.

Dated  _____

JUDGE EMMETT G. SULLIVAN