UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURIELENE GORDON, | ) | |
| | ) | CA No.: 05-1907 (EGS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant District of Columbia ("District of Columbia" or "Defendant") hereby submits the following objections and responses to Plaintiff's First Set of Interrogatories.

**GENERAL OBJECTIONS**

Defendant's General Objections, as set forth herein, are to be considered continuing Objections and/or assertions of privilege and Objections to each and every specific interrogatory and document request that follows, even if not referred to in the response to a specific interrogatory or document request. That some of these General Objections are not restated in response to particular interrogatories or document requests does not waive the assertion and application of the General Objections. Defendant's objections and responses given herein shall not prejudice any objection and/or assertion of privilege it may assert later in any context.

1. Defendant objects to the instructions and definitions propounded by plaintiffs in connection with their discovery requests to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the

Local Rules of the United States District Court for the District of Columbia. Defendant specifically objects to plaintiffs' definition of the term "District of Columbia" to the extent that plaintiffs seek information not reasonably available to the District of Columbia or documents that are not within the possession, custody, or control of the District of Columbia.

2. Defendant objects to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal Regulations, D.C. Office of Personnel rules and/or regulations, the work-product doctrine, and/or any other applicable privilege or similar protection. Defendant understands that Plaintiffs' Interrogatories are not intended to seek communications or documents that are protected by such privileges and/or doctrines and objects to Plaintiffs' discovery insofar as it could be read to seek such protected information.

3. Defendant objects to this discovery to the extent that it seeks disclosure of confidential material or information in the absence of a suitable protective order.

4. In responding to this discovery, Defendant does not waive, but retains and preserves any and all objections as to the materiality, admissibility, and/or relevance of the information provided.

5. In responding to this discovery, Defendant does not concede or admit any premise, proposition, or characterization contained in any discovery request or any pleading in this or any other matter.

6. Defendant objects to this discovery to the extent that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in seeking materials and/or information without limitation as to time period or over a period of

time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation.

7. Defendant objects to this discovery to the extent that it is otherwise vague, ambiguous, overbroad, or not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant's responses to these Interrogatories are accurate to the best of the Defendant's knowledge as of this date. The Defendant's investigation, however, is continuing, and the Defendant may obtain additional information relevant to the subject matter of this action through discovery and further review of documents. The Defendant reserves the right to rely on subsequently discovered information.

9. Defendant reserves the right to object to the use of its discovery responses in any proceedings other than the above-captioned case.

10. Defendant objects to this discovery on the grounds that it is unduly burdensome and cumulative to the extent that it seeks the production of materials received in discovery from any party herein, served upon or filed by any party or counsel to any party to these matters, or available from the Court in which these matters are pending.

11. Each and every response herein is made subject to the foregoing General Objections, regardless of whether a General Response or specific Response is stated in the response. The explicit reference to a General Response or the making of a specific Response in response to a particular discovery response is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

## ANSWERS

1. Identify each person with knowledge of any of the facts alleged in the Complaint herein.
**RESPONSE: Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or**

**deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.  *See* D.C. Official Code § 1-631.01 and §1-631.03.  Further answering, additional names may be provided after the entry of a protective order.  Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have discoverable information:**

**David Atkinson, Foreman/Maintenance supervisor**
**Dr. Richard Gross, Assistant Principal**
**Dr. Art Bridges, Principal**
**Patrice Wiseman, Business Manager**
**Ernest Hamlin, Engineer**
**Virginia Ukaegbu, Nurse**

2. Identify all persons who did any work, including maintenance and operation as defined herein, after June 1, 1999, on any classroom to which Plaintiff was assigned at Ballou after June 1, 1999.

**RESPONSE:  Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.  *See* D.C. Official Code § 1-631.01 and §1-631.03.  Further answering, additional names may be provided after the entry of a protective order.  Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have done work on any classroom assigned to plaintiff after June 1, 1999:  David Atkinson, Ernest Hawkins.**

3. State all the essential functions of all positions held by Plaintiff after August 1, 1999.

**RESPONSE:  Objection as this interrogatory is vague.  Notwithstanding the objection, Plaintiff was employed as an art teacher and was required to perform all duties commensurate with a teaching position in a specific field.**

4. For each copier Plaintiff was to use to carry out the essential functions of her position after August 1, 1999, state precisely where such copier was/is located within Ballou at the time Plaintiff was to use it.

