May 3, 2006

Michael Bruckheim, Esq.
Assistant Attorney General
441- 4th Street, N.W.
Suite 600 South
Washington, DC 20001

Re: Gordon v. DC

Dear Mr. Bruckheim:

I have taken a look at the revised and original discovery responses you have forwarded. I am writing to seek clarification and otherwise seek to resolve potential discovery disputes.

Preliminarily, a couple of general questions/concerns/suggestions regarding the responses to interrogatories.

1. You noted in responding to various discovery items, e.g. Interrogatories 1,2,10,11,12,13, that material may be personnel files and that added names/information may be provided upon the entry of a protective order. Please provide me the type of protective order you believe appropriate here so we can cut through this (This concept also has application with regard to Defendant's response to Request for Admission No. 10.). We do not per se oppose a protective order and seek to work with you to afford the individuals the privacy to which they are legally entitled while at the same time not denying Ms. Gordon a fair, equitable and timely resolution here.

2. In other places, including but not limited to in responding to Interrogatory 13 (which response is referenced in responses to other interrogatories) you make reference to material in Plaintiff's personnel file. In responding to Defendant's discovery, Plaintiff signed authorization for Defendant to access that file provided that she received a copy of the file. No copy has been received. Has Defendant access the file yet and if not, when do you expect Defendant will and thus start the time clock for providing her a copy? If you have already accessed the personnel (as well as any other) file to which authorization was provided, please provide a copy of the file consistent with the authorization Defendant received.

Let me next review some particular discovery responses and seek needed appropriate clarification/added information/documents.

Regarding the response to Interrogatory 4, you state there was a copier in the teach work space. Please state precisely where on the first floor this area was. The teach work area is not shown in the materials at Exhibit 2 since that exhibit is patently incomplete.

In a related vein, Exhibit 2, referenced in response to the Requests for Production, including but not limited to, Request No.6, is incomplete as it does not show the first floor at all. Please provide a complete Exhibit 2.

The response to Interrogatory 5 is non-responsive. The interrogatory seeks measurements of all items in the teacher bathrooms. No measurements are provided. Merely reciting that there were handicapped stalls in the teacher's bathroom and nurse's office is not providing measurement. The measurements are relevant here since they show whether the stalls were truly accessible as required by law.

Regarding the response to Interrogatory 7, please clarify if Defendant contends that by providing Plaintiff with keys at the beginning of the school year, that was all that was required in that regard of Defendant in terms of providing keys to Plaintiff throughout the school years she was employed at Ballou.

Also in response to Interrogatory 7, please clarify if Defendant contends that the keys provided Plaintiff allowed her the use of any rest room available for use by a female employee in Ballou, wherever located, including in the health suite, in a different wing or even on a different floor.

Regarding the response to Interrogatory 9, Defendant provides a conclusion that the heat in the room work but fails, as requested, to state what action(s) was taken and when they were taken regarding the heat in Plaintiff's room.  Please amplify this incomplete response. Also in that same response(to Interrogatory 9, please state the motors for the fans were replaced. .Plaintiff's disabling condition arthritis, which makes her mobility impaired is adversely affected by extreme temperatures.

The response to Interrogatory 12 is incomplete insofar as inconsistent with the responses to Interrogatories 1 and 11, the response to Interrogatory 12 fails to describe specifically each action taken  during the period  June 1, 1999 to January 5, 2006 by Art Bridges, Richard Gross, and Virginia Ukaegbu to provide reasonable accommodation to Plaintiff who have knowledge here. Please supplement your response to answer regarding these persons.

The responses to Interrogatories 14, 15, and 16 are all non-responsive. Please answer fully these interrogatories.  Interrogatories 14, and 16 seek a description of actions taken regarding Plaintiff' employment (Interrogatory 14—the very subject of this case) and her classroom (Interrogatory 16-the classroom is a major focal point of Plaintiff's employment) both highly relevant here.  Interrogatory 15 seeks information about who got information about the classroom, which is relevant to the issue of providing her reasonable accommodation. Please answer all three interrogatories.

Regarding the response to Request for Production 5, in responding to interrogatories (as requested by Defendant) particularly Interrogatories 1,12,Defendant identified persons it claims who have knowledge of the facts of the complaint (which allege a denial of reasonable accommodation) and who acted to provide Plaintiff reasonable accommodation, please provide the position descriptions for these people (as well as any other person(s) who acted to provide reasonable accommodation to Plaintiff in the period June 1, 1999 –January 5, 2006.

Regarding the response to Request No. 18 regarding policies, this embraces policies such as nondiscrimination, reasonable accommodation, emergency evacuation, as well as others Defendant contends apply here to Plaintiff's work for Defendant. This is information now (and at the time of the request) exclusively in the custody and control of the Defendant. If Defendant did not have any of the particular policies enumerated for illustrative purposes herein, please so advise. If Defendant had policies which are within the parameters of this request which policies changed during the period in question, please show the applicable dates for the different iterations of the particular policy.

Related to Request 18, Request 20 seeks an enumeration of training on the policies by each person identified by Defendant in responding to discovery. This information is clearly not accessible to Plaintiff as it would likely be kept in the records of the District of Columbia Public Schools training files as well as the file of the particular individual trained which files are clearly not accessible to Plaintiff.

Similarly, regarding the response to Request No. 27, all such records are within Defendant, particularly the District of Columbia Public School. However, in response to Request for Admission No. 29, Defendant admits it received federal financial assistance during each of the fiscal years within the calendar period noted. Rather than having Defendant produce all such grants, Plaintiff, in the spirit of resolution seeks all the statement of work/tasks of grants etc. within Request No. 27.--

As a general observation regarding the responses to Request for Admission, Plaintiff's instructions requested that when Defendant denied a statement it state the basis of the denial and produce documents on which denial is based. See, Plaintiff's discovery at p.10.

 Accordingly, please review your responses to the Requests for Admission, including but not limited to responses to Requests Nos. 3,6, 7,8,9,10,13,14,15,16,17, 20,21,22, 23,25,26.27, and 28 and supplement the responses to these requests so as to be responsive in accordance with Plaintiff's Instructions.

Your prompt attention to these items is necessary and would be appreciated.

Respectfully submitted,


CHARLES GOLDMAN, ESQ.