U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Washington Field Office**

**1400** L Street, N.W., Suite
Washington, D.C. 20
(202) 275-7
TTY (202) 275-7
FAX (202) 275-6834 & 0

Charge Number: I 00 AO 03 50

Ms. Azeal Wilson
6405 Mellow Wine Way
Columbia, MD 21044                                    Charging Party

V.

D.C. Public Schools
825 North Capitol Street, N.E.
9th Floor
Washington, DC 20002                                 Respondent

DETERMINATION

On behalf of the Commission, I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990. All requirements for coverage have been met.

Charging Party alleges that she has been discriminated against because of her disabilities and denied reasonable accommodation in retaliation for protesting discrimination.

Respondent denies Charging Party's allegations.

The investigation revealed that the Respondent has failed to take timely and appropriate actions to reasonably accommodate the Charging Party, a qualified individual with disabilities. The evidence shows that only after. the Charging Party filed an EEOC complaint, the Respondent did transfer the Charging Party from Frank W. Ballou Senior High School to Eastern Senior-High School as an accommodation to an office without carpet. The Charging Party remains employed with the Respondent, however, the Charging Party's situation has not improved and the Respondent continues to retaliate against the Charging Party through continuous harassment in the forms of scrutinizing requested leave, denial of room assignment, negative performance evaluations, failing to discuss accommodations in good faith, subjecting the Charging Party to a fitness for duty examination, excessing the Charging Party from her position as counselor and the carpet has not been removed from the Charging Party's office to this present date.

The investigation revealed there is reasonable cause to believe that Respondent has denied the Charging Party reasonable accommodation and subjected the Charging Party to harassment in retaliation for protesting discrimination, in violation of the Americans with Disabilities Act of 1990.

LETTER OF DETERMINATION
Page 2


If the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawfull employment practices by informal methods of conference, conciliation, and persuasion.  Having determined that there is reason to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.  A representative of this office will be in contact with each party in the near future to begin the conciliation process.  Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Section 1601.26 of the Commission's Procedural Regulations.  When the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason, is unable to secure a settlement acceptable to the office Director, the Director shall so inforni the parties in writing and advise them of the court enforcement alternative available to the charging party, aggrieved persons, and the Commission.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law.  Discrimination against persons who have cooperated in Commission investigations is also prohibited.  These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:


DEC 17 2003


Date                                                                                  Javier Chacon
                                                                                      Acting Director