UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURIELENE GORDON          : Civil No. 05-1907-EGS
PLAINTIFF                 : Judge Emmett G.Sullivan
v.                        :  Magistrate John  M.Facciola
District of Columbia      :
Defendant                 :
_____:

### PLAINTIFF"S MOTION TO EXTEND DISCOVERY

#### Introduction

    Comes Plaintiff through her undersigned attorney and respectfully requests that discovery in the above captioned matter be extended for a period not to exceed sixty days as discovery is incomplete at this time. Plaintiff seeks to complete an adjourned deposition of Plaintiff's former supervisor and obtain relevant outstanding documents. At the  former supervisor's deposition there were references to documents related to making the school where Plaintiff was employed accessible. Also  subsequent to  the supervisor's deposition that was  adjourned, other current and former employees of Defendant made reference to various  documents which relate to  conditions in Ballou Senior High School, including in  Plaintiff's classroom, which conditions are directly related to requests she made for reasonable accommodation in employment. Defendant has promised to but has not produced the various documents referenced in the deposition of the former supervisor and other employees.  Plaintiff seeks this discovery extension to obtain the documents  previously promised and complete the deposition of her former supervisor, including using the requested but as yet unproduced documents.  A proposed Order is also attached.

Statement of Facts

1.  Plaintiff filing her original complaint herein in September, 2005.

2.  Defendant  answered denying liability.

3.  Pursuant to the Scheduling Order of the Court discovery has been undertaken but not completed. More specifically the deposition of Dr. Art Bridges, Plaintiff's former Supervisor  and former Principal at Ballou Senior High School ("Ballou") was adjourned. It was not completed. Exhibit 1, p.262.

4.  Counsel for Plaintiff requested that former Principal Bridges' deposition be continued in order to examine Dr. Bridges regarding matters related to making Ballou accessible as referenced in documents to which deponent Bridges made reference. Defendant has not definitively answered in the negative and not made Dr. Bridges available.

5.  Defendant did not produce Dr. Bridges' personnel file at his deposition, having filed a Motion to Quash, which Motion Plaintiff opposed. There has been no ruling on the Motion.

6.  During subsequent depositions of other officials at Ballou, including Mssrs. Atkinson and Hamlin, there was reference to Defendant documenting the temperature in Plaintiff's classroom. The documents are in a folder at Ballou. See materials at Exhibits 2 and 3.

7.  Plaintiff requested reasonable accommodation at Ballou based on the temperature in her room. Exhibit  4.

8.  Plaintiff has requested these materials related to temperature in Plaintiff's classroom but has not received them and not been given any timeframe in which

they will be received.

9.    Donna Ellis, formerly of DCPS was  deposed  on July 11, 2006(transcript

not available yet) and stated that Defedant's policy guidance/standard for

the acceptable range of temperature in rooms, including classrooms, of public

schools was in a  file at Ballou. Plaintiff requested this document. Defendant has

not produced it and not stated when it will be produced.

10. Under the Scheduling Order herein discovery is otherwise set to close on

July 19, 2006. No trial date has been set for this matter. Nor is there a date for

dispositive motions.

11. Plaintiff requested Defendant's consent to this motion but no response has

been received. Rule 26(f), F.R.Civ.P.

Argument:  Good Cause Exists for the Extension:The Deposition is Incomplete
And Documents Have Not Been Produced

Through April, 2004, Dr. Art Bridges was Principal of Ballou while Plaintiff was

employed as a teacher there. He was her supervisor and interacted with her on

events related to making accommodations for her  See Complaint herein at

paragraphs 12-17. Also, Exhibit 4.

During the deposition of Dr. Bridges, there were numerous references to various

items  relating to making reasonable accommodation for Plaintiff while she was

employed at Ballou.  For example, Dr. Bridges made reference to rekeying of  the

doors at Ballou and making the school bathrooms more accessible. Exhibit 1

pp.105-106. The rekeying purportedly was before the bathrooms were made

accessible. In contrast to the position espoused by her former supervisor who was

vague on dates,  Plaintiff contends here, inter alia, the bathrooms were NOT

accessible while she was employed by Defendant at Ballou during the period in s

suit.

