## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1907 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

### **DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to FRCP 56(b), hereby moves this Court to grant it summary judgment on all claims. As grounds therefor, the District states that plaintiff is not disabled according to the standards set forth in the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*

A Memorandum of Points and Authorities, along with a Statement of Undisputed Material Facts and a proposed Order, are attached hereto.

                                            Respectfully submitted,

                                            ROBERT J. SPAGNOLETTI
                                            Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            ____\s_____
                                            PATRICIA A. JONES [428132]
                                            Chief, General Litigation Sec. IV

_____\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1907 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

In support of its motion for summary judgment, defendant District of Columbia (the "District"), states as follows.

**I.   PRELIMINARY STATEMENT**

On or about September 28, 2005, plaintiff filed suit against the District for its alleged violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, because it failed to accommodate her alleged disability. Plaintiff claims that she has degenerative arthritis. See Plaintiff's Complaint, ¶ 8. See also, Exhibit #1, Gordon deposition, at 105:22-106:1-5. Plaintiff avers that she currently walks with a walker and walked with a cane prior to using the walker. *Id.* Plaintiff states that she began working as an art teacher at Ballou High School in 1990. See Plaintiff's Complaint, ¶ 11. Plaintiff alleges that while at Ballou, she did not have access to an accessible bathroom, that she did not have keys to locked emergency doors, that the heating and cooling system was non-functional, that shelves were too high, and that she did not have access to a copier. See Plaintiff's Complaint, ¶ 12. Plaintiff also claims that mandatory meetings were held on the second floor. See Plaintiff's Complaint, ¶ 14. Plaintiff seeks

declaratory and compensatory damages as the result of the District's alleged failure to accommodate her disability. See Plaintiff's Complaint, Prayer for Relief.

Plaintiff was deposed in connection with this litigation on or about June 29, 2006, and again on July 17, 2006. Plaintiff testified that she climbs steps to enter her house. See Exhibit #1, Gordon dep., at 11:17-21. Once inside her house, she climbs even more steps to reach her bedroom on the second floor. See Exhibit #1, Gordon Dep., at 11:2-8. Plaintiff also testified that she has to go down steps to the reach the basement laundry room. See Exhibit #1, Gordon dep., at.13:3-6; 16:12-16. Plaintiff testified that she was fully capable of bathing and taking care of her personal hygiene. See Exhibit #1, Gordon dep., at 303:20-304:1.

Prior to 2004, plaintiff used public transportation to get to work everyday. She had to walk from her home to the bus stop and then from the bus stop to work. See Exhibit #1, Gordon dep., at 299:21-301:9; 329: 8-18 . She did not start using Metro Access until January of 2004. See Exhibit #1, Gordon dep., at 301:19-302:17.

With respect to her ability to work, plaintiff testified that she maintained her full-time status at Ballou until she retired in January 2006. See Exhibit #1, Gordon dep., at 32:15-33; Exhibit #2, Gordon Retirement Forms. Plaintiff described herself as an "excellent teacher," and testified that she did not have to walk or stand in order to teach her class. See Gordon dep., at 88:13-17; 90:13-22; 91:1-2; 92:1-22. Plaintiff stated that she was capable of performing her job at a high level despite her arthritis and her use of a cane. See Gordon dep., at 106:6-10. Plaintiff further testified that she was always able to leave her classroom in an emergency situation. Gordon dep., at 158:7-12.

As set forth below, the District is entitled to summary judgment because plaintiff has failed to prove that she suffers from a disability within the meaning of the ADA, and/or that the District failed to accommodate her alleged disability.

## II.     STANDARD OF REVIEW

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993).  Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case.  At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993).  Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id*.

