# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLENE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action 01-01400 (HHK) |

MEMORANDUM

Plaintiff Carlene Thompson, an employee of the District of Columbia Public Schools, brings this action against the District of Columbia ("the District") alleging that the District violated the Americans With Disabilities Act, 42 U.S.C. §12111 ("ADA") for its failure to accommodate her disability. Before the court is the District's motion for summary judgment (#30). Upon consideration of the unopposed motion and the summary-judgment record of this case,[1] the court concludes that the motion should be granted.

Thompson alleges that she sustained injuries in a car accident and suffers from "lumbrata disease" that causes her to use a cane when walking. Her duty post was transferred to the Fillmore Art Center on a or about September 13, 1999, to an office on the third floor of the building. According to Thompson, she has notified the District that she is unable to climb the

---

[1] The motion is unopposed because the court denied Thompson's motion to file her opposition out of time. Even had the court permitted this filing, the District's motion still essentially would have been unopposed. The opposition which Thompson attempted to file neither meets the District's legal arguments nor the facts upon which the arguments are based. Further, Thompson's statement of material facts amounts to a nullity because it does not "include references to the parts of the record relied on to support the statement " as required by LCvR 7 (h).

stairs, but the District's only response has been to assign her a temporary parking permit to allow her to enter on the second floor, thereby reducing the number of steps she had to climb from 48 to 25, an effort that causes her to suffer pain each day.

In moving for summary judgment, the District points out, *inter alia*, that Thompson lives on the third floor of the building in which she lives and climbs the steps, sometimes carrying groceries, to get to her apartment, she lived alone for nearly the entire time her complaint has been pending (five years), she is able to vacuum and take out the garbage, she does errands on her own, she climbs the steps to her job every day, and capably performs every task she is required to do for her position.

The undisputed material facts show that the District is entitled to summary judgment because Thompson is not disabled within the meaning of the ADA. An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

Dated: March 27, 2006