**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MURIELENE GORDON, | : |
| Plaintiff, | : |
| v. | : |
| | : CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

**DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Defendant District of Columbia, by and through counsel, herein opposes plaintiff's motion to extend discovery. In support thereof, this defendant states as follows:

**I.     PRELIMINARY STATEMENT**

This case involves plaintiff's allegations that the District violated the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, when it failed to accommodate her alleged disability. On January 6, 2006, this Court issued a scheduling order which provided that discovery close on July 19, 2006. See Court Docket, #10. Plaintiff now moves to enlarge discovery to undertake additional depositions based on the information learned at depositions she took during the course of discovery. The District opposes an extension of discovery because it would be futile and a waste of the District's and this Court's valuable resources.

**II.     ARGUMENT**

Plaintiff filed her motion to extend discovery on July 18, 2006. See Court Docket, #18. Plaintiff argues that she requires additional time to conduct discovery for such purposes as, *inter*

*alia,* obtaining documents related to a "rekeying" at Ballou High School, temperature readings from plaintiff's classroom, and a recalling of Art Bridges for deposition.

Fed. R. Civ. P. 6(b) provides that for "good cause" shown, the Court may extend the period prescribed to a perform an act. An extension of time for discovery is unwarranted at this stage of this litigation because plaintiff has not shown "good cause" for the relief she seeks. The District filed a motion for summary judgment on August 1, 2006, on the basis that plaintiff can not establish that she suffers from a disability within the meaning of the American With Disabilities Act ("ADA"), or that her alleged requested "accommodations" from the District would have allowed her to perform her duties despite her claimed disability . See Court Docket, #20. In order to even consider whether plaintiff's allegations of failure to accommodate are valid, she first must prove that she is disabled under the law. *See Toyota Motor Manufacturing v. Williams*, 534 U.S. 184, 195 (2002). Plaintiff does not seek any discovery on the issue of whether she is disabled. See Pl.'s motion, generally. In fact, the evidence of record supports a finding that she is not disabled, and therefore she is unable to pursue her claim against the District under the ADA. As there is no further discovery to be done with respect to the threshold showing of plaintiff's disability, and because there is substantial evidence that plaintiff is not disabled, plaintiff's motion to extend discovery should be denied at this time.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____\s_____
        PATRICIA A. JONES #428132
        Chief, General Litigation, Sec. IV

_____\\s\\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
E-mail:  Michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MURIELENE GORDON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |
| _____: | |

## **ORDER**

Upon consideration of the Plaintiff's Motion to Extend Discovery, the District of Columbia's opposition thereto, and the record herein, it is this _____ day of _____, 2006,

ORDERED: that plaintiff's motion is hereby DENIED for the reasons set forth in the District's opposition.

_____
Judge Emmet G. Sullivan

4