UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURIELENE GORDON | : Civil No. 05-1907-EGS |
| PLAINTIFF | : Judge Emmett G.Sullivan |
| v. | : Magistrate John M.Facciola |
| District of Columbia | : |
| Defendant | : |
| _____ | : |

PLAINTIFF"S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Introduction

Comes Plaintiff through her undersigned attorney and respectfully submits this Reply to the Defendant's Opposition.  Plaintiff  submits that, contrary to the undocumented  rhetoric and conclusions propounded by Defendant there is good cause for  extending discovery as Plaintiff has requested. The Defendant's Motion for Summary Judgment  does not  obviate the need for the extension.

Memorandum of Points and Authorities: Argument: Good Cause for the Extension

Defendant  argues here that  its' Motion for Summary Judgment  shows there is no need  for  Plaintiff's requested extension. Just the opposite is true.

In its' Opposition, Defendant disregards but does not dispute the critical facts noted by Plaintiff, specifically the incomplete, adjourned nature of the deposition of Plaintiff's former supervisor, Dr. Bridges and the Defendant's failure to as yet provide requested documents, particularly related to the temperature in Plaintiff's classroom and re-keying of rooms at Ballou and the making of bathrooms  there accessible. Plaintiff's Motion for an Extension, Statement of Facts Nos. 3, 4, and 6. These were items related to which Plaintiff, a person with a mobility  impairment, arthritis that was affected by

extreme cold and hot temperature, requested accommodation. Id at No.7, another fact which Defendant disregards but does not dispute in its' Opposition.

Plaintiff is seeking the extension to obtain the documents requested and to resume her examination of Dr. Bridges during the extension requested to discover how he treated Plaintiff in terms of the temperature, making the bathrooms accessible (related in time to the re-keying of the doors). This is directly related to the Motion for Summary Judgment. If, as Defendant contends there, Plaintiff was not a person with a disability under the Americans with Disabilities Act (which will obviously be disputed when Plaintiff's Opposition to Summary Judgment is filed), there was no reason for Dr. Bridges to take any action to accommodate her. If Dr. Bridges took any action (and there is evidence he was active), Plaintiff contends that is an admission by Defendant that Dr. Bridges recognized Plaintiff, as was obvious, is and was a person with a disability based on her physical disability (mobility impairment) and/or that Defendant (sic. Dr. Bridges) regarded her as a person with a disability. See, 42 U.S.C. Sec.12102(2) and 29 CFR Sec.1630.2(g).

There is already some evidence that Dr. Bridges was integrally involved in Plaintiff's requests for accommodation. Deposition of David Atkinson, Exhibit 5 at pp.110-115, describing his interactions with Dr. Bridges to provide Plaintiff a fan. Also see, Deposition of Ernest Hamlin, Exhibit 6 at pp.72, 74, describing his interactions and discussions with Dr. Bridges and the cold conditions in Plaintiff's classroom. Now, especially in light of Defendant's Motion for Summary Judgment, Defendant's conduct, in particular that of Dr. Bridges, toward Plaintiff and Defendant's documented awareness of the temperature in her classroom and her working environment

are worthy of more precise probing available through added discovery.

Moreover, since the Plaintiff filed her Motion for an Extension, the transcript of Donna Ellis' deposition has become available. It reinforces the need for added discovery, particularly in terms of completing Dr. Bridges' deposition. Ms. Ellis was at Ballou in connection with making the school fully accessible in July-September, 2003 and had conversations with Dr. Bridges. Exhibit 7 at 15,16,112 ("changes to be done"), 131. This transcript shows Dr. Bridges' actively interacting on making accommodations for Plaintiff after she had filed a complaint of employment discrimination with the EEOC in April, 2003. Complaint herein at Para.19. This conduct of Dr. Bridges, i.e. his interactions with Ms. Ellis and actions based on her (Ms. Ellis' work), was unknown until Ms. Ellis' deposition, which was taken approximately three weeks after Dr. Bridges' deposition. Inquiring of Dr. Bridges about his interactions and communications with Ms. Ellis (and subsequent related actions) like the interactions with Mssrs. Hamlin and Atkinson on the temperature may lead to discoverable information on the issue of whether Defendant admitted Plaintiff was a person with a disability based on her physical impairment or whether Defendant regarded Plaintiff as a person with a disability. See, 42 U.S.C. Sec. 12102(2) and 29 CFR Sec.1630.2(g).

Moreover in its Motion for Summary Judgment Defendant claims at IV that Plaintiff cannot show the District failed to accommodate her. While the Plaintiff will at length dispute that when filing her Opposition, this extension is necessary for Plaintiff to discover facts to show that the accommodations, such as the heater and fan referenced by Mssrs. Atkinson and Hamlin, supra, and the other actions taken, as described by Ms. Ellis, however feeble or incomplete they were, took place only AFTER Plaintiff

filed her EEOC complaint after being discriminated against and harmed by the Defendant's failure to accommodate her. Complaint herein at Para. 19.

Plaintiff would be extremely prejudiced by a denial of this Motion. She would be denied the opportunity to obtain discovery on issues related to which she sought accommodation, Exhibit 4, and denied the opportunity to complete her adjourned deposition of her former supervisor based on information not previously available to her. She seeks to extend discovery to obtain documents and complete the deposition to discover information related to core issues here, namely whether she was in fact a person with a disability or whether she was regarded by Defendant as a person with a disability and what if any actions Defendant took to accommodate her at when, including after Plaintiff filed her charge at the EEOC, Defendant took actions to accommodate her. These are issues at the crux of Defendant's Motion for Summary Judgment as well as the complaint herein. This would not be duplicative or burdensome. Fed.R.Civ.P.26(b)(2).

Plaintiff will also utilize the continuation of the adjourned deposition to examine Dr. Bridges with regard to matters in his official personnel file. That file was not brought to his deposition in light of Defendant's Motion to Quash, which Motion remains undecided. The discovery extension here will not be burdensome or duplicative. Fed.R.Civ.P.26(b)(2).

Conclusion

Plaintiff seeks to extend discovery so that Defendant will voluntarily provide documents as previously promised and so that she can complete the deposition of Dr. Bridges on issues vital to her claims. This is good cause to extend discovery for a period not to exceed sixty days.

>Respectfully submitted,

>Charles D. Goldman(201509)
>Attorney for Plaintiff
>1155 –15th Street N.W.#1004
>Washington, DC 20005
>202/4667550/2024675085 fax

August 5, 2006.

Certificate of Service

I hereby certify that a copy of the foregoing was emailed to Michael Bruckheim, Esq., Assistant Attorney General at michael.bruckheim@dc.gov this 5th day of August, 2006.

>Charles Goldman