Affidavit

MICHELLE RENNIE, under penalty of perjury, pursuant to Title 28, United States Code, and the applicable laws of the District of Columbia deposes and says as follows:

I am Michelle Rennie, residing at ~~1001 Chillum Road~~ *2400 Queens Chapel Rd. # 614*, Hyattsville, MD, 20782, and the daughter of Murielene Gordon. I make this Affidavit voluntarily, without remuneration or the promise or expectation thereof.

I have reviewed my mother's affidavit which describes her abilities and disabilities, particularly those parts which relate to her life around home. I have also periodically over the years gone to school, visiting with her there and/or otherwise helping her. I am able-bodied. I have no physical or mental disability.

I have lived independently out of my mother's home for more than fifteen years. I visit her there on a regular basis, at least monthly.

With respect to my mother's description of her home and ability to take care of herself, I believe that, if anything, my mother has overstated her abilities and understated the effect of her disabilities on her daily living. My mother takes her medication as prescribed. Nevertheless, the most basic tasks, which an able-bodied person would take for granted are painful to my mother and take her longer to accomplish. This has been the case for at least the past five (5) years, in some respects longer.

For example, cooking can be very difficult for her because it may require her to lift ingredients, such as a pot of water filled with pasta to/from the stove or table. She must make the simplest dishes, ones which require minimal standing time to prepare. On holidays, there is no way she can prepare meals for the family. It is simply too strenuous, too much standing and lifting for her to prepare, cook and serve a turkey dinner for the family at Thanksgiving or ham for the family at Easter. Christmas Dinner is brought in so that she can visit with her children and grandchildren. I make sure there are leftovers so that my mother will not have to cook for several days. For the past years, at least five, periodically on weekends, I have brought over meals for my mother (and nephew). She now gets several meals each week from Providence Hospital's "Meals on Wheels" program.

When I come to my visit my mother, I am often put in the position of doing routine household chores that my nephew, her grandson, may have forgotten to do. I am often cleaning up the house for her, picking up things from the floor (including upstairs if she has dropped clothing). My mother, unlike able bodied persons, cannot bend over and pick things up. I do it when I am around.

I do household chores for my mother, which she cannot do because of her arthritis makes it painful for her to use her hands as well as climb stairs. For examples, when I come over I change the sheets on beds or do the laundry which is down in the basement.

Rarely, maybe once or twice a year I would be able to eat lunch with my mother at school. We always ate in her classroom. It simply would have taken her too long to get to the cafeteria or teacher lounge. During the times I visited, there were no students in the room, as it was my mother's lunch period. I do not recall seeing papers, books or magazine on the window sill, radiator or heating vent. I do not recall the temperature but do recall it was either very hot or very cold to the point that I kept my coat on over my business clothing.

In June, 2003, I visited Ballou and walked with my mother to the cafeteria. My mother had to stop and rest along the way. She was walking with a cane at that time. It took at least fifteen (15) minutes to go from her classroom to the cafeteria. At this time (June, 2003) there were no students in the hall as school was out. If it had been a regular school day, the normal presence of students and faculty in the halls would have slowed my mother even more because it have been more time consuming (and difficult) to navigate through. Now, with my mother using a walker, it would take her even longer than the 15 minutes it took then. It was because of the time that would have been involved in getting to and from the cafeteria that we ate in her classroom. If we has 'walked" to the cafeteria it would have consumed most, if not all, the time my mother had for lunch. I am able-bodied and can walk from her classroom to the cafeteria in about three (3) minutes.

The teacher's lounge was upstairs on the second floor. Because of my mother's mobility impairment we did not go up the stairs. Also, while I do not recall precisely the distance away, my recollection is that it was some distance from her classroom.

Also when I visited the school, such as in June, 2003, I recall that the shelves with art supplies were very high, more than six feet above the ground. Neither I nor my mother could reach them.

Respectfully submitted,

*[signature]*
MICHELLE RENNIE
Dated 9/10/06
Attestation

I have made the foregoing Affidavit under penalty of perjury pursuant to Title 28, United States Code and the applicable laws of the District of Columbia.

*[signature]*
MICHELLE RENNIE
Dated: 9/10/06