UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURIELENE GORDON, ) | |
| ) | CA No.: 05-1907 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S REVISED ANSWERS TO PLAINTIFF'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant District of Columbia ("District of Columbia" or "Defendant") hereby submits the following objections and responses to Plaintiff's First Requests for the Production of Documents...

.

**RESPONSES**

1. All documents which show any action taken by Defendant to provide reasonable accommodation to Plaintiff in her employment from August 1, 1999.
**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed within Exhibit 4. Defendant also refers plaintiff to Defendant's Answers to Plaintiff's First Set of Interrogatories.**

3. All documents after August 1, 1999 relating to *the* maintenance and operation of the classroom to which Plaintiff was assigned after August 1, 1999 during *the* period Plaintiff was assigned to such classroom. This includes but is not limited to documents related to the heating/cooling system, temperature, windows, closets, and shelves in Plaintiff's classroom while Plaintiff was assigned to such classroom.

**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance.**

**Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed within Exhibit 4. Defendant also refers plaintiff to Defendant's Answers to Plaintiff's First Set of Interrogatories.**

11. All documents related to Plaintiffs employment at Ballou (as defined herein) received from a Third Party (as defined herein) after August 1, 1999.
**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed within Exhibit 1, Exhibit 3, Exhibit 4 and Exhibit 7. Defendant also refers plaintiff to Defendant's Answers to Plaintiff's First Set of Interrogatories.**

15. All documents dated on or after June 1, 1999, related to Plaintiff's classroom received from/written by any person identified by Defendant in response to any discovery item herein, including but not limited, any interrogatory, request for production, request for admission.

**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed within Exhibit 1, Exhibit 4, Exhibit 5 and Exhibit 6.**

17. All documents related to the Complaint herein under the custody and control of Defendant which document was received from any person identified as a witness for Plaintiff
**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed within**

**Exhibit 1, Exhibit 4, Exhibit 5 and Exhibit 6.**

21. All documents the Defendant intends to introduce at the trial of this matter.
RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed within Exhbit1, Exhibit 4, Exhibit

5, Exhibit 6, Exhibit 7.  Defendant reserves the right to supplement its Response if it subsequently becomes aware of additional documents to be used at trial.

| | |
|---|---|
| As to objections: | Respectfully submitted, |

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
General Litigation Division

PATRICIA JONES [428132]
Chief, General Litigation, Section IV

_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
Email:Michael.Bruckheim@dc.gov