**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1907 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to LCvR 7(d), hereby submits the following Reply to Plaintiff's Opposition to Its Motion for Summary Judgment.

**I.    PLAINTIFF IS NOT DISABLED UNDER THE ADA.**

To succeed on a claim under the American With Disabilities Act "ADA", plaintiff first must prove that she was disabled within the meaning of the ADA. The Supreme Court has held that, to establish a disability under the ADA, a plaintiff must show that she has an impairment that substantially limits a major life activity. *Toyota Motor Manufacturing v. Williams*, 534 U.S. 184, 195 (2002).

Plaintiff has failed to demonstrate in her opposition that she is in any way limited in performing the major life activity of working. To be substantially limited in the major life activity of working, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999). To be regarded as substantially limited in the major life activity of working, one must be regarded as

precluded from more than one particular job. *Murphy v. United Parcel Service,* 527 U.S. 516, 523 (1999).

Prior to 2004, plaintiff was using regular city buses to get to work everyday. She had to walk from her home to the bus stop, and then from the bus stop to work. Gordon dep., at 299:21-301:9; 329: 8-18 . In fact, she did not start using Metro Access until January of 2004. Gordon dep., at 301:19-302:17. Thus, plaintiff's own testimony establishes without dispute that her alleged condition did not impede her ability to travel to and from work or to perform her job.

Plaintiff cannot demonstrate that she is disabled under the ADA by showing that she endures great discomfort during the day as a result of her alleged condition. Courts have refused to expand the scope of the ADA to include situations in which daily activities can be performed only with severe discomfort or pain. In *Weigert v. Georgetown University*, 120 F. Supp. 2d, 1, 10-11 (D.D.C. 2000), this Court held that a plaintiff's discomfort with the glare from fluorescent lights, sunlight, and other bright lights did not constitute a substantial limitation of a major life activity. The Court adopted reasoning set forth in *Lajaunie v. Hibernia Corp.*, 2000 U.S. Dist. LEXIS 1209 (E.D. La. Feb. 8, 2000), explaining that, the *Lajuanie* plaintiff:

> Was not materially hampered in the performance of life activities under circumstances similar to the plaintiff's. In *Lajaunie*, the plaintiff was diagnosed with corneal disease, which gave her problems with glare. The court determined that she was neither substantially limited nor materially hampered, although it was clear that because of the glare "she [could] no longer work in the garden, ride a bicycle and do crossword puzzles." 2000 U.S. Dist. LEXIS 1209, *18. The court relied on the plaintiff's doctor's report, which stated that the plaintiff's condition did not cause "ocular damage," notwithstanding the fact that her condition "could be extremely uncomfortable and quite distracting." *Id.* In dismissing her claims, the court held that to find that the plaintiff was "substantially limited" would dilute the meaning of "substantially limited" to simply "limited." *See id.*

*Weigert v. Georgetown University*, 120 F. Supp. 2d, at 11.

In *Black v. Roadway Express, Inc.*, the plaintiff alleged that, due to several knee surgeries, he was substantially limited in the major life activities of "walking, kneeling, stooping, jogging, lifting, sitting in confined, restricted positions, running, [and] climbing." 297 F.2d 445, 451 (6th Cir. 2002). In support of this allegation, the plaintiff attested that he could not kneel or stoop, could not sit for any extended period of time where movement was restricted, was able to walk—with a constant limp—only short distances, could not stand for long period, could not exercise a full range of motion with his leg, and could not run or jog at all. *Id.* at 450-51. The Sixth Circuit Court of Appeals affirmed summary judgment for the defendants, holding that the plaintiff's "alleged inability to perform certain tasks or functions on a repeated or prolonged basis is not enough, as a matter of law, for him to meet the threshold requirement of proving that he is 'disabled.'" *Id.* at 450. The Sixth Circuit explained that "[m]oderate difficulty or pain experienced while walking does not rise to the level of a disability." *Id* at 451. Thus, the fact that plaintiff alleges that she walks with difficulty and takes a longer time to complete certain tasks and functions does not, in and of itself, prove that she is disabled under the ADA.

