United States District Court
For the District of Columbia

| | |
|---|---|
| Murielene Gordon | : Civil 05-1907EGS |
| Plaintiff | : |
| | :Judge Emmett G. Sullivan |
| v. | :Magistrate John M. Facciola |
| District of Columbia | : |
| Defendant | : |

<u>Motion to Strike Plaintiff's Reply to Defendant's Opposition to Summary Judgment Or in the Alternative For Leave to File a Sur-Reply</u>

<u>I. Introduction</u>

Comes Plaintiff pursuant to Fed.R.Civ.P. 12(f) through her undersigned attorney and respectfully requests this Court strike the Reply of Defendant to Plaintiff's Opposition to Summary Judgment. The Reply was filed blatantly late without permission of the Court. Alternatively, Plaintiff respectfully requests that she be allowed to file a Sur-Reply. Proposed alternative Orders are attached as is the proposed Sur-Reply. The proposed Sur-Reply addresses Defendant's continued obfuscation and misapplication of the law and failure to compare Plaintiff to the average person in the general population as the law mandates.

<u>II. Statement of Facts</u>

1. In accordance with the Order of August 3, 2006, Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment on September 15, 2006. (An errata sheet was timely filed on September 18, 2006.)

2. Defendant filed its Reply on October 4, 2006.

3. This Motion to Strike is timely filed.

### III. Argument : Points and Authorities

#### A. Defendant's Filing is Untimely Filed, Prejudicing Plaintiff

Defendant relies on LCvR 7(d) as the basis of filing the Reply herein. That Rule states "Within five days after service of the memorandum in opposition the moving Party may serve and file a reply memorandum." Under LCvR 5.4(d) electronic filing effects service on counsel who have obtained CM/ECF passwords. Counsel for Defendant made such filings in this case, including the Motion for Summary Judgment. He has such a password. See e.g. Docket entry no .23 filing document 20 in this case. Plaintiff's Opposition to Summary Judgment was filed and received by Defendant on September 15, 2006. See, Docket entry filing documents 25 and 26,in this case. Defendant received the Opposition on September 15, 2006. The errata were received by Defendant on September 18, 2006. Docket entry filing document no. 27 herein.

On the subject of the time for filing documents, the Federal Rules of Civil Procedure are unambiguously clear, providing that the day of the event is not counted and that where the time period is less than 11 days intervening Saturdays, Sundays, and legal holidays (of which there were none here) are not counted. Fed.R.Civ.P. 6a.

Accordingly Defendant's Reply was due no later than September 26, 2006.

Defendant did not seek court approval for extension in a separate motion or in connection with the filing of its Reply. Instead, without cause and without permission, Defendant determined it had the right to file more than a week late. Defendant as an Officer of the Court knows it is necessary to file a motion for a time extension but deliberately filed late, in patent error, on October 4, 2006.

Plaintiff has been prejudiced. Defendant's filing delays an adjudication on the Motion for Summary Judgment and disposition/resolution of this matter, causing her to incur added expenses. The great William E. Gladstone remarked more than a century ago that "Justice delayed is justice denied."

Under Fed.R.Civ.P.12(f) this Motion to Strike must be filed within 20 days of the pleading in question. Since the Reply was filed on October 4,2006, this Motion is timely filed.

### B. The Sur-Reply to be Filed Shows Defendant's Reply is Without Merit

Plaintiff's attached Sur-Reply, which she seeks permission of the Court to file, shows that Defendant's Reply is in essence a rehashing of its Motion, adding nothing new, not refuting Plaintiff's claims that she is a person, who when compared to the average person in the general population, is disabled in the major life activities of walking, performing manual tasks, and taking care of herself. With evidence admissible at trial, Plaintiff meets the criteria of the Americans with Disabilities Act to be considered a person with a disability. See, PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (hereinafter "OPPOSITION") Exhibits 1, 2, 3, 4,5,29 CFR Secs. 1630.2j(1)(i)(ii), 29 CFR Sec.1630.2(g)(1), 29 CFR Sec.1630.2(i). Also see Opposition at III, including Mitchell v. City of Moore, 218 F.3d.1190 at 1197-98 (3rd. Cir. 1999), Adler v. Wal-Mart Stores, Inc.,144 F.3d. 664,670 (10th Cir. 1998), Ryan v. Shawnee Mission Unified School District, 416 F.Supp.2d 1090 (D.Kans.2006), Moore's Federal Practice 3d. Secs. 56.11(c)(d). Also see, Hayer v. U.S. Dep't of Treasury, 956 F.2d.330, 333(D.C.Cir.1992).

