United States District Court
For the District of Columbia

| | |
|---|---|
| Murielene Gordon | : Civil 05-1907EGS |
| Plaintiff | : |
| | :Judge Emmett G. Sullivan |
| v. | :Magistrate John M.Facciola |
| District of Columbia | : |
| Defendant | : |

Plaintiff's Sur-Reply to Defendant's Reply to Plaintiff's
Opposition to Summary Judgment

I. Introduction

Comes Plaintiff, through her undersigned attorney, and respectfully submits this Sur-Reply to the Reply of Defendant to Plaintiff's Opposition to Summary Judgment. The Sur-Reply addresses Defendant's blatant obfuscation and misapplication of the law and failure to provide factual evidence to refute Plaintiff's proof that when compared to the average person in the general population, as the law requires, she is substantially impaired in the major life activities of walking, manual tasks, and taking care of herself.

II. Argument : Points and Authorities

A. The Reply Disregards and Obfuscates the ADA Regulations

Defendant erroneously argues at length in its Reply (pp.1-3) that Plaintiff is not a person with a disability because she is not disabled in the major life activity of working. This argument is irrelevant here given the admissible facts noted in Plaintiff's Opposition to Summary Judgment and the EEOC regulations and interpretative materials. In focussing on the major life activity of working Defendant discusses the legally least important of the major life activities, again taking a "one size fits all" approach. Defendant distorts Plaintiff's factual evidence, by disregarding the admissible evidence that she adduces attesting to her disability AND, as EEOC mandates, 29CFR

Sec.1630.2(j)(i)(ii), compares her inability to walk, take care of herself and perform manual tasks to the abilities of the average person in the general population.

Defendant's Reply is in essence a rehashing of its Motion, adding nothing new. Defendant does not reply with factual evidence admissible at a trial to refute Plaintiff's extensive documentation in her Opposition to Summary Judgment showing that she is a person who, when compared to the average person in the general population, clearly meets the criteria under the Americans with Disabilities Act. She is clearly disabled in the major life activities of walking, performing manual tasks, and taking care of herself. See, PLAINTIFF"S OPPOSITION TO DEFENDANT"S MOTION FOR SUMMARY JUDGMENT (hereinafter "OPPOSITION") Exhibits 1, 2, 3, 4,5, 29 CFR Secs. 1630.2j(1)(i)(ii), 29 CFR Sec.1630.2(g)(1), 29 CFR Sec.1630.2(i). Also see Opposition at III, including Mitchell v. City of Moore, 218 F.3d.1190 at 1197-98 (3rd. Cir. 1999), Adler v. Wal-Mart Stores, Inc.,144 F.3d. 664,670 (10th Cir. 1998), Ryan v. Shawnee Mission Unified School District, 416 F.Supp.2d 1090 (D.Kans.2006), Moore's Federal Practice 3d. Secs. 56.11(c)(d). Also see, Hayer v. U.S. Dep't of Treasury, 956 F.2d.330,333 (D.C.Cir.1992).

Congress intended to comprehensively eliminate discrimination against persons with disabilities, eradicating the stereotyping of persons with disabilities. 42U.S.C. Secs.12101(b)(1)(4). Defendant's Reply continues the "one size fits all" approach in its Motion and would perpetuate discrimination, frustrating the legislative expression. The Reply in essence argues that one major life activity, working, is the only major life activity that the Court must address. This is flat out wrong, an obfuscation of the law.

Defendant dwells at length on the major life activity of working, citing the

same cases in the Reply as are in Defendant's Motion for Summary Judgment. Defendant misapplies the law, overlooking the other major life activities expressly enumerated by the EEOC, which include but are not limited to walking, performing manual tasks and taking care of oneself. See, 29 CFR Sec.1630.2(i).

In the EEOC interpretative documents on 29 CFR Sec. 1630.2(i), EEOC has made clear since promulgating the ADA regulations that <u>"If an individual is substantially limited in any other major life activity, no determination should be made as to whether the individual is substantially limited in working</u>." Appendix to 29 CFR Part 1630, Section 1630.2(j) Substantially Limits (emphasis added). To the same effect, EEOC Enforcement Guidance Section 902 Definition of Disability at Sec.902.4 (March, 1995, reissued with changes in other parts February, 2000).

The inquiry into whether this Plaintiff is substantially limited in working should not be reached here because it is crystal clear, as confirmed by direct evidence that she is substantially limited in major life activities of walking, taking care of herself, and performing manual tasks. OPPOSITION at IIIb, See Exhibits 1,2,3,4,5, and 8 (Defendant's Dr. Scott noting Plaintiff's mobility is "severely affected" by her arthritis) and 9 (referencing Plaintiff's need for a "handicapped" bathroom with grab bars). Defendant in its Motion or Reply does not refute these facts.

