UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| Plaintiff, | : | |
| v. | : | CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, | : | |
| Defendant. | : | |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S REPLY TO HER OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR LEAVE TO FILE A SUR-REPLY, AND DEFENDANT'S MOTION TO LATE FILE ITS REPLY**

Defendant District of Columbia, by and through counsel, and pursuant to LCvR 7(d) and LCvR 7(m), respectfully requests this Court to deny plaintiff's Motion to Strike Defendant's Reply to her Opposition to its Motion for Summary Judgment, Or In the Alternative, For Leave to File a Sur-Reply. Additionally, pursuant to Fed. R. Civ. P. 6(b)(2), the District seeks leave of Court to late file its Reply. In support thereof, this defendant states as follows:

**I.   PRELIMINARY STATEMENT**

Defendant filed its motion for summary judgment on August 1, 2006. See Court Docket, #20. Under LCvR 7(b), plaintiff had 11 days to file her opposition. Plaintiff requested additional time to file her opposition, and counsel for defendant consented. This Court granted plaintiff's motion for additional time to file her opposition, and plaintiff received an additional 30 days to prepare her opposition. See Court Docket, Minute Order dated August 3, 2006.

Plaintiff filed her opposition on September 15, 2006. See Court Docket, #25. Counsel for Defendant subsequently asked counsel for plaintiff for a brief extension to file a Reply. Despite

having received consent to file his client's opposition over 30 day beyond the deadline, counsel for plaintiff refused to give his consent. In error, the District's Reply was untimely filed.

Plaintiff filed her motion to strike on October 9, 2006. However, plaintiff failed to seek defendant's consent as required by LCvR 7(m). Defendant further submits that an extension to file a Reply is warranted under FRCP (6)(b)(2).

Defendant therefore requests that this Court denies plaintiff's motion to Strike defendant's Reply and accept the document as filed. Defendant further requests that this Court deny plaintiff's motion for leave to file a sur-reply.

## II.     ARGUMENT

### a)  Plaintiff's Motion Violates LCvR 7(m).

LCvR 7(m) requires counsel to contact opposing counsel before filing a non-dispositive motion. The purpose for this contact is to discuss the anticipated filing and determine whether there is any opposition, and if there is opposition, to narrow the areas of disagreement. The party filing the motion shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed. See LCvr 7(m).

Plaintiff's motion is non-dispositive. Plaintiff's counsel did not contact counsel for the District prior to filing the motion to strike on October 9, 2006. Furthermore, plaintiff's motion to strike does not contain statements that the required discussion occurred and whether the motion is opposed, as required by LCvR 7(m). See Docket Entry # 29. Accordingly, plaintiff's motion should be denied.

### b)  Defendant's Reply Should be Allowed under FRCP 6(b)(2).

FRCP 6(b)(2) states that "[w]hen by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for

cause shown may at any time in its discretion…(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

The late-filing of defendant's Reply occurred due to excusable neglect. Plaintiff is not prejudiced by the filing or timing of defendant's Reply brief. The defendant's filing does not "delay an adjudication on the Motion for Summary Judgment and disposition/resolution of this matter," nor has plaintiff shown how she legitimately incurred added expenses. See Docket # 29, Plaintiff's Motion to Strike, p.3. Undersigned counsel placed plaintiff on notice of the District's need for additional time to respond to her opposition. On or about September 20, 2006, undersigned counsel contacted plaintiff regarding the relief sought herein. Despite the District's consent to allow plaintiff a 30-day extension of time to file her opposition to its dispositive motion, plaintiff opposed the relief sought by the District. Based on an error, undersigned counsel did not timely file the Reply, nor move to file it late. This defendant seeks equitable relief from this Court, and asks that its Reply be accepted for filing.

Based on this record, plaintiff is not at all prejudiced by this filing, and the interests of justice are best served by denying plaintiff's motion to strike. Accordingly, defendant respectfully requests that this Court deny plaintiff's motion to strike and accept the late-filed Reply.

    **c) Plaintiff's Motion for Leave to File a Sur-Reply Should be Denied.**

While the local rules allow for a Reply to be filed, they do not allow for the filing of a sur-reply. See LCvR 7(d). The standard in determining whether to accept a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply. *Lewis v. Rumsfeld,* 154 F. Supp.2d 56, 61 (D.D.C. 2001). Thus,

a sur-reply is only to be accepted if the Reply raises arguments that are presented to the Court for the first time.[1]

In this case, plaintiff's filing does not address matters that were presented to the Court for the first time. In fact, plaintiff argues in her motion that defendant's Reply "is in essence a rehashing of its Motion, adding nothing new…" See Docket # 29, Plaintiff's Motion to Strike, p.3. As plaintiff herself has admitted that defendant's Reply raises no new arguments, her sur-reply should therefore be stricken under this Court's reasoning in *Lewis*. Accordingly, plaintiff's motion for leave to file her sur-reply should be denied.

WHEREFORE, Defendant respectfully requests that this Court deny plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Or In the Alternative For Leave to File a Sur-Reply, and grant the District's Motion for Leave to Late File Its Reply.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____\s\_____
PATRICIA A. JONES #428132
Chief, General Litigation, Sec. IV
_____\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
E-mail: Michael.bruckheim@dc.gov

---

[1] Defendant notes that counsel for plaintiff also failed to seek consent for leave to file the sur-reply as required by LCvR 7(m).

<u>7(m) CERTIFICATION</u>

On September 20, 2006, undersigned counsel contacted plaintiff regarding the relief herein sought. Plaintiff's counsel opposed the requested relief.

_____\\s\\_____
MICHAEL P. BRUCKHEIM [455192]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MURIELENE GORDON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |
| _____: | |

**ORDER**

Upon consideration of Plaintiff's Motion to Strike the District of Columbia's Reply to Her Opposition to Defendant's Motion for Summary Judgment Or In the Alternative For Leave to File a Sur-Reply, defendant's opposition thereto, and the record herein, it is this _____ day of _____, 2006,

ORDERED: that plaintiff's motion is hereby DENIED for the reasons set forth in the District's Reply.

_____
Judge Emmet G. Sullivan

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MURIELENE GORDON, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :     CV-05-1907 (EGS) |
| DISTRICT OF COLUMBIA, | : |
| | : |
|     Defendant. | : |
| _____ | : |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion to Late File Its Reply to Plaintiff's Opposition to Its Motion for Summary Judgment, plaintiff's opposition thereto, and the record herein, it is this \_\_\_\_\_ day of _____, 2006,

ORDERED: that Defendant District of Columbia's Motion is hereby granted for the reasons set forth in the District's Motion, and it is,

FURTHER ORDERED: that defendant's Reply is accepted as filed.

                                       _____
                                       Judge Emmet G. Sullivan