UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Murielene Gordon  :
Plaintiff  :Civil No. 05-1907
v.
District of Columbia   .  :Judge Emmett G. Sullivan
Defendant  :Magistrate Judge John M. Facciola

**Plaintiff=s Rule 26(a)(2) Statement**

Comes Plaintiff, through her undersigned counsel, making disclosure in accordance with FRCP Civil - 26(a)(2), and states as follows

a. Dr. James Tozzi 106 Irving Street, N.W., Washington, DC 20010, is an expert physician and Assistant Clinical Professor of Orthopedics at Georgetown University Hospital (since 1985) who has treated Plaintiff for her physical conditions, including arthritis. He will offer testimony as to his treatment of the Plaintiff as well as expert testimony on the short term and permanent impact of Plaintiff=s working conditions in suit on Plaintiff=s physical condition, particularly on her arthritis. He is Board certified in Orthopedic Surgery and licensed in the District of Columbia (since 1985) and Maryland (since 1986). He has neither testified as an expert nor published in the past ten years. His fee is $595/hour for all court related services. It is estimated that his total fee will not exceed $2400 depending on what transpires.

b. Dr. Robert Collins, 106 Irving Street N.W., Washington, DC 20010 is an expert physician and Chair, Division of Surgery and Surgical Sub-specialties, National Rehabilitation Hospital (since 1999) who has treated Plaintiff for her physical conditions, including arthritis.

He will offer testimony as to his treatment of the Plaintiff as well as expert testimony on the short term and permanent impact of Plaintiff=s working conditions in suit on Plaintiff=s physical condition, particularly on her arthritis. He has neither testified as an expert in the past four years nor published in the past ten years. His fee is $595/hour for all court related services. It is estimated that his total fee will not exceed $2400, depending on what transpires.

    c.  Harold Snider, Ph.D. 4921 Bel Pre Road, Rockville, MD 20853, will offer expert testimony as to making reasonable accommodations for person with disabilities, including Plaintiff, under the Americans with Disabilities Act, Rehabilitation Act, and District of Columbia Human Rights Act. Dr. Snider is Executive Director of Services for the Visually Impaired, Silver Spring, MD and has been a consultant to the United States Department of Justice on the Americans with Disabilities Act. He has received $550 for all services to date. He has not testified in the past four years as an expert. His publications over the past ten years are. ABraille and Brotherhood@, Scottish Rite Journal of Freemasonry, Southern Jurisdiction, Washington, DC (August, 2005), AUnderstanding the Holocaust@, the Braille Monitor, National Federation of the Blind, Baltimore, MD (May, 2004), AFrom Salon to Saloons-19th Century American Popular and Patriot Music as Played on the World=s Finest Music Boxes@ (Compact Disc Produced by International Braille Research Center, Baltimore, MD (June, 1997), and AThe Twenty Percent ChallengeBThe Remaining Barriers Are Attitudinal@, ASTA Agency Management, Washington, DC (May, 1996). The total estimated fee is $3500. His report and resume are at Exhibit 1.

    d. R. Samuel Mayer, M.D., Johns Hopkins University Medical Institute, 600 N.Wolfe

Street, Phipps No.160, Baltimore, MD 21287, is an expert whose report and resume are attached as Exhibit 2.  He will offer expert testimony on making reasonable accommodations for Plaintiff a person with arthritis, an individual with a disability under the laws cited in the complaint herein,

including the Americans with Disabilities Act. Dr. Mayer's extensive publication list is noted on his resume. His report notes that he has testified in Baycol v. MDI, U.S. District Court (D. Minn. 2005), Sabieri v. Cooper Foster, District Court (Lorraine, Ohio, two times in 2005), Bauman v. Bayer, U.S.D.C. (D. Minn. 2006) and Flexner v. Bayer, U.S.D.C .(D. Minnesota, 2006). Dr. Mayer has been paid $1000 to date. His hourly fee is $500/hour. The total estimated cost of his testimony, depending upon what is involved is $5000.

     e. Keith Miller, LGSW, materials at Exhibit 3 hereto, will give expert opinion that Plaintiff has suffered emotional harm  as a result of the events  in suit at Ballou Senior High School. He has been treating Plaintiff since 2006. He has not testified before. He has published Ecological Assessment of Substance-Abuse Experience, Addictive Behaviors (2005). This is his only publication in the past ten years. He has been paid approximately $500 to date for court reports. The total additional estimated expense is $2500, depending upon what transpires. Materials from Pastoral Counseling and Consultation Center relating to Murielene Gordon had to be reconstructed for purposes of electronic filing.

     f. John Salmen, AIA, 6 Grant Avenue, Takoma Park, MD 20912 will testify as an expert  on Rebuttal about the violations of the accessibility standards applicable under  laws, including but not  limited to the laws cited in the complaint at Ballou High School at the time of the events in suit. His rate is $350/hour for all court related work. Over the past ten years he has published  Universal Design Newsletter, quarterly and ongoing, Images of Universal Design

Excellence, National Endowment of the Arts 1996, Everyone=s Welcome: The Americans with Disabilities Act and Museums, American Association of Museums, Washington, DC, 1998.In the past four years he has testified in the matters of Colorado Cross Disability Coalition v. Colorado Rockies, U.S.D.C. (D.Wyo.), U.S. v. Rose, U.S.D.C. (E.D. Mich.), Gathright-Dietrich and Bonham v. Atlanta Landmarks Comm, U.S.D.C. (N.D. Ga.), Bacon v. City of Richmond, U.S.D.C. (E.D. Va.), and Giorlando v. Washington Township Board of Education, U.S.D.C. (D. N.J.) He has been paid $500 for work so far. It is estimated that his total fee will not exceed an additional $3500. See, Exhibits 4a and 4b.

    g. Plaintiff wishes to point out to the Court that Exhibit 5,6, and 7 are all common exhibits to be used by both Dr. Snider and Dr. Mayer and possibly Mr. Salmen. Exhibit 5 is various communications relating to reasonable accommodation as well as schematic drawings provided by Defendant in discovery showing, inter alia, the location of Plaintiff's classroom at Ballou Senior High School . Exhibit 6 is materials from the Job Accommodation Network. Exhibit 7 is copies of photographs to be authenticated by Plaintiff. Actual copies of the photographs have been submitted directly to the Clerk of the Court, per instructions from the electronic filing staff.

                                    Respectfully submitted,

May 12, 2007

                                    Charles D. Goldman, Esq.#201509  
                                    Attorney for Plaintiff  
                                    1155 -15th Street NW #1004  
                                    Washington, DC 20005  
                                    202 466 -7550 202 467 5085 fax

[cdg.gsquared@att.net](mailto:cdg.gsquared@att.net)

Certificate of Service

I hereby certify that a copy of the foregoing was sent electronically to Michael Bruckheim, Esq., Assistant Attorney General, this 12th day of May, 2007 at Michael.Bruckheim@dc.gov.

Charles Goldman                    .