## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1907 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT DISTRICT OF COLUMBIA'S RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56(c), hereby moves this Court to grant it summary judgment on all claims set forth in plaintiff's Complaint.  As grounds therefore, the District states the following: 1) plaintiff's claims under the American With Disabilities Act ("ADA") and Rehabilitation Act ("RA") are time-barred; 2) plaintiff's accommodation claims under the D.C. Human Rights Act ("DCHRA") are precluded due to her failure to comply with D.C. Official Code § 12-309 (2001 ed.), and 3) plaintiff cannot prove that she was discriminated against on the basis of her disability.

A Memorandum of Points and Authorities, along with a Statement of Undisputed Material Facts and a proposed Order, are attached hereto.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

      \s\
_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:      \s\
_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1907 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S RENEWED MOTION FOR SUMMARY
JUDGMENT**

In support of its motion for summary judgment, defendant District of Columbia (the

"District") states as follows.

**I.    PRELIMINARY STATEMENT**

On or about September 28, 2005, plaintiff filed suit against the District for its alleged

violations of:  (1) the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, (2)

Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, *et seq.,* and (3) the District of

Columbia Human Rights Act (DCHRA), D.C. Official Code §§ 2-1401, *et seq.*  Plaintiff claims

that she has degenerative arthritis.  Exhibit #1, Deposition of Murielene Gordon, p. 272:11-20.

Plaintiff seeks declaratory and compensatory damages as the result of the District's alleged

failure to accommodate her disability.  *See* Plaintiff's Complaint, Prayer for Relief.

Plaintiff avers that she began working as an art teacher at Ballou High School in 1990.

Exhibit #1, Deposition of Murielene Gordon, p. 32:22 through p.33:1-4. She alleges that while at

Ballou during 1999-2002, she did not have access to an accessible bathroom, that she did not

have keys to locked emergency doors, that the heating and cooling system was non-functional,

that shelves were too high, and that she did not have access to a copier.  *See generally,*

Plaintiff's Complaint.  Plaintiff also claims that she was required to attend meetings on the second floor, and that she "periodically" requested reasonable accommodations from her supervisor, but no reasonable accommodations were provided to her.  *Id.*

Plaintiff alleges that she filed a complaint with the D.C. Office of Human Rights (hereafter "OHR") and Equal Employment Opportunity Commission (hereafter "EEOC") on April 18, 2003.  Exhibit #1, Deposition of Murielene Gordon, p. 108:22 through  p. 112:22. Within her OHR and EEOC complaint, she states that "between 1999 and 2002, [she] requested and was denied various reasonable accommodations."  *See* OHR/EEOC Complaint, identified by plaintiff at deposition as Exhibit 9 (see *Id.*  at 108:22-112:22), and hereto attached as Exhibit #2. The complaint does not identify any discrete acts of discrimination during the relevant time period of October 18, 2002, through April 18, 2003.  *Id.*  The complaint also does not identify any discrete acts for the period June 22, 2002, through October 18, 2002.  *Id.*  Plaintiff never filed an amendment to the charged she filed with either OHR or EEOC.  Exhibit #1, Deposition of Murielene Gordon, p. 114:3-7.  Plaintiff also alleges that she filed notice of her intent to sue the District of Columbia pursuant to D.C. Official Code § 12-309 (2001 ed.) on April 11, 2003. *See* Plaintiff's Complaint, ¶ 19.

As will be shown below, plaintiff's claims cannot be maintained because:  1) plaintiff's claims under the ADA and RA are time-barred, 2) plaintiff's accommodation claims under the D.C. Human Rights Act are precluded due to her failure to comply with D.C. Official Code § 12-309 (2001 ed.), and 3) plaintiff cannot prove that she was discriminated against on the basis of her disability under the ADA, RA, and/or DCHRA.

## II.    STANDARD OF REVIEW

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id*.

