# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GERALDINE TALLEY HOBBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1061 (RMC) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff Geraldine Hobby, acting pro se, brought this suit against the District of Columbia and Clifford Janey, the former superintendent of the D.C. Public Schools.[1] She alleges that she was employed by the District of Columbia in the public school system from 1967 to 1992 and that she was retroactively and wrongfully terminated in 1995. Defendants filed a motion to dismiss, and Ms. Hobby filed an opposition.

The Complaint vaguely alleges that Ms. Hobby was "fraudulently and erroneously terminated." *See* Compl. at 2. However, Ms. Hobby made more specific allegations in the complaint she filed with the with the Equal Employment Opportunity Commission ("EEOC") on July 21, 2006. There, she alleged discrimination on the basis of race, age, and disability. Thus, the Court construes her Complaint as including claims of (1) race discrimination under Title VII, 42 U.S.C. §§ 2000e-2000h-6.; (2) age discrimination under the Age Discrimination in

---

[1] Ms. Hobby also erroneously named D.C. Public Schools ("DCPS") as a defendant in this case. Because bodies within the District of Columbia government are not suable as separate entities, *see, e.g., Roberson v. District of Columbia Bd. of Higher Educ.*, 359 A.2d 28, 31 n.4 (D.C. 1976), DCPS is dismissed from this case.

Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; (3) disability discrimination under the Americans with Disabilities Act (:ADA"), 42 U.S.C. §§ 12101-12213; and (4) race, age, and disability discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01- 1403.17.

Ms. Hobby's claims are time-barred. An individual who wishes to challenge an employment practice under Title VII must first file a charge with the EEOC, and such charge must be filed within 180 days, or 300 days where there is a local antidiscrimination agency such as the D.C. Office of Human Rights, after the alleged unlawful employment practice. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S. Ct. 2162 (2007) (citing 42 U.S.C. § 2000e-5(e)(1)). If the employee does not timely file an EEOC charge, she may not challenge the allegedly discriminatory employment practice in court. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). This timely filing requirement applies to claims under the ADEA, 29 U.S.C. § 626(d), and to claims under the ADA, 42 U.S.C. § 12117 (42 U.S.C. § 2000e-5 applies to ADA claims). An individual who wants to challenge an employment practice under the DCHRA must file a charge with the D.C. Office of Human Rights within one year after the occurrence of the discriminatory practice. D.C. Code § 2-1403.04(a).

Ms. Hobby alleges that she was discriminated against when she was terminated on May 5, 1995, yet she did not file a charge with the EEOC until July 21, 2006, and she did not file a charge with the D.C. Office of Human Rights until October 28, 2006. *See* Compl., Exs. "EEOC Intake Questionnaire" and "Charge of Discrimination." Thus, Ms. Hobby's filings with the EEOC and the D.C. Office of Human Rights were over ten years late. She does not allege any circumstance that would require the Court to apply equitable tolling. *See Thompson v.*

*WMATA*, No. 01-7026, 2001 WL 1154420 (D.C. Cir. Aug. 9, 2001). Accordingly, the motion to dismiss [Dkt. #7] will be granted, and this case will be dismissed. All other pending motions will be denied as moot. A separate memorializing order accompanies this Memorandum Opinion.

_____/s/_____<br>
ROSEMARY M. COLLYER<br>
United States District Judge

DATE: November 29, 2007