Gordon v. District of Columbia, No.05-1907 (EGS)

# Exhibit 14

February 12, 20003

U.S. Equal Employment Opportunity
Commission Office
Attn: Mr. Daron Calhoun,
Intake Supervisor
1400 L Street N.W. Suite 200
Washington, D.C.

Dear Sir:

I am writing this letter to file a complaint with your office. If there is additional information needed, I have listed where to contact me.

**History:** I am a 59 year old female who works as an art teacher in the District of Columbia Public Schools (DCPS). I have been teaching in the DCPS in various capacities since 1979. I have been teaching at Ballou Senior High School since 1990. Ballou is located at 3401 4th Street, S.E. The principal is Dr. Art Bridges.

I suffer from osteoarthritis in both knees and both hips. It is a disabling disease that may last my lifetime.

**Complaint:** In June of 20002, during my end- of -the- year teacher evaluation with the principal, Dr. Art Bridges, I informed him that I may have to have total joint replacement during the summer. I stated that I would contact him in July before school started to let him know what I will do.

In July I talked with my doctors and we decided that instead of knee surgery, I would have extensive physical therapy at the National Rehabilitation Hospital. As agreed, I called Dr. Bridges and advised him of my medical decision. I explained that I would be late returning to work at the beginning of the school year. I informed him that I would send him copies of my doctors' prognosis of my condition as well as a copy of the WTU Sick Leave Bank application I was applying for.

In August, I sent the doctors' prognosis and I sent a copy of the WTU Sick Leave Bank Application to Dr. Bridges. I called Dr. Bridges to verify that he received all of the information. Dr. Bridges informed me that he had received the information, and he felt that Ballou was not the place for me. He stated that he felt that I was a " liability at Ballou" and I needed to be in a school with smaller class enrollments. He said that " if there was a fire, I would not be able to run out the door and my students would not be able to help me get out". I informed Dr. Bridges that I have been teaching at Ballou for twelve years and, no one had voiced this concern about me running out the door before. I also informed him that in my

classroom there is a door which leads to the outside but it is chained and locked. I stated that if I had a key to the door I would not need to run out, I could easily walk out. He stated that he was going downtown (DCPS) to fill out paperwork for my transfer. He asked me what teaching level I would be comfortable with. I told him that if he was going to transfer me, I would prefer secondary level. I asked him what do I do now? He told me to "sit tight".

In September, the first day of school for students, I called the office and asked to speak with Dr. Bridges. His secretary stated that he was busy. I requested that she leave him a message to contact me regarding my teacher status. He returned my call around 5:00 p.m. that evening. I asked him what my status as a teacher was and when would I be transferred. He said that he needed to know when I would be finished with therapy. I informed him that I would be finished sometime after October the 24th.

On October 25th, I called Dr. Bridges and told him I was finished with therapy. I told Dr. Bridges that working at Ballou, in classroom 111, had caused additional medical problems due to the lack of heat in the radiators and drafty windows. I reminded him of the numerous memos I sent to him and the engineering staff to do something about this problem. I informed him that my work environment exacerbated my medical condition. He asked me to send him copies of all the memos relating to this situation. On October 30th, all memorandums and other relative documentation were sent to Dr. Bridges.

On Friday, January 25, 2003, I received a form letter and notice from DCPS requesting information about 566 hours of minus sick leave that was charge to my sick leave account. I felt that Dr. Bridges would be able explain or correct this situation. I wrote on the form to contact Dr. Bridges, mailed the form to DCPS, and sent Dr. Bridges a copy. On Tuesday January 28th, he contacted me to say that he had received the copy. He further stated that he had prepared a Fitness of Duty form on my behalf and, that was why they were calculating sick leave against my account.

I reminded Dr. Bridges of our initial conversation in August of 2002, when he stated to me that I was a " liability to Ballou" and that he was going to fill out transfer papers. I also reminded Dr. Bridges of my inquiries to him in October 2002 (upon completing my therapy), as to any information related to my proposed transfer. Dr. Bridges then admonished me and said that if I complained further, he would place me on AWOL and I would not receive a paycheck. He ended the conversation by hanging up the telephone.

**Conclusion:** In good faith, I communicated with and sent all necessary documents to Dr. Bridges. What Dr. Bridges said in August of 20002 is not consistant with what he is saying now. In addition, Dr. Bridges has not provided me with any written documentation concerning my teaching status. I think it is his obligation to inform me, in writing, of any change or conditions of change regarding my status.

I believe that something went wrong in his assessment to get me out of Ballou and I am paying the penalty. I feel that I have been discriminated against because I am disabled and also because of my age. I feel that he is trying to force me out of the DCPS system. Under the Americans with Disabilities Act, I think that Dr. Art Bridges must reasonably, and effectively accomodate disabled employees and not try to intimidate them or use coercion to get them out of his workplace.

