Gordon v. District of Columbia, No.05-1907 (EGS)

# Exhibit 18

# CHARLES D. GOLDMAN, ESQ.
1155 15th Street, N.W.
Suite 1004
Washington, D.C.20005
(202) 466-7550 • Fax: (202) 467-5085
E-mail: cdg.gsquared@att.net

4/4/03

Supt. Vance

3 pages follow

Originals signed and mailed

CDG

# CHARLES D. GOLDMAN, ESQ.
1155 15th Street, N.W.
Suite 1004
Washington, D.C. 20005
(202) 466-7550 • Fax: (202) 467-5085
E-mail: cdg.gsquared@att.net

April 3, 2003

Paul L. Vance, Ph.D., Superintendent
District of Columbia Public Schools
825 North Capitol Street N.E.
Washington, DC 20002

Dear Superintendent Vance:

I am writing to urge you in the strongest terms to exercise leadership by having the District of Columbia Public Schools remedy an ongoing what has been an ongoing nightmare for my client, MURIELENE E. GORDON, an older worker, a careerist, a qualified individual with a disability.

In a nutshell, Ms. Gordon has been a successful teacher in the District of Columbia Public Schools since 1979. Her most recent assignment, which is where many of issues arose and which needs to be addressed, has been at Ballou Senior High School. She has various medical conditions, including arthritis, which leave her mobility impaired, substantially impaired in a major life activity, e.g. walking (as well as impaired standing and going up and down stairs). On an ongoing basis, she has been and is being denied reasonable accommodation, including not limited to, a key to exit her locked doors in an emergency, relocation of staff meetings to an accessible site (so Ms. Gordon would not have to climb stairs), provision of proper heating/ventilation in her classroom and assistance in cleaning her room. With accommodations she could continue to successfully perform her essential duties.

These conditions/events are serious violations of numerous federal and state civil rights statutes, such as the Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and the District of Columbia Human Rights Act. The practices at Ballou, particularly the lack of adequate heat in her class, also raise issues related to employee occupational health and safety laws, both federal and District of Columbia. She formally notified her Co-Principals in September, 1999. She has been and is being denied a safe working environment.

The unsafe, discriminatory work environment has been and is deleterious to her health, both physically and mentally, causing significant and ongoing harm.

Students at Ballou are also at risk. In fact, they complained to the then Principals in 2000 about being unable to learn because Ms. Gordon's room was so cold!

Ms. Gordon had been out on extended sick leave. Despite making numerous inquiries at Ballou, she had heard nothing. More recently, in a letter received in early March, she has been told she was on AWOL and threatened with disciplinary action, in immediate response to which she has requested a reassignment and notified the Principal at Ballou that she had filed a charge at the United States Equal Employment Opportunity Commission ( a legally protected activity). In turn, she was sent for a fitness for duty examination which was undertaken yesterday.



**CHARLES D. GOLDMAN, ESQ.**
1155 15th Street, N.W.
Suite 1004
Washington, D.C. 20005
(202) 466-7550 • Fax: (202) 467-5085
E-mail: cdg.gsquared@att.net

Dr. Paul Vance/Murielene E. Gordon
-2-

By way of additional background, in early March, 2003, Ms. Gordon completed and submitted DCPS' Equal Employment Opportunity Office Pre-Complaint Questionnaire. There has been no communication in over a month from the Equal Employment Opportunity Office. Failure to process a charge or questionnaire is itself a further violation of Ms. Gordon's rights.

The events have had devastating consequences to Ms. Gordon, who is being denied the right to earn her professional living, being placed on AWOL and threatened with disciplinary action, leaving her without income and health insurance-- but with extreme stress and significant damages because of DCPS' actions. These damages will only grow the longer this matter remains unresolved.

In the short run, there are certain basic steps which you can initiate and which are necessary to address and hopefully resolve all these issues. These actions can occur simultaneously.

More specifically, please immediately return Ms. Gordon to a pay status and return her to work in an accessible new work environment, not Ballou, with reasonable accommodation. Please direct DCPS' Ms. Gerrie McCottrey, Director of Equal Employment Opportunity to expedite processing of Ms. Gordon's questionnaire and charge which will follow.

Please provide me and Ms. Gordon a copy of her Fitness for Duty examination conducted for DCPS yesterday by Dr. Samuel Scott, 1120-19th Street NW., 4th floor, Washington, DC 20036.

Please contact me to discuss amicable resolution of her claims for damages.

Your prompt actions are both needed and would be appreciated.

Enclosed is her Notice of Claim filed with the Mayor in the amount of ten million dollars($10,000,00).

Sincerely,

Charles D. Goldman

cc: Murielene E. Gordon