Gordon v. District of Columbia, No.05-1907 (EGS)

# Exhibit 19

# CHARLES D. GOLDMAN, ESQ.

1155 15th Street, N.W.
Suite 1004
Washington, D.C.20005

(202) 466-7550 • Fax; (202) 467-5085

E-mail: cdg.gsquared@att.net

April 16, 2003

Georgia Stewart
District of Columbia Office of Human Rights
441 -4th Street, N.W.
#570N
Washington, DC 20001

Dear Ms. Gordon:

Murilene Gordon, through her undersigned attorney hereby files this complaint of employment
discrimination against the District of Columbia Public Schools. She has exhausted her remedy at
DCPS. See attached. Exhibit 1. My authorization to file this is Exhibit 2. She has filed a charge
with EEOC, No.100A300339, which should have been cross filed with your office. The charge is
being perfected.

Ms. Gordon alleges discrimination based on age, disability, as well as violation of her rights in
retaliation of her engaging in legally protected activity. She is 59 years old, born July 10,1943 and
has arthritis which makes her substantially mobility impaired. She has been a successful art teacher
for DCPS for many years, most recently at Ballou Senior High School, where she has been denied
reasonable accommodation and harassed on an ongoing basis. The denial of an accommodation
includes but is not limited to such things as denying her a key to her locked exit doors so that she
could evacuate the facility in an emergency and refusing to locate staff functions to her level so
she would not have to climb stairs (since she was denied a key to the elevator). More recently she
was threatened with AWOL and made to undergo a Fitness for Duty examination after she
inquired of her status while on leave (donated sick). The workplace at Ballou Senior High School
under Principal Art Bridges is hostile and unsafe for her (as well as her students' learning). She
requested a transfer (as an accommodation) but that has not been approved. She is being denied
the opportunity to return to work and is without income and health insurance.

In March, 2003, Ms. Gordon filed a charge of employment discrimination with DCPS' Office of
Equal Employment Opportunity which took no action regarding the complaint. On April 2, 2003,
DCPS was notified by the United States Equal Employment Opportunity Commission that Ms.
Gordon had filed with it (though the charge was not yet perfected). Counsel for Ms. Gordon
inquired of DCPS' Office of Equal Employment Opportunity by fax and mail on April 3, 2003.
No response was received. On April 8, 2003, DCPS sent Ms. Gordon, Exhibit 1 hereto. DCPS
took no action on her complaint and dismissed it following being notified by EEOC that Ms.
Gordon had engaged in legally protected activity, namely, .filing with EEOC.

## CHARLES D. GOLDMAN, ESQ.

1155 15th Street, N.W.
Suite 1004
Washington, D.C.20005
(202) 466-7550 • Fax: (202) 467-5085
E-mail: cdg.gsquared@att.net

MURIELENE GORDON/DCPS
-2-

Copies of correspondence sent to Mayor Williams, giving Notice of Claim, and to Superintendent Vance are attached hereto as Exhibits 3 and 4. These elaborate on the ongoing discriminatory practices as well as the significant damage to Ms. Gordon's physical and emotional health. She is now not receiving any income from DCPS, even though she sought to return to work, and lacks health insurance. The past several years at Ballou Senior High School been a long nightmare for her, causing much pain and suffering.

Ms. Gordon is ready willing and able to return to work and with reasonable accommodation could perform her duties.

She seeks a remedy of being returned to work in a non-hostile work environment, with restoration of leave, back pay, as well as compensatory damages. She seeks a reassignment as a reasonable accommodation as well as removal of all derogatory information from her Official Personnel File and all personal/anecdotal files of any DCPS official. She also seeks reasonable legal fees.

Ms. Gordon is available to participate in mediation in accordance with the rules and practices of the District of Columbia Office of Human Rights.

Additional background information is at Exhibit 5.

Your prompt attention to this matter is both necessary and would be appreciated.

Sincerely,

Charles Goldman

cc: Ms. Murielene Gordon