Gordon v. District of Columbia, No.05-1907 (EGS)

# Exhibit 29

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MURIELENE GORDON,                  )
                                   )    CA No.: 05-1907 (EGS)
          Plaintiff,               )
                                   )
     v.                            )
                                   )
DISTRICT OF COLUMBIA,              )
                                   )
          Defendant.               )
                                   )

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant District of Columbia ("District of Columbia" or "Defendant") hereby submits the following objections and responses to Plaintiff's First Set of Interrogatories.

### GENERAL OBJECTIONS

Defendant's General Objections, as set forth herein, are to be considered continuing Objections and/or assertions of privilege and Objections to each and every specific interrogatory and document request that follows, even if not referred to in the response to a specific interrogatory or document request. That some of these General Objections are not restated in response to particular interrogatories or document requests does not waive the assertion and application of the General Objections. Defendant's objections and responses given herein shall not prejudice any objection and/or assertion of privilege it may assert later in any context.

1.    Defendant objects to the instructions and definitions propounded by plaintiffs in connection with their discovery requests to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the

**deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.** *See* **D.C. Official Code § 1-631.01 and §1-631.03. Further answering, additional names may be provided after the entry of a protective order. Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have discoverable information:**

**David Atkinson, Foreman/Maintenance supervisor**
**Dr. Richard Gross, Assistant Principal**
**Dr. Art Bridges, Principal**
**Patrice Wiseman, Business Manager**
**Ernest Hamlin, Engineer**
**Virginia Ukaegbu, Nurse**

2. Identify all persons who did any work, including maintenance and operation as defined herein, after June 1, 1999, on any classroom to which Plaintiff was assigned at Ballou after June 1, 1999.

**RESPONSE: Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.** *See* **D.C. Official Code § 1-631.01 and §1-631.03. Further answering, additional names may be provided after the entry of a protective order. Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have done work on any classroom assigned to plaintiff after June 1, 1999: David Atkinson, Ernest Hawkins.**

3. State all the essential functions of all positions held by Plaintiff after August 1, 1999.

**RESPONSE: Objection as this interrogatory is vague. Notwithstanding the objection, Plaintiff was employed as an art teacher and was required to perform all duties commensurate with a teaching position in a specific field.**

4. For each copier Plaintiff was to use to carry out the essential functions of her position after August 1, 1999, state precisely where such copier was/is located within Ballou at the time Plaintiff was to use it.

**RESPONSE: Plaintiff's room was on the first floor. There were three copiers available to plaintiff on the first floor: a copier in the first-floor library, a copier in the back room of the main office, and a copier in the teach work space.**

5. With respect to Teacher Bathrooms (as defined herein) state the measurements of all items within bathrooms (as defined herein) on the first floor of Ballou after August 1, 1999. (if a measurement has changed due to a modification/alteration or other maintenance and operation, indicate both the before and after measurement, giving the date of change.)

631.03.  Further answering, additional names may be provided after the entry of a protective order.  Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have served as plaintiff's supervisor(s):

Principal Dr. Art Bridges:  Left at end of 2002-03 school year

Principal Vera White:  2003-04 school year

Principal Dr. Hudson:  2004-5 school year

Principal Karen Smith:  2005-06 school year

Assistant Principal Dr. Richard Gross

11. Identify each person who took any action during the period June 1,1999-January 5,2006 to provide Plaintiff with reasonable accommodation in her employment.

RESPONSE:    Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.  *See* D.C. Official Code § 1-631.01 and §1-631.03.  Further answering, additional names may be provided after the entry of a protective order.  Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have taken action:

See Responses to Interrogatory #1.

12.  For each person identified in response to the previous interrogatory,.describe specifically each action taken by each person during the period June 1, 1999, through January 5,2006 to provide Plaintiff reasonable accommodation to Plaintiff in her employment.

RESPONSE:    Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute.  *See* D.C. Official Code § 1-631.01 and §1-631.03.  Further answering, additional names may be provided after the entry of a protective order.  Notwithstanding the objections and without waiver thereto, upon information and belief, the following persons may have taken action:

**David Atkinson:  Gave keys to plaintiff, placed fans in room and submitted work orders.  Aware that facilities management reglazed windows in responses to work orders.  Also provided shades.**

**Ernest Hamlin:  Repaired heaters**

**Patricia Wiseman:  Requested A/C units.**

13. Identify all persons who received any document(s) (other than the Complaint herein) at any time after August 1, 1999 related to Plaintiff's employment at Ballou (as defined herein) from any person or entity.( This includes but is not limited to document(s) received from Plaintiff, the Federal Government, Defendant (including internal communications within DCPS) or a Third party.)

**RESPONSE:   Objection as this interrogatory is premataure, seeks a legal conclusion, seeks information protected by the attorney-client, attorney work product, and/or deliberative process privileges, and information contained in the personnel file of a District of Columbia employee, the non-disclosure of such information and/or documentation is protected by statute. *See* D.C. Official Code § 1-631.01 and §1-631.03.  Further answering, additional names may be provided after the entry of a protective order.   Further objection to the extent this interrogatory is overly broad, vague, ambiguous, and as to relevance. Defendant is unclear as to what plaintiff means by "receive" documents.  Notwithstanding the objections and without waiver thereto, upon information and belief, Defendant answers that plaintiff's personnel file should contain all relevant documents regarding her employment.**

14. For each person identified in response to the previous interrogatory, state each action such person took after August 1, 1999,with respect to each document(s) it received related to Plaintiff's employment at Ballou (as defined herein)

**RESPONSE:  See response to Interrogatory #13.**

15. Identify all persons who after August 1, 1999, received documents from any person related to Plaintiff's classroom.

**RESPONSE:  See response to Interrogatory #13.**

16. For each person identified in response to the previous interrogatory, state each action such person took after August 1, 1999, with respect to each document(s) it received related to Plaintiff's classroom.

**RESPONSE:  See response to Interrogatory #13.**

knowledge, information and belief.

Valarie Jones
EEO Counselor

SWORN AND SUBSCRIBED before a Notary Public, this 23 day of March, 2006.

Notary Public, D.C.

My Commission Expires: 04/14/2010

**Gall S. Tompkins**
**Notary Public, District of Columbia**
**My Commission Expires 4/14/2010**

As to objections:                    Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
General Litigation Division

PATRICIA JONES [428132]
Chief, General Litigation, Section IV

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
Email: Michael.bruckheim@dc.gov