Gordon v. District of Columbia, No.05-1907 (EGS)

# Exhibit 31

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MURIELENE GORDON, | ) | |
| | ) | CA No.: 05-1907 (EGS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S REVISED ANSWERS TO PLAINTIFF'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant District of Columbia ("District of Columbia" or "Defendant") hereby submits the following objections and responses to Plaintiff's First Requests for the Production of Documents.

### GENERAL OBJECTIONS

Defendant's General Objections, as set forth herein, are to be considered continuing Objections and/or assertions of privilege and Objections to each and every specific interrogatory and document request that follows, even if not referred to in the response to a specific interrogatory or document request. That some of these General Objections are not restated in response to particular interrogatories or document requests does not waive the assertion and application of the General Objections. Defendant's objections and responses given herein shall not prejudice any objection and/or assertion of privilege it may assert later in any context.

1. Defendant objects to the instructions and definitions propounded by plaintiffs in connection with their discovery requests to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure

1. All documents which show any action taken by Defendant to provide reasonable accommodation to Plaintiff in her employment from August 1, 1999.
**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed. Defendant also refers plaintiff to Defendant's Answers to Plaintiff's First Set of Interrogatories.**

2. All documents under the custody and control of Defendant after August 1, 1999, relating to the doors, including but not limited to Emergency Exit doors, in Plaintiff's classroom.
**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed. Defendant also refers plaintiff to Defendant's Answers to Plaintiff's First Set of Interrogatories.**

3. All documents after August 1, 1999 relating to *the* maintenance and operation of the classroom to which Plaintiff was assigned after August 1, 1999 during *the* period Plaintiff was assigned to such classroom. This includes but is not limited to documents related to the heating/cooling system, temperature, windows, closets, and shelves in Plaintiff's classroom while Plaintiff was assigned to such classroom.

**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that documentation responsive to this Request is enclosed. Defendant also refers plaintiff to Defendant's Answers to Plaintiff's First Set of Interrogatories.**

4. All documents stating the date/cause of any emergency evacuation of Ballou after August 1, 1999.
**RESPONSE: Objection as overly broad, vague, overly burdensome, and as to relevance. Moreover, the request may seek information and/or documentation protected by attorney-client, attorney work product, and deliberative process privilege or is equally accessible to plaintiff. Notwithstanding the objections and without waiver thereto, Defendant answers that it does not have documentation responsive to this Request. Defendant reserves the right to supplement its response if it becomes aware of such documents during the course of discovery. Defendant also refers plaintiff to Defendant's Answers to Plaintiff's First Set of Interrogatories.**

5. With respect to any person(s) Defendant claims had any role in providing Plaintiff reasonable accommodation in her employment by Defendant after August 31, 1999, produce all position descriptions (as defined herein) for each position held/encumbered by each such person during the

GEORGE C. VALENTINE
Deputy Attorney General
General Litigation Division

PATRICIA JONES [428132]
Chief, General Litigation, Section IV

*[signature]*

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
Email: Michael.bruckheim@dc.gov

## Certificate of Service

I hereby certify that on April 4, 2006, I served on counsel for Plaintiff Defendant District of Columbia's Revised Responses to Plaintiff's First Requests for the Production of Documents via first-class mail, postage prepaid to:

Charles Goldman, Esq.
1155 15th Street, NW
#1004
Washington, DC 20005
Counsel for Plaintiff.

*[signature]*

Michael P. Bruckheim
Assistant Attorney General