# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURIELENE GORDON, ) | |
| ) | CA No.: 05-1907 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### PLAINTIFF MURIELENE GORDON'S ANSWERS TO DEFENDANT DISTRICT OF COLUMBIA'S FIRST SET OF INTERROGATORIES

Comes Plaintiff Murielene Gordon, in response to Defendant's Interrogatories and states as follows:

GENERAL OBJECTIONS AND CONDITIONAL ACCESS CONSENT

In response to the entire set of Defendant's Interrogatories as a whole and with respect to each and everyone of the individual interrogatories, I am incorporating by reference herein all of the General Objections noted by Defendant in responses to discovery requests which has been submitted by me through my attorney.

I reserve the right to impose all those general objections as well as any specific additional objections at any and all additional aspects of this matter, including but not limited to any and all hearings or a trial of this matter as well as in response to added discovery, if any, from Defendant. In incorporating by reference Defendant's general objections to my discovery in my Answers here, I am substituting/reversing the terms "Plaintiff" and "Defendant" as used by Defendant to provide a common sense reading of this matter. With respect to the materials being incorporated herein, "Plaintiff" as used by Defendant shall mean "Defendant" and "Defendant" as used by Defendant shall mean "Plaintiff".

could not carry materials or reach supplies or climb stairs to meetings. My room was too cold which adversely affected my health, specifically my arthritis. I could not use a bathroom as there was no accessible one to which I had a key. There was no accessible seating in the gym or auditorium. Supplies were too high for me to reach, as was the intercom. I was required to return an elevator key as noted in response previously (to Interrogatory 7.) Also see Exhibits 4, 7, 8.

12) Has this incident worsened your medical condition? If so, please explain how the condition was worsened, and give complete details whether any medical care provider has ever informed you that your condition was made worse as a result of the incident(s) that forms the basis of this lawsuit, and attach any documents that support this contention.

Answer: My conditions worsened due to the stress of the events here. The stress here was not only emotional per se but stress due to being in a LWOP status for an extended time 2002-3. Also, see medical records at Exhibit 7.

13) Please describe fully how you timely exhausted your administrative remedies prior to filing this lawsuit. Attach copies of your complete file from the EEOC and/or the District of Columbia Office of Human Rights.

Objection as to form. This is a request for production, not an interrogatory. Objection. Asked and Answered. See Answer to Interrogatory 9. Defendant is seeking a file already under its custody and control, particularly the custody and control of DCPS Labor Relations, Valarie Jones. Further answering and reserving the right to object further including but not limited to at a trial or any hearing, other discovery or other aspect of this matter, see Exhibit 8 hereto.

14) During the 2002-03 school year, were you ever medically cleared to work in your position with defendant, and did you work at Ballou High School during that time? If so, please state when you received such clearance, what action you took to return to work, when you

returned to work, and if you did not return to work, please state the reasons why you did not do so.

Answer: Upon being cleared to return to work in October, 2002, I called Art Bridges who in August, 2002 had told me I was a liability. Prior to my being cleared to return to work, Principal Bridges also had told me he was going to fill out papers to have me transferred and that I was to stay home. When I called him in October after being cleared to work, he directed me to stay home, relating that he was still working on the transfer. Over the next several months, I repeatedly tried to reach Dr. Bridges but he never returned my call even though I left messages. Eventually in the latter part of January, 2003 I got a letter from DCPS about leave which I could not answer so I referred the people to Dr. Bridges. He call me and hung up me after he threatened to put me on AWOL. I filed my administrative complaint and endeavored to return with accommodations which I tried to work out with DCPS. Valarie Jones had the lead but Dr. Bridges refused to attend a meeting with me at Ballou about accommodations in 2003. I did not return until fall, 2003. See materials at Exhibits 4 EEOC file as well as materials, on information and belief, under the custody and control of Valarie Jones, Labor Relations, DCPS. Also see Exhibit 6.

15) Describe in detail each situation, during your employment with the District of Columbia, in which you have been the subject of any type of disciplinary action by your employer or supervisor, and identify the type of discipline you received. Your answer should include, for each such disciplinary action: the date, time and location of the disciplinary action; the events leading up to the disciplinary action; the stated reasons for the disciplinary action; the names of the people involved in the situation leading up to the disciplinary action; whether the disciplinary action was written or verbal; the nature of your response, whether written, physical or verbal; the nature and content of any verbal or written statements regarding such

(d) The costs for deposition.

(e) And attach a completed and signed W-9 for each expert identified.

Answer Objection as to form. This is a request for production not an interrogatory. Further answering and reserving the right to object further at a trial or a hearing or in any other aspect of this matter, see Rule 26(a)(2) statement previously filed. A W-9 will be executed at the time of any deposition. See vita at Exhibit 9

April 11, 2006

*Murielene E. Gordon*
MURIELENE GORDON

### Attestation

I, Murielene Gordon, certify that on this 11 day of April, 2006, I have answered the foregoing Interrogatories under penalty of perjury pursuant to the Title 28, United States Code, and the applicable laws of the District of Columbia and that the answers given are true to the best of my knowledge and belief.

*Murielene E. Gordon*
MURIELENE GORDON

### CERTIFICATE OF SERVICE

I, hereby certify that on this 13th day of April 2006, I have mailed a true copy of the foregoing Answers to Defendant District of Columbia's First Set of Interrogatories to Michael P. Bruckheim Assistant Attorney General, 441 –4th Street N.W., Suite 600 South, Washington, DC 20001. First class mail, postage prepaid. A copy has also been sent by email.

CHARLES D. GOLDMAN