**RESPONSE:  Plaintiff's room was on the first floor.  There were three copiers available to plaintiff on the first floor:  a copier in the first-floor library, a copier in the back room of the main office, and a copier in the teach work space.**

5. With respect to Teacher Bathrooms (as defined herein) state the measurements of all items within bathrooms (as defined herein) on the first floor of Ballou after August 1, 1999. (if a measurement has changed due to a modification/alteration or other maintenance and operation, indicate both the before and after measurement, giving the date of change.)

**RESPONSE: There were handicapped stalls in the teachers' bathrooms and in the nurse's office, both of which were located in the first floor.**

6. Identify the location of all teacher bathrooms (as defined herein) on the first floor of Ballou after August 1, 1999.

**RESPONSE: First-floor teacher bathrooms were located in the following areas: the nurse's office, the teacher's work space, the main hallway and in "A" Wing of the school.**

7. Describe each action taken by Defendant after August 1, 1999, related to any key related to Plaintiffs employment at Ballou (as defined herein) after August 1, 1999.

**RESPONSE: Objection as this interrogatory is vague. Defendant is unsure what is meant by "action." Notwithstanding the objection and without waiver thereto, Defendant answers that plaintiff received all necessary keys at the beginning of the school year, as did every other teacher employed at Ballou. Plaintiff was provided keys that allowed her access to any female restroom of her choice.**

8. For each emergency evacuation of Ballou after August 1, 1999, state the reason therefor.

**RESPONSE: Objection to the extent this interrogatory is overly broad, vague, ambiguous, and as to relevance. Notwithstanding the objection and without waiver thereto, Defendant responds that to its knowledge, and outside of standard practice fire drills, there was an emergency evacuation in the 2002-03 school year for an emergency spill and an evacuation in the 2004-05 school year for a shooting.**

9. Describe each and every action taken by Defendant regarding the heating/cooling system in Plaintiff's classroom (as defined herein) after June 1, 1999.

**RESPONSE: Objection to the extent this interrogatory is overly broad, vague, ambiguous, and as to relevance. Notwithstanding the objection and without waiver thereto, Defendant states that air conditioning units were requested in the 2002-03 school year, but were not delivered to plaintiff's classroom. Defendant submits that the heat in the room worked, but that the heating vents were always blocked due to the accumulation of books and papers. Plaintiff's classroom did have fans, and motors were replaced for those fans in order to increase the power for each fan.**

10. *Identify* all persons who at any time during the period August 31,1999-January 5,2006, served as Plaintiff's supervisor at any level, including Principals, Assistant Principals, and Department Heads

**RESPONSE: Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute. *See* D.C. Official Code § 1-631.01 and §1-**

**631.03. Further answering, additional names may be provided after the entry of a protective order. Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have served as plaintiff's supervisor(s):**

**Principal Dr. Art Bridges: Left at end of 2002-03 school year**

**Principal Vera White: 2003-04 school year**

**Principal Dr. Hudson: 2004-5 school year**

**Principal Karen Smith: 2005-06 school year**

**Assistant Principal Dr. Richard Gross**

11. Identify each person who took any action during the period June 1,1999-January 5,2006 to provide Plaintiff with reasonable accommodation in her employment.

**RESPONSE: Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.** *See* **D.C. Official Code § 1-631.01 and §1-631.03. Further answering, additional names may be provided after the entry of a protective order. Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have taken action:**

**See Responses to Interrogatory #1.**

12. For each person identified in response to the previous interrogatory,.describe specifically each action taken by each person during the period June 1, 1999, through January 5,2006 to provide Plaintiff reasonable accommodation to Plaintiff in her employment.

**RESPONSE: Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.** *See* **D.C. Official Code § 1-631.01 and §1-631.03. Further answering, additional names may be provided after the entry of a protective order. Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have taken action:**

**David Atkinson:  Gave keys to plaintiff, placed fans in room and submitted work orders.  Aware that facilities management reglazed windows in responses to work orders.  Also provided shades.**

**Ernest Hamlin:  Repaired heaters**

**Patricia Wiseman:  Requested A/C units.**

13. Identify all persons who received any document(s) (other than the Complaint herein) at any time after August 1, 1999 related to Plaintiff's employment at Ballou (as defined herein) from any person or entity.( This includes but is not limited to document(s) received from Plaintiff, the Federal Government, Defendant (including internal communications within DCPS) or a Third party.)