Moreover, in  depositions subsequent to that of Dr. Bridges, including

Mssrs. Atkinson and Hamlin, facilities and maintenance staff at the school, there

were references to staff at Ballou taking temperature in Plaintiff's room at Ballou.

Exhibits 2 (June 19, 2006) and 3 (June 26, 2006). Documents related to the

temperature in Plaintiff's classroom were requested, promised but have not

produced. Exhibit 2 at 20-21, Exhibit 3 at 153-154.

More recently, Donna Ellis, who was deposed in connection with work she did to

make Ballou more accessible, testified that there was a document issued by the

District of Columbia Public Schools which gives guidance/provides the  standard

for  what is the acceptable range of temperature is in classrooms at District of

Columbia Public Schools. She also testified this document is at Ballou. Plaintiff

requested this document, has not received it and not been told when she will

receive it. The transcript of Ms. Ellis' deposition is not available.

Plaintiff seeks to obtain the promised documents discussed hereinabove and

complete the adjourned deposition of  Dr. Bridges.  She seeks to discover from

him  further information about making accommodations based on the facts  of the

temperature in her classroom and  the DCPS standard/guidance related to

classroom temperature. This information was disclosed after Dr. Bridges'

deposition and relates to Plaintiff's requests for accommodation in employment,

which requests for accommodation included requests because of the temperature
in her room. Exhibit 4. She also seeks clarification from this witness, Dr. Bridges
as to when he contends the  bathrooms  were in fact accessible. Exhibit 1 cf 105-
106.

Plaintiff also  seeks to examine Dr. Bridges about the materials in his Official
Personnel File, including the circumstances of Dr. Bridges' leaving the employ of
District of Columbia Public Schools. It affects his credibility which is squarely in
issue here since he was the Principal involved at the time of the events in the
complaint herein, including but not limited to paragraph 16 therein. F.R.Evid. 608
and 609.

Plaintiff's examination of deponent Bridges including breaks did not exceed five
hours. It is not anticipated that the added time of his deposition on all subjects will
bring the total  time Dr. Bridges is actually deposed to more than seven hours.  Cf.
F.R.Civil P.26(d).

In summary, Plaintiff submits there is good cause to extend discovery for 60 days.
 She will be unduly prejudiced if she is not allowed to continue the deposition of
Dr. Bridges and Defendant does not produce the documents so that she can
examine him about them. There is no prejudice to Defendant as there is no trial
date and no date  for the filing of dispositive  motions in this case.

        Plaintiff submits that it sixty added days are necessary as the Defendant
has not yet produced the documents Plaintiff requested several weeks ago. In
addition Plaintiff is aware that counsel for Defendant will be away during part of
the period.

Conclusion

Plaintiff seeks to extend discovery so that Defendant will voluntarily provide documents as previously promised and so that she can complete the deposition of Dr. Bridges on issues vital to her claims. This is good cause to extend discovery for a period not to exceed sixty days.

Respectfully submitted,


Charles D. Goldman(201509)
Attorney for Plaintiff
1155 –15th Street N.W.#1004
Washington, DC 20005
202/4667550/2024675085 fax



Certificate of Service
I hereby certify that a copy of the foregoing was emailed to Michael Bruckheim, Esq., Assistant Attorney General at michael.bruckheim@dc.gov this 18th day of July, 2006.

Charles Goldman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURIELENE GORDON                    : Civil No. 05-1907
PLAINTIFF                           :
v.                                  : Judge Emmett G. Sullivan
DISTRICT OF COLUMBIA                : Magistrate John M.Facciola
DEFENDANT                           :

ORDER

    Upon consideration of the pleadings, arguments of the parties, and the

Record herein, it is  hereby ORDERED that Plaintiff's Motion to  Extend Discovery

is Granted and that discovery shall close in this matter  sixty days from the date of this

Order.

Dated                                _____
                                     JUDGE EMMETT G. SULLIVAN