## III.    THE PLAINTIFF IS NOT DISABLED UNDER THE AMERICAN WITH DISABILITIES ACT.

To succeed on a claim under the American With Disabilities Act "ADA," plaintiff first must prove that she was disabled within the meaning of the ADA.  The Supreme Court has held that, to establish a disability under the ADA, a plaintiff must show that she has an impairment that substantially limits a major life activity. *Toyota Motor Manufacturing v. Williams*, 534 U.S. 184, 195 (2002).  According to the Court:

> "substantially limited" means "unable to perform a major life activity that the average person in the general population can perform"; or "significantly restricted as to the condition, manner or duration under which an individual can perform a

>major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same life activity."

*Id.* at 195-96 (quoting EEOC Regulations, 29 C.F.R. s 1630.2(j) (2001)).  The Court further noted that "these terms need to be interpreted strictly to create a demanding standard for qualifying as disabled."  *Id.* at 196 (citing 42 U.S.C. § 12101(a)(1)).

It is not sufficient for a plaintiff to provide evidence that his or her disability is capable of causing such limitations.  Instead, "a plaintiff must prove a substantial limit with specific evidence that *his particular* impairment substantially limits *his particular* major life activity."  *Waldrip v. General Electric Co.*, 325 F.3d 652, 656 (5th Cir. 2003) (emphasis in original).  The Fifth Circuit Court of Appeals explained:

>The ADA requires those 'claiming the Act's protection to prove a disability by offering evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial.'" Toyota, 534 U.S. at 198 (quoting Albertson's, 527 U.S. at 567) (alterations omitted). A plaintiff cannot survive summary judgment by showing that an impairment like his own could substantially limit a major life activity of another person or in his own future. Rather, he must show that his impairment has actually and substantially limited the major life activity on which he relies.

*Id.*

When determining whether a plaintiff has shown a "substantial" limitation of a major life activity—such as walking, standing, bending, or lifting—"the central inquiry must be whether the claimant is unable to perform the variety of tasks central to most people's daily lives."  *Toyota Motor*, 534 U.S. at 200-01.  According to the Supreme Court, courts making such a determination should focus on whether a plaintiff can perform household chores and personal hygiene, because these are "the types of manual tasks of central importance to people's daily lives."  *Id.* at 201.

In *Black v. Roadway Express, Inc.*, 297 F.2d 445, 451 (6th Cir. 2002), the plaintiff alleged that, due to several knee surgeries, he was substantially limited in the major life activities of "walking, kneeling, stooping, jogging, lifting, sitting in confined, restricted positions, running, [and] climbing." In support of this allegation, the plaintiff attested that he could not kneel or stoop, could not sit for any extended period of time where movement was restricted, was able to walk—with a constant limp—only short distances, could not stand for long periods, could not exercise a full range of motion with his leg, and could not run or jog at all. *Id.* at 450-51. The Sixth Circuit Court of Appeals affirmed summary judgment for the defendants, holding that the plaintiff's "alleged inability to perform certain tasks or functions on a repeated or prolonged basis is not enough, as a matter of law, for him to meet the threshold requirement of proving that he is 'disabled.'" *Id.* at 450. The Sixth Circuit explained that "[m]oderate difficulty or pain experienced while walking does not rise to the level of a disability." *Id* at 451. The Court primarily based its decision on the fact that the plaintiff could perform many tasks central to daily life. In his deposition, the plaintiff testified that, on an average day, he could clean his house, do the chores around the house, and "get a little exercise." *Id.* The Court concluded that "no reasonable jury could find the plaintiff disabled in any major life activity other than working." *Id.*

Similarly, in *Marinelli v. City of Erie*, 216 F.2d 354, 362 (3rd Cir. 2000), the plaintiff alleged that his back injury substantially limited his ability to engage in a major life activity, because he was "unable to perform household chores, such as cleaning his floors," and he was "unable to lift objects on greater than a sedentary scale." The Third Circuit held that these allegations, even if true, could not satisfy the rigid standards for an ADA disability, writing:

> "courts have generally held that "cleaning," or, more generally, "doing housework," does not qualify as a major life activity. Although the EEOC

>regulations list "caring for oneself" as a major life activity, courts interpreting this regulation have held that such relates only to basic activities such as washing dishes and picking up trash. … In other words, "cleaning" is only considered a major life activity to the extent that such an activity is necessary for one to live in a healthy or sanitary environment. On the other hand, merely "performing housework other than basic chores" does not qualify as a major life activity."