Plaintiff has not shown that she is limited in the major life of activity of working. Plaintiff testified that she is an "excellent teacher" always capable of achieving the highest possible performance rating. See Exhibit #1, Gordon dep., at 101:10-16. Furthermore, plaintiff testified that she does not need to walk or stand in order to teach her class. Gordon dep., at 88:13-17; 90:6-22; 92:1-12. Plaintiff also testified that she was always able to leave her classroom in an emergency situation. Gordon dep., at 158:7-12. Plaintiff testified that her arthritis and use of a cane never prevented her from performing her job at a high level. Gordon dep., at 106:6-10.

3

Plaintiff testified that she continued to work as a full time employee, and that she maintained her full-time status until her retirement in January 2006. Gordon dep., at 32:15-33. Thus, plaintiff clearly was not impeded from performing her job, and certainly doesn't come close to the threshold requirement articulated by the *Sutton* and *Murphy* Courts.

Plaintiff's opposition contained no legal arguments to counter the *Black* and *Weigert* decisions. In light of plaintiff's own testimony and the established case law, it is clear that plaintiff is not disabled under the ADA. Accordingly, defendant is entitled to summary judgment.

## II.    DEFENDANT'S EFFORTS TO ACCOMMODATE PLAINTIFF DOES NOT PROVE THAT DEFENDANT REGARDED HER AS DISABLED.

In her opposition, plaintiff claims that the defendant's efforts to accommodate her alleged disability proves that the District regarded her as disabled. Therefore, accordingly to plaintiff, she is entitled to a finding that she is disabled under the ADA. Essentially, plaintiff attempts to use the District's efforts to assist her to support her claims. However, plaintiff misinterprets the law under the ADA regarding persons "regarded as" disabled. In *Murphy v. United Parcel Service,* 527 U.S. 516, 521-22 (1999), the Supreme Court held that a "person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one of more major life activities." There is no proof that the District *mistakenly* believed that plaintiff was disabled.

Furthermore, plaintiff can offer no support for her argument that any attempts by the District to assist her should be interpreted as an acknowledgement by the District that it considered her to be disabled. In *Cigan v. Chippewa Falls School District,* 388 F.3d 331, 335 (7th Cir. 2004), the Court held that a school district's accommodation to a teacher did not

4

automatically regard her as disabled.  The Court noted that "decent managers try to help employees cope with declining health without knowing or caring whether they fit the definition in some local statute." *Id.*  In *Colwell v. Suffolk County Police Department,* 158 F.3d 635, 646 (2nd Cir. 1998), the Court held that "it is not enough…that the employer regarded that individual as somehow disabled; rather, the plaintiff must show that the employer regarded the individual as disabled within the meaning of the ADA."

Any efforts made by defendant to assist plaintiff cannot be interpreted as an implied admission by the District that it regarded plaintiff to be disabled. As contemplated by the *Colwell* Court, a decent employer would have no incentive to assist its employees if its help is automatically viewed as if the employer regarded the employee as disabled.  *See Johnson v. Boardman Petroleum Inc.,* 923 F. Supp. 1563, 1568-69 (S.D. Ga. 1996)(holding that plaintiff's lawsuit "flies in the face" of the policy concerns underlying the ADA because it encourages employers to dehumanize their relationships with their employees for fear that showing concern for and recognizing their employees' emotional problems would land them in court facing a discrimination claim based upon a perceived mental disability).

Plaintiff's claim that the District regarded her as disabled, flies in the face of the *Johnson* Court, and only encourages the District to dehumanize its relationships with its own employees, and not show concern or make efforts to respond to employee problems for fear it could face a discrimination claim in Court based upon a perceived disability.  Plaintiff's argument that the District perceived her as disabled should therefore be rejected.

Case 1:05-cv-01907-EGS   Document 28   Filed 10/04/2006   Page 6 of 6

For the foregoing reasons, the District of Columbia moves this Court to grant it summary judgment on all claims against it.

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                _____\s_____
                PATRICIA A. JONES [428132]
                Chief, General Litigation Sec. IV

                _____\s_____
                MICHAEL P. BRUCKHEIM [455192]
                Assistant Attorney General
                441 4TH Street, NW, 6th Floor-South
                Washington, D.C. 20001
                202-724-6649; 202-727-6295

6