Defendant dwells at length on the major life activity of working, citing the same cases in the Reply as are in Defendant's Motion for Summary Judgment. Defendant obfuscates the law by overlooking the other major life activities enumerated in the regulations issued by EEOC to implement the Americans with Disabilities Act, 29 CFR Sec.1630.2(i), and the EEOC interpretative documents on this section. EEOC has made clear since promulgating the ADA regulations that <u>"If an individual is substantially limited in any other major life activity, no determination should be made as to whether the individual is substantially limited in working."</u> Appendix to 29 CFR Part 1630, Section 1630.2(j) Substantially Limits (emphasis added). Also see, EEOC Enforcement Guidance Section 902 Definition of Disability at Sec.902.4 (March, 1995, reissued with changes in other parts February, 2000).

The inquiry into whether this Plaintiff is substantially limited in working should not be reached here because it is crystal clear, as confirmed by direct evidence, that she is substantially limited in major life activities of walking, taking care of herself, and performing manual tasks. OPPOSITION at IIb, See Exhibits 1,2,3,4,5, and 8 (Defendant's Dr. Scott noting Plaintiff's mobility is "severely affected" by her arthritis) and 9 (referencing Plaintiff's need for a "handicapped" bathroom with grab bars).

Defendant's Reply does not offer any rebuttal to other vital arguments of Plaintiff, namely that she qualifies as a person with a disability since she has a record of an impairment that affects the major life activity of walking. Defendant offers no document, no argument, to rebut the findings in 2003 (!) of its consultant doctor, Dr. Scott, that Plaintiff's mobility is "severely affected" because of her arthritis. 29 CFR Secs.1630.2(g)(2), 1630.2(j),OPPOSITION Exhibit 8.

Nor does Defendant offer any argument or document to rebut Plaintiff's assertions regarding the need for further discovery. OPPOSITION at IIId.

Defendant's claim that its actions show it has been a humane decent employer and not construed as treating Plaintiff as a person with a disability is made in bad faith and must be viewed in the reality of its lengthy, ongoing relationship with the Plaintiff.

More specifically, at no time, including in the more than three years since Plaintiff filed her internal complaint and complaint to the EEOC, OPPOSITION Exhibit 7, alleging ongoing discrimination did this Defendant ever claim in any forum that Plaintiff was not a person with a disability. At no time did it ever seek a second opinion or deny the findings of its medical consultant Dr. Scott that Plaintiff was "severely affected" in her mobility because of her arthritis. OPPOSITION, Exhibit 8. At no time has Defendant ever claimed that Plaintiff did not need a "handicapped" bathroom. OPPOSITION Exhibit 9. Defendant took two years plus to buy an "ADA Compliant Safety Mat". Exhibit 13a. None of the array of documents from Defendant, all of which are admissible, Fed. R.Evid. 803(1)(3)(6)(8), state Plaintiff is not a person with a disability or that Defendant is merely "humanely" (Defendant's adjective) trying to accommodate her. It is clearly just the opposite. Defendant treated Plaintiff as a person with a disability. OPPOSITION Exhibits 8,9,10,11,12,13a. Defendant's argument that it has not treated Plaintiff as a person with a disability reeks of disingenuousness, belated hypocrisy, fostered by the expediency of litigation. Cripe v. Department of Transportation _F.Supp.2d _(Civil No.03-3306,D.D.C. 2006).

## Conclusion

It is respectfully submitted that the Defendant is patently late in filing of its Reply, disregarding the very rule it cites. The Reply, which offers no new facts and no new documents and nothing to refute Plaintiff's Opposition, should be stricken. Alternatively, Plaintiff should be permitted to submit her Sur-Reply.

                                       Respectfully submitted,
                                       /s/

CHARLES D. GOLDMAN, ESQ.
Attorney for Plaintiff
No.201509
1155-15th Street N.W.
#1004
Washington, DC 20005
2024667550  2024675085 (fax)

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed by electronic mail to Michael Bruckheim, Assistant Attorney General, District of Columbia, at Michael.Bruckheim@dc.gov this 9th day of October, 2006

                       /s/
                Charles D. Goldman