Defendant's Reply also does not offer any rebuttal to vital arguments of Plaintiff, namely that she qualifies as a person with a disability since she has a record of an impairment that affects the major life activity of walking. Defendant offers no document, no argument, to rebut the findings in 2003 (!) of its consultant doctor, Dr. Scott that Plaintiff's mobility is "severely affected" because of her arthritis. 29 CFR

Secs.1630.2(g)(2), 1630.2(j),OPPOSITION Exhibit 8.

Nor does Defendant offer any argument or document to show that Plaintiff's assertions regarding the need for further discovery are needed. OPPOSITION at IIId.

b. Defendant's Claim It Did Not Regard Plaintiff As Disabled Is Made In Bad Faith

Plaintiff argues in her Opposition at IIb, that Defendant treated Plaintiff as a person with a disability since at least April, 2003 and assuming arguendo, she is not impaired as Defendant argues, she was treated as a person with a disability.42 U.S.C. Sec.12102((2)(C), 29 CFR.1630.2(g)(3), 28 CFR Sec.35.140

Defendant's claims at II of its Reply that its conduct is not to be construed as treating Plaintiff as a person with a disability and that it has been a humane decent employer. These claims must be viewed in the reality of its lengthy, ongoing relationship with the Plaintiff.

More specifically that at no time, including in the more than three years since Plaintiff filed her internal complaint and complaint to the EEOC, OPPOSITION Exhibit 7, alleging ongoing discrimination did this Defendant ever claim in any forum that Plaintiff was not a person with a disability. At no time did it ever seek a second opinion or deny the findings of its medical consultant Dr. Scott that Plaintiff was "severely affected" in her mobility because of her arthritis. OPPOSITION, Exhibit 8. At no time has Defendant ever claimed that Plaintiff did not need a "handicapped" bathroom. OPPOSITION Exhibit 9. None of the array of documents from Defendant state Plaintiff is not a person with a disability and that Defendant is merely "humanely" (Defendant's adjective) trying to accommodate her. It is clearly just the opposite.

Defendant treated Plaintiff as a person with a disability. OPPOSITION Exhibits 8,9,10,11,12,13a.

If Defendant truly believed at any time that Plaintiff was not a person with a disability, Defendant could have bought a simple mat for her classroom sink in 2003 from any neighborhood hardware store. Instead Defendant took more than two years to procure an "ADA Compliant Safety Mat" for Plaintiff's classroom. OPPOSITION, Exhibit 13a (emphasis added).

The documents, OPPOSITION Exhibits 8,9,10,11,12, 13a. are all admissible and show how Defendant regarded Plaintiff and how she was not accommodated. OPPOSITION at IIIc. Fed.R.Evid. 803(1)(3)(6)(8).

Defendant's claim here that it has been the humane employer is made at the eleventh hour in bad faith. Further evidence of that bad faith is seen at OPPOSITION Exhibit 15 pp.71-72 where the custodian of the records, Ms. Wiseman, admits that the medical and non-medical records of Ballou employees (sic. including Plaintiff) were commingled, a patent ongoing violation of the Americans with Disabilities Act since 2002(!) by not treating Plaintiff's medical records confidentially, not maintaining them in a separate file. 42 U.S.C. Sec. 12112(d), 29 CFR Sec.1630.14(c)(1).

Defendant's argument that it has not treated Plaintiff as a person with a disability reeks of disingenuousness, belated hypocrisy, fostered by the expediency of litigation. Cripe v. Department of Transportation _F. Supp.2d_(Civil No.03-3306,D.D.C. 2006).

### III. Conclusion

It is respectfully submitted that the Motion for Summary Judgment should be denied. Plaintiff is a person with a disability. She is substantially limited in the major life activities of walking, performing manual tasks, and taking care of oneself when compared to the average person in the general population.

Respectfully submitted,
/s/

CHARLES D. GOLDMAN, ESQ.
Attorney for Plaintiff
No.201509
1155-15th Street N.W.
#1004
Washington, DC 20005
2024667550 2024675085 (fax)

### Certificate of Service

I hereby certify that a copy of the foregoing was mailed by electronic mail to Michael Bruckheim, Assistant Attorney General, District of Columbia, at Michael.Bruckheim@dc.gov this 9th day of October, 2006.

/s/
Charles D. Goldman