## III.    PLAINTIFF'S CLAIMS ARE TIME BARRED UNDER THE AMERICAN WITH DISABILITIES ACT AND THE REHABILITATION ACT

Plaintiff seeks to hold the District liable under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, *et seq.*, because it allegedly failed to accommodate her disability. *See generally*, Plaintiff's Complaint. While the ADA does not contain its own statute of limitations, it is well-settled that the procedures of Title VII, specifically the limitations period set forth in § 2000e-5, are applicable to actions brought under the ADA.[1] See 42 U.S.C. § 12117(a). The Rehabilitation Act is to be applied in a manner consistent with the ADA. See  42 U.S.C. § 12117(b). Pursuant to the

---

[1] Title I of the ADA, which governs employment discrimination cases, expressly incorporates "the powers, remedies, and procedures set forth in [Title VII]." 42 U.S.C. § 12117(a). This incorporation includes the statute of limitations for Title VII actions. *Conner v. Reckitt & Colman*, 84 F.3d 1100, 1012 (8th Cir. 1996) (applying 300-day statute of limitations to ADA claim); *Rodriquez v. Salinas City Sch. Dist*., 2000 U.S. App. LEXIS 5900, *2 (9th Cir. 2000) (same).

procedures set forth in 42 U. S. C. § 2000e-5(e), an administrative complaint, or "charge," must

be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the

alleged unfair employment practice, unless the complainant has first instituted proceedings with

a state or local agency, in which case the limitations period is extended to a maximum of 300

days.  *See Hobby v. D.C., et al.,* No. 1:07-vc-01061-RMC,[2] hereto attached as Exhibit #3, *citing*

*Ledbetter v. Goodyear Tire & Rubber Co., Inc.,* 127 S.Ct. 2162 (2007) (citing 42 U.S.C. §

2000e-5(e)(1).  *See also, Lorance v. AT&T Technologies*, 490 U.S. 900, 904 n. 2 (1989).

In this case, plaintiff simultaneously filed her charge with the D.C. Office of Human

Rights ("OHR") and EEOC "on or about April 18, 2003."  Exhibit #1, Deposition of Murielene

Gordon, p. 110:12-111:7.  Because plaintiff did not file her complaint with the local agency

prior to filing it with EEOC, the 180-day limitations period is applicable.  In her OHR/EEOC

complaint, plaintiff alleges that she requested and was denied various accommodations between

1999 and 2002.  *Id.* at 112:17-114:2.  Under the 180-day rule, plaintiff would be barred from

pursuing any claims that allegedly occurred prior to October 18, 2002, since she did not file her

charge until April 18, 2003.   Because she never amended her complaint, she is also barred from

pursuing any claims that allegedly occurred after April 18, 2003.

Plaintiff's OHR/EEOC complaint does not identify any specific acts committed by the

District or any claims that the District failed to act to accommodate her disability between the

period October 18, 2002, and April 18, 2003 (the 180-day period).[3]  *See* EEOC Complaint,

identified by plaintiff at deposition as Exhibit 9 (*see* Exhibit #1 at108:22-112:22), and hereto

attached as Exhibit #2.  According to the record evidence, plaintiff did not work during the 2002-

2003 school year, which is the period from August 2002, through August 2003.  *See* Exhibit #1,

---

[2] The District recognizes that this Court is not bound by the *Hobby* decision, but believes it is persuasive authority.
[3] Plaintiff avers that she was placed on leave without pay status on or about February 27, 2003.  As will be discussed

Deposition of Murielene Gordon, p.233:10-19. *See also*, Plaintiff's Response to Interrogatory #14, hereto attached as Exhibit #4 (in which she avers that she was not cleared to work during the 2002-2003 school year until October 2002, but did not return to work until the fall of 2003). Therefore, it was impossible for the District to accommodate her during a period of time when she was absent from work. Because plaintiff failed to timely file her EEOC charge for incidents occurring prior to October 18, 2002, she is precluded from pursuing her claims against this defendant under the ADA and/or RA.