I believe that he has demonstrated a lack of caring by not maintaining a safe, healthy workplace and has made no reasonable effort to correct the situation.

You may contact me at the address and telephone number listed below. Thank you for your time and consideration. Enclosed are copies of documentation and other related data.

Sincerely,

*Murielene E. Gordon*

Mrs. Murielene E. Gordon
1022 Bryant Street, N.E.
Washington, D.C. 20018
(202) 636-8606 hm.

# CHARGE QUESTIONNAIRE

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on back before completing this form.

EEOC Use Only — Name (Intake Officer)

Please answer the following questions, telling us briefly why you believe you have been discriminated against in employment. An officer of the EEOC will talk with you after you complete this form.

DOB: 7-10-43   Social Security Number: 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

NAME: Murielene Elizabeth Gordon (First / Middle Name or Initial / Last)   DATE: 3/4/03

ADDRESS: 1022 Bryant St NE   TELEPHONE NO. (include area code): (202) 636-8606

CITY: Wash. DC   STATE: __   ZIP: 20018   COUNTY: __

Please provide the name of an individual at a different address in your local area who would know how to reach you.

NAME: Michelle Rennie   RELATIONSHIP: daughter   PHONE: (301) 853-0949

ADDRESS: 1001 Riggs Rd   CITY: Hyattsville   STATE: Md   ZIP: __

I believe I was discriminated against by: (Check those that apply)
[X] EMPLOYER   [ ] UNION (Give Local No.)   [ ] EMPLOYMENT AGENCY   [ ] OTHER (Specify)

APPROX. NO. EMPLOYED BY THIS EMPLOYER:

NAME: Dr. Art Bridges
ADDRESS: 3401-4th St SE
City, State, Zip: Wash DC
Phone #: (202) 645-3400

NAME: District of Columbia Public School
ADDRESS: 825 N. Capitol St NW
City, State, Zip: __
Phone #: __

If you checked "Employer" above, are you now employed by the Employer that you believed discriminated against you?

YES: From 1970 (date) present (current position)
NO: I applied for __ (position) on __ 
OR: I was employed as __ (position) until __ (date) I was sold off, fired, etc.

What action was taken against you that you believe to be discriminatory? What harm, if any, was caused to you or others in your work situation as a result of that action? (If more space is required, use reverse.)

See attached sheet

WHAT WAS THE MOST RECENT DATE THE HARM YOU ALLEGED TOOK PLACE? I was placed on AWOL 2/3/03

against you. [ ] Race  [ ] Sex  [ ] Color  [ ] Religion  [ ] National Origin  [X] Age  [X] Disability

[ ] Other (explain) _____

If you checked any block(s) above, explain why. If you did not check any block above, explain the reason(s) why you believe the action was taken against you.

*See attached sheet*

Normally, your identity as a complainant will be disclosed to the organization which allegedly discriminated against you. Do you [X] consent or [ ] not consent to such disclosure?

Have you sought assistance about the action you think was discriminatory from any agency, from your union, an attorney, or from any other source? [ ] No  [X] Yes  (If answer is yes, complete below.)

NAME OF SOURCE ASSISTANCE: **Mr. Charles Goldman Esq**   DATE: **2/27/03**
RESULTS IF ANY: _____

Have you filed a complaint about the action you think was discriminatory with any other Federal, State, or Local Government Anti-discrimination agency? [ ] No  [X] Yes  (If answer is yes, complete below.)

NAME OF SOURCE ASSISTANCE: **EEOC - DCPS**   DATE: **3/3/03**
RESULTS IF ANY: _____

Have you filed an EEOC Charge in the past? [X] No  [ ] Yes  (If answer is yes, complete below.)
APPROX. DATE FILED | ORGANIZATION CHARGED | CHARGE NUMBER (IF KNOWN)

I declare under penalty of perjury that the foregoing is true and correct.
SIGNATURE: **Murielene E Gordon**    DATE: **3/4/03**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974; Public Law 93-579. Authority for requesting personal data and the uses thereof are:
FORM NUMBER/TITLE/DATE: EEOC Form 283, Charge Questionnaire (12/93).
AUTHORITY: 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
PRINCIPAL PURPOSE: The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), consider it to be a sufficient charge of discrimination under the relevant statute(s).
ROUTINE USES: Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to charging parties in consideration of or in connection with litigation.
WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

Reverse Side of Form 283 (Test 10/94)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington Field Office

1400 L Street, N.W., Suite 200
Washington, D.C. 20005
(202) 275-7377
TTY (202) 275-7518
FAX (202) 275-0134 & 0025

## ADDITIONAL INFORMATION FOR YOU, THE CHARGING PARTY

- Generally, you have the burden to show that the Respondent has violated the laws we enforce. You must supply some specific evidence - with names, approximate dates, and possible witnesses to the events - that suggest unlawful discrimination has occurred. EEOC reserves the right to decide how to investigate, how far to investigate, and what determination to make on any charge. If EEOC does not find in your favor, you have the right to pursue your claim in legal action on your own.