**RESPONSE:  Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.  *See* D.C. Official Code § 1-631.01 and §1-631.03.  Further answering, additional names may be provided after the entry of a protective order.  Further objection to the extent this interrogatory is overly broad, vague, ambiguous, and as to relevance. Defendant is unclear as to what plaintiff means by "receive" documents.  Notwithstanding the objections and without waiver thereto, upon information and belief, Defendant answers that plaintiff's personnel file should contain all relevant documents regarding her employment.**

14. For each person identified in response to the previous interrogatory, state each action such person took after August 1, 1999, with respect to each document(s) it received related to Plaintiff's employment at Ballou (as defined herein)

**RESPONSE:  See response to Interrogatory #13.**

15. Identify all persons who after August 1, 1999, received documents from any person related to Plaintiff's classroom.

**RESPONSE:  See response to Interrogatory #13.**

16. For each person identified in response to the previous interrogatory, state each action such person took after August 1, 1999, with respect to each document(s) it received related to Plaintiff's classroom.

**RESPONSE:  See response to Interrogatory #13.**

17. With respect to the persons identified by the Defendant as a witness herein state which specific facts that person is expected to attest to at the trial of the matter herein.

**RESPONSE: Objection. Interrogatory is overly broad, burdensome, hearsay, premature, speculative, and seeks information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.** *See* **D.C. Official Code § 1-631.01 and §1-631.03. Further objection to the extent this request is equally available and/or within the knowledge of plaintiff. Defendant reserves the right to supplement this response through the filing of pretrial witness lists, and maintains that the inclusion of these individuals does not guarantee that the District will call any such witnesses at trial. Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may be called as a witness:**

**David Atkinson: Could testify as to the provision of keys to plaintiff and repairs to her classroom.**
**Ernest Hamlin: Could testify as to repairs to classroom.**
**Virginia Ukaegbu: Could testify as to plaintiff's use of bathroom in nurse's office.**
**Art Bridges and Richard Gross: Could testify as to steps taken to respond to plaintiff's requests and as to plaintiff's AWOL status for the 2002-03 school year.**

18. With respect to persons identified by the Defendant as a witness herein who the Defendant expects will be offering an expert opinion at the trial of the matter herein, state the expert opinion each such person is expected to offer.

**RESPONSE: Objection as premature. Defendant has yet made a determination as to whether to use an expert in this case. If a decision is made to name an expert, a 26(a)(2) statement will be served upon plaintiff's counsel in compliance with the rules of this Court.**

19. Describe all actions taken by Defendant after August 1, 1999 to provide Plaintiff any key related to her employment at Ballou (as defined herein).

**RESPONSE: Objection as this interrogatory is vague. Defendant is unsure what is meant by "action." Notwithstanding the objection and without waiver thereto, Defendant answers that plaintiff received all necessary keys at the beginning of the school year, as did every other teacher employed at Ballou. Plaintiff was provided keys that allowed her access to any female restroom of her choice.**

20. Describe all emergency evacuation plans at Ballou applicable after August 1, 1999.

**RESPONSE: Objection to the extent this interrogatory is overly broad, vague, ambiguous, and as to relevance. Notwithstanding the objection and without waiver thereto, Defendant states that a copy of the emergency evacuation plan is enclosed herein.**

I have read the foregoing answers to interrogatories, and they are true to the best of my

knowledge, information and belief.

                                                                                       _____
                                                                                       Valarie Jones
                                                                                       EEO Counselor

SWORN AND SUBSCRIBED before a Notary Public, this \_\_\_\_\_ day of March, 2006.

                                                                                       _____
                                                                                       Notary Public, D.C.

                                                                                       My Commission Expires: _____


As to objections:                                   Respectfully submitted,

                                                                                      ROBERT J. SPAGNOLETTI
                                                                                      Attorney General for the District of Columbia

                                                                                      GEORGE C. VALENTINE
                                                                                      Deputy Attorney General
                                                                                      General Litigation Division

                                                                                      PATRICIA JONES [428132]
                                                                                      Chief, General Litigation, Section IV


                                                                                      _____
                                                                                      MICHAEL P. BRUCKHEIM [455192]
                                                                                     Assistant Attorney General
                                                                                     441 Fourth Street, N.W.
                                                                                     Sixth Floor South
                                                                                     Washington, D.C. 20001
                                                                                     (202) 724-6649; (202) 727-6295
                                                                                     Email: Michael.bruckheim@dc.gov