*Id.* (internal citations omitted); *see also Toyota Motor*, 534 U.S. at 200-01 (holding that plaintiff had not established an ADA-protected disability as a matter of law because she "could still brush her teeth, wash her face, bathe, tend to her flower garden, fix breakfast, do laundry, and pick up around the house"); *Weber v. Strippit, Inc.*, 186 F.3d 907, 914 (8th Cir. 1999) (holding that plaintiff could not establish an ADA-protected disability based on his inability to shovel snow, garden, and mow his lawn); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025 (5th Cir. 1999) (holding that plaintiff could not establish ADA-protected "walking" disability based on her claim that she "walks with a limp and moves at a significantly slower pace than the average person," and that extreme cold exacerbates these conditions).

Courts also have refused to expand the scope of the ADA to include situations in which daily activities can be performed only with severe discomfort or pain. In *Weigert v. Georgetown University*, 120 F. Supp. 2d, 1, 10-11 (D.D.C. 2000), this Court held that a plaintiff's discomfort with the glare from fluorescent lights, sunlight, and other bright lights did not constitute a substantial limitation of a major life activity. The Court adopted reasoning set forth in *Lajaunie v. Hibernia Corp.*, 2000 U.S. Dist. LEXIS 1209 (E.D. La. Feb. 8, 2000), explaining that the *Lajuanie* plaintiff:

>was not materially hampered in the performance of life activities under circumstances similar to the plaintiff's. In *Lajaunie*, the plaintiff was diagnosed with corneal disease, which gave her problems with glare. The court determined that she was neither substantially limited nor materially hampered, although it was clear that because of the glare "she [could] no longer work in the garden, ride a bicycle and do crossword puzzles." 2000 U.S. Dist. LEXIS 1209, *18. The court relied on the plaintiff's doctor's report, which stated that the plaintiff's condition

>did not cause "ocular damage," notwithstanding the fact that her condition "could
>be extremely uncomfortable and quite distracting." *Id.* In dismissing her claims,
>the court held that to find that the plaintiff was "substantially limited" would
>dilute the meaning of "substantially limited" to simply "limited." *See id.*

*Weigert*, 120 F. Supp. 2d, at 11.

In the instant case, plaintiff's claim fails because she cannot demonstrate that she has a substantial limitation of a major life activity. Specifically with respect to the major life activity of working, plaintiff clearly cannot show that she is in any way limited. To be substantially limited in the major life activity of working, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 492 (1999). Plaintiff's own testimony demonstrates that she is not limited in the major life activity of working. Plaintiff testified that she was a full time employee, and she continued to maintain her full-time status until her recent retirement in January 2006. Gordon dep., at 32:15-33; Exhibit #2, Gordon Retirement Forms. Plaintiff testified that she is an "excellent teacher" always capable of achieving the highest possible performance rating. Gordon dep., at 101:10-16. Furthermore, plaintiff testified that she does not need to walk or stand in order to teach her class. Gordon dep., at 88:13-17; 90:6-22; 92:1-12. Plaintiff also testified that she was always able to leave her classroom in an emergency situation. Gordon dep., at 158:7-12. Moreover, plaintiff testified that her arthritis and use of a cane never prevented her from performing her job at a high level. Gordon dep., at 106:6-10.

Plaintiff's own testimony demonstrates that her limitations do not affect a major life activity, nor do her limitations prohibit her from both completing her job and from performing her job at an "acceptable" level. *See Croy v. Cobe Laboratories, Inc.,* 345 F.3d 1199, 1204 (10th Cir. 2003) (holding that a plaintiff who shows an ability to work and who acknowledges

performing at a satisfactory level of performance ultimately fails to show that her alleged impairment substantially limits a major life activity).