Even assuming *arguendo* that the 300-day period is applicable, plaintiff's claims prior to June 22, 2002, would be barred as untimely. The 2002-2003 school year ended in June, 2003, and plaintiff was not at work during that entire period. Exhibit #4, Plaintiff's Response to Interrogatory #14, hereto attached as Exhibit #4. In fact, plaintiff did not work for the period June 22, 2002, through and including April 18, 2003. *Id.* Therefore, any claims that pre-existed June 22, 2002, are also time-barred.

**IV.    PLAINTIFF HAS NOT SHOWN THAT THE DISTRICT DISCRIMINATED AGAINST HER BASED ON HER ALLEGED DISABILITY IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, THE REHABILITATION ACT, AND/OR THE D.C. HUMAN RIGHTS ACT**

Plaintiff avers that she told her supervisor Dr. Bridges that she would return to teach in September 2002, but was not medically qualified to return to work until October 2002. Exhibit #1, Deposition of Murielene Gordon, p. 186:6 through 190:13; *see also*, Exhibit #2, OHR/EEOC Complaint. Plaintiff was paid for her sick leave until February 3, 2003, when she no longer had leave. Exhibit #1, Deposition of Murielene Gordon, p. 205:3-7. While plaintiff recognized that the District had to have someone teach her class in her absence, she claims that her supervisor Dr. Bridges orally told her that he did not want her at Ballou, and intended to transfer her to

more fully herein, plaintiff cannot recover under the ADA, RA, or DCHRA for this claim.

another school.  *Id.*  at 187:3 through 190:13. Within her OHR/EEOC Complaint, plaintiff avers

that the District:   1) refused to permit her to return to work since late October 2002, and 2)

placed her on absent without leave status in February, 2003, purportedly in violation of the

American With Disabilities Act and Rehabilitation Act.  *See* Exhibit #2.

During deposition, plaintiff admitted that she never received anything in writing that

notified her that she was not permitted to return to work.  Exhibit #1, Deposition of Murielene

Gordon, p. 186:17 -187:2.  Plaintiff further testified that she made no attempt to return to work.

*Id.,* at 187:13-188:7.  Plaintiff admits that by letter, dated February 26, 2003, Dr. Bridges

instructed her to report to duty by March 10, 2003, but she refused and/or failed to do so.  *Id.,* at

205:16 through  207:18.

In order to prevail on her disparate treatment claim against the District, plaintiff must set

forth a *prima facie* case of discrimination, and prove the following factors:  (1) that she belongs

to one or more protected classes; (2) that she was qualified for her position; (3) that she was

subjected to an adverse action; and (4) that the District took adverse action against her because

she is a member of a protected class.  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792,

802 (1973).

If an employee succeeds in establishing a *prima facie* case, the burden "shifts to the

employer to articulate legitimate, non-discriminatory reasons for the challenged employment

decision." *Aka v. Washington Hosp. Ctr,* 156 F.3d 1284, 1288 (D.C. Cir. 1998)(en banc).  If the

employer articulates a legitimate, non-discriminatory reason for the termination, the presumption

of discrimination raised by the *prima facie* case is rebutted and "drops from the case".  See *Texas

Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).   At that point, the employee

must demonstrate that the employer's explanation is a mere pretext for discrimination. *See Aka*,

156 F.3d at 1288.  Throughout, the employee retains "the ultimate burden of persuading the court that he has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256.  Plaintiff cannot satisfy her *prima facie* case because she cannot prove that she suffered an adverse action. *See Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002); *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999).

The D.C. Circuit Court of Appeals has held that, "to establish an adverse personnel action in the absence of diminution of pay or benefits, plaintiff must show an action with 'materially adverse consequences affecting the terms, conditions, or privileges of employment.'" *Stewart*, 275 F.3d at 1134 (quoting *Brown*, 199 F.3d at 452).  The Circuit has defined a "tangible employment action," a phrase that is interchangeable with "adverse employment action," as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Stewart*, 275 F.3d at 1135 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)).