- EEOC also decides what priority to give your case, based on the information you supply and our experience in such matters. Some cases are investigated immediately, but you should also be prepared to wait several months for the investigation to start.

- When we investigate, we might interview your witnesses and the employer's representatives, review records and documents, and contact other sources and witnesses not named by you for information. EEOC tries to protect employees currently working for the employer, and such witnesses can be talked to confidentially if they wish. If there are other employees who were affected by the circumstances in your case, we might expand the investigation to include their circumstances.

- If you feel you have been retaliated against for filing your charge, discuss this with an investigator. Discrimination law prohibits retaliation for asserting your civil rights by filing a charge or participation in an investigation.

- Let us know if you change your address or phone number while your case is open at EEOC. If we cannot locate you, we may dismiss your charge.

- EEOC does not act as a representative or attorney for either side, and cannot give legal advice. It's up to you whether to have an attorney represent you with us.

- A settlement, either directly between you and the employer or else through the mediation service offered by EEOC, is one way to get early action on your charge. A settlement usually requires compromises by both sides. EEOC cannot force the employer t oagree to the terms of a settlement, which is voluntary unless a suit has been filed an won.

- If, because of the events in your charge, you are now out of work, your search for work could have a bearing on any future damages. Keep a record of where and when you look for work, and what interim work you have obtained.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

1400 L Street, N.W., Suite 200
Washington, D.C. 20005
(202) 275-7377
TTY (202) 275-7518
FAX (202) 275-6834 & 0025

## ARE YOU IN THE RIGHT PLACE?
### Jurisdictional Information for Charging Parties

This information is being given to you to help you decide whether or not your employment problem can be handled by the United States Equal Employment Opportunity Commission (EEOC). If you have difficulty understanding these instructions or need special assistance, ask to speak to one of the Intake Officers.

The EEOC enforces the following laws prohibiting employment discrimination:

Title VII of the Civil Rights Act of 1964, as amended (Title VII)
The Age Discrimination in Employment Act of 1967, as amended (ADEA)
Title I of the Americans with Disabilities Act of 1990 (ADA)
The Equal Pay Act of 1963 (EPA)

EEOC receives and investigates employment discrimination charges against private employers (with 15 or more employees under Title VII and ADA, 20 or more employees under the ADEA) state and local governments, educational institutions, employment agencies and labor organizations (with 20 or more members under the ADEA). If the employment discrimination involves a federal government agency, STOP and ask to speak to an Intake Officer. If the actions alleged did not occur in Washington D.C. or Northern Virginia, STOP and ask to speak to an Intake Officer.

Generally, a charge must be filed within <u>300 days</u> of the date when the alleged act of discrimination occurred.

Sometimes employment practices are unfair, but not illegal. We can only take charges of <u>illegal</u> discrimination. This means unfair treatment you claim to have received must have happened because of one or more of the reasons below:

| | | |
|---|---|---|
| Your **RACE** | Your **RELIGIOUS BELIEFS** | Your **NATIONAL ORIGIN** |
| Your **COLOR** | Your **AGE** (If you are age 40 or over) | Your **DISABILITY** |
| Your **SEX** | Your **PREGNANCY** | |

**RETALIATION** for the following:
- Because you opposed an act violating one of the laws enforced by the EEOC;
- Because you participated in any way in an investigation or proceeding conducted by the EEOC; or
- Because of your association with someone protected by on of the laws enforced by the EEOC.

UNFAIR TREATMENT THAT IS <u>NOT</u> DUE TO ONE OR MORE OF THE ABOVE REASONS IS <u>NOT</u> HANDLED BY THE EEOC.

If you believe that the action taken against you was based on one or more of the above reasons, please be prepared to explain to the Intake Officer how you were discriminated against and <u>who was treated differently than you</u>.

NOTE: All charges received by the EEOC are automatically co-filed with one of the local Fair Employment Practice Agencies listed below. Our work sharing agreement provides for charges to be investigated by one of the agencies, not both. If you have already filed a charge, it may not be necessary for you to also file with the EEOC. STOP and ask to speak to an Intake Officer.

| | | |
|---|---|---|
| Alexandria Office of Human Rights | Arlington Human Rights Commission | D.C. Department of Human Rights and Minority Business Development |
| Fairfax County Human Rights Commission | Prince William County Human Rights Commission | Virginia Council on Human Rights |