Plaintiff's testimony demonstrates that her movement is not substantially limited or restricted. Plaintiff's impairment does not prevent her from conducting those activities that have been deemed "of central importance to people's daily lives." *Toyota Motor*, 534 U.S. at 201. Plaintiff testified that she is fully capable of bathing and taking care of her personal hygiene. See Exhibit #1, Gordon dep., at 10:2-9; 303:20-304:1. The fact that plaintiff needs to walk up steps to enter her home, and needs to use even more stairs to reach her bedroom on the second level, evidences that she is not disabled. Gordon dep., at 11:2-21; 12:1-4. In addition, plaintiff walks down stairs to use the laundry room in the basement. Gordon dep., at 13:3-6; 16:12-16.

Moreover, prior to 2004, plaintiff was using regular city buses to get to work everyday. Prior to 2004, plaintiff used public transportation to get to work everyday. She had to walk from her home to the bus stop, and then from the bus stop to work. Gordon dep., at 299:21-301:9; 329: 8-18 . In fact, she did not start using Metro Access until January of 2004. Gordon dep., at 301:19-302:17. Plaintiff has not alleged any substantial limitation of a major life activity. She continued to work at her job at a high level up to her non-disability retirement, and also can perform those tasks central to daily life without assistance or substantial limitation. She therefore is not disabled under the meaning of the ADA, and does not qualify for its protections.

In *Carlene Thompson v. District of Columbia*, C.A. No. 01-1400 (March 27, 2006), U.S. District Court for the District of Columbia, Judge Henry Kennedy presiding, plaintiff, a D.C. employee, filed suit against the District because it allegedly failed to accommodate her disability under the ADA. Plaintiff claims she was injured in a car accident and suffers from "lumbrata disease" which causes her to walk with a cane. Plaintiff submitted that she notified the District

of her inability to climb stairs and the District's only response was to assign her a temporary parking permit. The District filed a motion for summary judgment on the basis that plaintiff failed to show that she suffered from a disability within the meaning of the ADA. Plaintiff lived on the third floor of an apartment building, climbed the stairs to her apartment, vacuumed, ran errands, climbed the steps to her job, and performed every task she was required to for her job. By Court Order, dated March 27, 2006, the Court granted the District's motion for summary judgment because plaintiff was not disabled within the meaning of the ADA.[1] See C.A. No. 01-1400, Docket Entry # 34; see Exhibit #3, Court Order.

### IV. PLAINTIFF FAILED TO SHOW THAT THE DISTRICT FAILED TO ACCOMMODATE HER DISABILITY.

Plaintiff seeks to hold the District liable for its alleged failure to accommodate her disability. Plaintiff alleges that while at Ballou, the District failed to provide her with access to an accessible bathroom, keys to locked emergency doors, a functional heating and cooling system, shelves within easy reach, and access to a copier. Additionally, plaintiff claims that mandatory meeting were held on the second floor of the school. See Court Docket #1, Complaint ¶ 14. The term "reasonable accommodation," refers to "'those accommodations which presently, or in the *near future*, enable the employee to perform the essential functions of his job.'" *See Cisneros v. Wilson,* 226 F.3d 1113, 1129 (10th Cir. 2000) (quoting *Hudson v. MCI Telecommunications Corp.,* 87 F.3d 1167, 1169 (10th Cir. 1996). Assuming *arguendo* that plaintiff met her burden to show that she is disabled within the meaning of the ADA, plaintiff has not shown that access to the above items she claims the District failed to provide her would have enabled her to perform her job despite her disability. In fact, plaintiff testified that she was

---

[1] The District recognizes that the *Thompson* case is not binding authority on this Court. However, the facts in *Thompson* and this case are substantially similar, and just as in *Thompson,* the District is entitled to summary judgment as a matter of law.

capable of performing her job at a high level despite her arthritis and her use of a cane. See Gordon dep., at 106:6-10. Plaintiff further testified that she was always able to leave her classroom in an emergency situation. Gordon dep., at 158:7-12. Plaintiff cannot establish that her requests for accommodations which were allegedly denied by the District prevented her from performing her duties in violation of the ADA. As such, summary judgment in favor of the District is appropriate.