In this instance, plaintiff did not suffer a significant change in her employment status.  At her deposition, plaintiff testified that not only had she had applied for and received extended sick leave through October 2002, due to her plans to have surgery, but she also remained absent on sick leave up until the point in 2003 when her sick leave ran out.  The following colloquy occurred at deposition:

Q     In 2002 to 2003, prior to the time that you were placed on leave without pay status you were on sick leave, is that correct?

A     Sick Leave Bank, yes.

Q     Okay.

A    Yes.

Exhibit #1, Deposition of Murielene Gordon, p.  201:9-15.

Plaintiff further testified that for the entire time she was out on sick leave, she continued to receive her salary.

Q    So you were receiving pay checks during that time between October 2002 up until the time you were placed on leave without pay status?  You were still getting paid, correct?

A    Correct.

*Id.,*  at 205:3-7.

Plaintiff alleges that defendant placed her on absent without leave status in February, 2003, due to her disability.  Plaintiff received a letter from Ballou, dated February 26, 2003, which informed her that she was currently on absent without leave status.  *Id.,* at 205:16-207:18. Plaintiff was directed to report to work by March 10, 2003.  *Id.*  Although she was medically cleared by her doctor to return to work in October 2002, she did not report to work although instructed to do so.  *Id., see also,* Exhibit #1, Deposition of Murielene Gordon, at 207:20-208:2. Plaintiff, by her own admission, refused to return to work for the remainder of the school year. As is shown by the evidence, plaintiff was not placed on leave without pay status because of her alleged disability, but because she had exhausted her leave, and had already been medically cleared to return to work.  *Id.,* at 121:10-122:7.

Based on this record, no reasonable jury could find that the District discriminated against plaintiff because of her disability, and/or that she suffered any adverse consequences as a result of the District's alleged actions.

**V.    PLAINTIFF FAILED TO COMPLY WITH D.C. OFFICIAL CODE § 12-309 AND HER CLAIMS UNDER THE D.C. HUMAN RIGHTS ACT ARE BARRED.**

In order to maintain any action against the District of Columbia for unliquidated damages, a claimant/plaintiff must satisfy the mandatory notice requirement of D.C. Official Code § 12-309 (2001 ed.) prior to filing suit.  See, *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975).  In particular, § 12-309 provides that:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the approximate time, place, cause, and circumstances of the injury or damage.

As indicated by a long line of cases, § 12-309 is to be strictly construed.  *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978); *Toomey v. District of Columbia*, 315 A.2d 565, 566 n.1 (D.C. 1974);  *District of Columbia v. World Fire & Marine Ins. Co.*, 68 A.2d 222, 225 (D.C. 1949); *Boone v. District of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968).  "... [C]ompliance with the statutory notice requirement is mandatory," and is a "condition precedent to filing a suit against the District." *Hill*, 345 A.2d at 869; *Gwinn v. District of Columbia*, 434 A.2d 1376 (D.C. 1981).  More important, notice must be received within six months of the events which allegedly have caused a claimant's injury, not merely mailed or transmitted to the District within six months.  *DeKine v. District of Columbia*, 422 A. 2d 981, 984 (D.C. 1980).  Notice received even one day past due is considered untimely, and completely bars recovery against the District.  *Id*. at 986.

In this case, plaintiff seeks unliquidated damages from the District under the D.C. Human Rights.  Plaintiff's claims under the D.C. Human Rights Act are not "creations of federal law."  In fact, "when a federal court exercises pendent jurisdiction over a claim based on state law, it must apply an applicable notice-of-claim provision."  *See Glenn Giardino, et al. v. D.C., et al.,* No. 1:06-cv-00469-JMF, citing *Felder v. Casey*, 487 U.S. 131, 151 (1988), holding federal courts

entertaining state-law claims against Wisconsin municipalities are obligated to apply the notice-of-claim provision." See also, *Hewett v. Inland Hosp.,* 39 F.Supp. 2d 84, 86-88 (D. Me. 1999); *INX Int'l Ink co. v. Delphi Energy & Engine Mgmt. Sys.,* 943 F.Supp. 993, 997-99 (D.D. Sis. 1996).