For the foregoing reasons, the District of Columbia moves this Court to grant it summary judgment on all claims against it.

                                                    Respectfully submitted,

                                                    ROBERT J. SPAGNOLETTI
                                                    Attorney General for the District of Columbia

                                                    GEORGE C. VALENTINE
                                                    Deputy Attorney General
                                                    Civil Litigation Division


                                                    _____\s_____
                                                    PATRICIA A. JONES [428132]
                                                    Chief, General Litigation Sec. IV


                                                    _____\s_____
                                                    MICHAEL P. BRUCKHEIM [455192]
                                                    Assistant Attorney General
                                                    441 4TH Street, NW, 6th Floor-South
                                                    Washington, D.C. 20001
                                                    202-724-6649; 202-727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MURIELENE GORDON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-1907 (EGS) |
| | : |
| DISTRICT OF COLUMBIA, | : |
| | : |
| Defendant. | : |

**DEFENDANT DISTRICT OF COLUMBIA'S**
**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In support of its Motion for Summary, the District submits its Statement of Material Facts Not In Dispute, and states as follows:

1. Plaintiff claims that she suffers from arthritis. Exhibit #1, Gordon deposition, at 105:22-106:1-5.

2. Plaintiff testified that she has to climb steps to get into her house. Gordon dep., at 11:17-21; 12:1-4.

3. Once inside her house, plaintiff needs to climb even more steps to reach her bedroom on the second floor. Gordon dep., at 11:2-8.

4. Plaintiff testified that she has to go down steps to the reach the basement laundry room. See Gordon dep., at.13:3-6; 16:12-16.

5. Plaintiff testified that she was fully capable of bathing and taking care of her personal hygiene. Gordon dep., at  Gordon Dep., at 10:2-9; 303:20-304:1.

6. In addition, prior to 2004, plaintiff was using public transportation to get to work everyday. She had to walk from her home to the bus stop and then from the bus stop to work. Gordon dep., at  299:21-301:9; 329: 8-18 .

7. She did not start using Metro Access until January of 2004. Gordon Dep., at 301:19-302:17.

8. Plaintiff testified that she was a full-time employee of the D.C. Public Schools starting in 1990, and she maintained her full-time status until her retirement in January of 2006. Gordon dep., at 32:15-33; Exhibit #2, Gordon Retirement Forms.

9. Plaintiff described herself as an "excellent teacher," and testified that she did not have to walk or stand in order to teach her class. Gordon dep., at 88:13-17; 90:13-22; 92:1-22.

10. Plaintiff testified that she was always capable of achieving the highest possible performance rating. Gordon Dep. at 101:7-13.

11. Plaintiff testified that she was capable of performing her job at a high level despite her arthritis and her use of a cane to walk. See Gordon dep., 106:6-10.

12. Plaintiff testified that she was always able to leave her classroom in an emergency situation. Gordon dep., at 158:7-12.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division
\_\_\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV
\_\_\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1907 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This matter, having come before the Court on defendant District of Columbia's Motion for Summary Judgment, its supporting Memorandum of Points and Authorities, and the entire record herein, including plaintiff's opposition, it is, this ____ day of _____, 2006,

ORDERED; that the said motion be, and hereby is, GRANTED; and it is,

FURTHER ORDERED; that the judgment be entered on behalf of the defendant District of Columbia and this matter be dismissed with prejudice.

_____
The Honorable Judge Sullivan
United States District Court
for the District of Columbia