In her complaint, plaintiff avers that she filed notice of her intent to sue the District on April 11, 2003. See Complaint, at ¶ 19. Therefore, plaintiff's claimed damages must have occurred on October 11, 2002, six months prior to her sending the Mayor notice of her claims. Any misconduct that allegedly occurred prior to October 11, 2002, and after April 11, 2003, must be dismissed. Plaintiff has not set forth any viable claims against this defendant during the period October 11, 2002, through April 11, 2003, for which she may obtain relief from this defendant. *See generally*, Plaintiff's Complaint. *See also*, Sections III, and IV, *supra*. Accordingly, dismissal of those claims is appropriate.

**VI.    CONCLUSION**

For the foregoing reasons, the District of Columbia moves this Court to grant it summary judgment on all claims against it.

> Respectfully submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> _____\s_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV

\s\
_____

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MURIELENE GORDON,   :
           :
     Plaintiff,   :
           :
v.          :   Civil Action No. 05-1907 (EGS)
           :
DISTRICT OF COLUMBIA,  :
           :
     Defendant.  :

## DEFENDANT DISTRICT OF COLUMBIA'S
## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

   In support of its Renewed Motion for Summary Judgment, the District submits its

Statement of Material Facts Not In Dispute, and states as follows:

1. The plaintiff admits that her charge was not filed with the OHR/EEOC until "on or about

  April 18, 2003." *See* Plaintiff's Complaint, ¶ 19 and Exhibit #2, EEOC Complaint.

2. Plaintiff filed notice of her intent to sue pursuant to D.C. Official Code § 12-309 (2001 ed.)

  on April 11, 2003. *See* Plaintiff's Complaint, ¶ 19.

3. Plaintiff applied for and received extended sick leave through October due to her plans to

  have surgery, but she also remained absent on sick leave up until the point in 2003 when her

  sick leave ran out. Exhibit #1, Deposition of Murielene Gordon, 201:9-15.

4. Plaintiff received her salary for the entire time that she was out on sick leave. Exhibit #1,

  Deposition of Murielene Gordon, 205:3-7.

5. Plaintiff testified that despite receiving no official notification in writing that she was in any

  way barred or suspended from working at Ballou, she made no effort to return to work after

  the alleged verbal statement from the principal. Exhibit #1, Deposition of Murielene Gordon,

  186:17 through 188:7.

6.  Plaintiff received a letter from Ballou, dated February 26, 2003, which informed her that she was currently on absent without leave status, and to report to work by March 10, 2003. Exhibit #1, Deposition of Murielene Gordon at 205:16 through 207:18.

7.  After receiving the letter of February 26, 2003, plaintiff did not report to work for the remainder of the school year.  Exhibit #2, Deposition of Murielene Gordon, 205:16 through 207:18.

8.  Plaintiff was medically cleared by her doctor to return to work by March 7, 2003.   Exhibit #1, Deposition of Murielene Gordon, 217:5-21.

9.  Plaintiff wanted to return to work in October, 2002.  Exhibit #1, Deposition of Murielene Gordon, 207:8-13.

10. Plaintiff remained at her job in the same position of teacher until her voluntary retirement in January, 2006.  Exhibit #1, Deposition of Murielene Gordon, 58: 10-16.

<div style="margin-left:40%">

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MURIELENE GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1907 (EGS) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

This matter, having come before the Court on defendant District of Columbia's Renewed

Motion for Summary Judgment, its supporting Memorandum of Points and Authorities, and the

entire record herein, including plaintiff's opposition, it is, this ____ day of _____,

200_,

ORDERED; that the said motion be, and hereby is, GRANTED for the reasons set forth

in the motion; and it is,

FURTHER ORDERED; that the judgment be entered on behalf of the defendant District

of Columbia.


_____
The Honorable Judge Sullivan
United States District Court
for the District of Columbia