UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURIELENE GORDON                          :Civil No.05-1907
PLAINTIFF                                 :Judge Emmet G. Sullivan
v.                                        :
DISTRICT OF COLUMBIA                       :
Defendant                                 :

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR
SUMMARY JUDGEMENT AND PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

I. INTRODUCTION

Comes Plaintiff, through her undersigned attorney and opposes Defendant's latest

Motion for Summary Judgment and seeks that she be granted partial summary judgment

by having the Court find in her favor that she is a person with a disability and a qualified

individual with a disability under the applicable statutes, including the Americans with

Disabilities Act 42 U.S.C. Sec. 12101 et seq., Section 504 of the Rehabilitation Act,

29 U.S.C. Sec. 794, and the District of Columbia Human Rights Act, D.C. Code 21401 et

seq.(2001).

On the core issue raised by the Court, Docket No. 48, Plaintiff submits that the

applicable period of limitations under Section 504 of the Rehabilitation Act is  three

years, not one. A three year period of limitation, as Plaintiff asserts, based on the personal

injury statute of limitations in the  District of Columbia, is in accord with multiple

interpretations, the weight of authorities of other jurisdictions, the legislative intent of the

Americans with Disabilities Act to maximize rights and procedures available to people

with disabilities, and grounded in sound public policy. There has been ongoing

discrimination here with significant harm being suffered by Plaintiff.

Contrary to the rehashed assertions of Defendant, it is abundantly clear from the

Court's prior ruling in 2007, Docket No. 34,480 F.Supp.2d 112 (D.D.C. 2007), buttressed

by the D.C. Circuit Court of Appeal's recent decision in Adams v. Rice, 531F.3d. 936

( D.C. Cir.2008), and documents already in the record, this Plaintiff is a person

with a disability.  She successfully performed her duties for Defendant at all times she

was at work.  Contrary to Defendant's already rejected claims regarding Plaintiff's

alleged abilities, it is undisputed that Plaintiff has arthritis and is mobility impaired which

Defendant well knew.  When compared to the average able-bodied person in society,

Plaintiff is a person with a disability. A licensed, successful teacher, Plaintiff is a

qualified individual with a disability.

    Plaintiff submits now, as she has in her previous Oppositions to Defendant's

Motions For Summary Judgment[1], that there are questions of fact which preclude

summary judgment for Defendant, including both questions previously noted, e.g. Docket

Nos. 44, 45, and a new question of fact around her absence from Ballou in 2003 during

the period she was not accommodated.

    Plaintiff submits in her Opposition and Cross-Motion, a response to Defendant's

alleged Statement of Material Facts, Plaintiff's own Statement of Undisputed  Material

Facts, a Memorandum of Points and Authorities applicable to both her Opposition

and Motion, and a proposed Order.  Plaintiff at the outset of her Memorandum of

Points and Authorities seeks to place the instant Renewed Motion in the context of that

---

[1] Plaintiff incorporates herein her Statements of Facts, Memoranda In Opposition, exhibits in Docket Nos. 25, 26, 27, her Opposition to Defendant's Motion for Summary Judgment as well as Docket Nos. 44, 45, and 46, Plaintiff's Opposition to Defendant's first Renewed Motion for Summary Judgment, as well as the Plaintiff's Rule 26(a) photographs which are referenced therein. Plaintiff attaches as Exhibit 1 hereto the lists of exhibits she submitted in her Opposition to Defendant's previous two motions as well as a list of those exhibits previously submitted which she is incorporating herein in support of her Motion .The Motion is also supported by other exhibits previously submitted that are also referenced.

which has already been decided by the Court and provide as background the legislative intent of the Americans with Disabilities Act that is particularly important here.

II. PLAINTIFF'S LCvR7 STATEMENT

a. Plaintiff's Answer to Defendant's Statement of Material Facts Not in Dispute

1. Plaintiff admits she filed her charge with OHR/EEOC on or about April 18, 2003 but further alleges that she contacted EEOC in February, 2003 and filed an internal complaint with DCPS prior to filing with EEOC/OHR. Dockets 44-45, Exhibits 14, 15, Defendant's Exhibit 2 herein.

2.Denied. Plaintiff sent her notice pursuant to D.C. Code 12-309 by fax and mail on or about April 4, 2003 alleging ongoing discrimination. Exhibit 18 (Note the letter to Mayor Williams apparently inadvertently omitted from the prior filing is attached hereto as Exhibit 2. See fax date at top.) Also see fax cover sheet to Exhibit 18 letter to Superintendent Vance.

3. Plaintiff admits she used her sick leave, including from the sick leave bank, until it ran out. Further answering, Plaintiff was entitled to use such sick leave and asserts that such usage was not a reasonable accommodation.

4. Admitted. Further answering, see response to no.3 hereinabove.

5. Admit that Plaintiff received no written document barring her from returning to work. Further answering, deny that she made no effort to return to work after the statement of Ballou Principal and deny that the lack of such written notification is dispositive here. Plaintiff, who was told she was a liability and would be transferred, and her daughter made multiple attempts to contact the Principal of Ballou, Dr. Bridges, about returning to Ballou to work. See Docket Nos. 44-45, Exhibits 2 pp.2-3,7 Depos.of Plaintiff p.191

l.4-10, and 11.

6. Admitted. Further answering answer to no. 5 hereinabove and no.7 hereinbelow.

7. Admitted. Further answering Plaintiff did not return to work as she was not accommodated as Defendant's own doctor recommended, Docket Nos. 25-6, Exhibit 8, (also at Docket Nos. 44-45 at Exhibit 28) and accommodations were not in place.  Docket Nos. 25-26, Exhibits 9, 10, 11, 12, 13a p.6 (mat purchased in December 2005!) Also see Docket Nos. 44-45, Exhibits 2,4, 7 Depos. of Plaintiff p.191 l.4-10, 11,18, 27,28.

8. Denied to the extent that this asserts that Plaintiff was cleared to return to work without accommodations. Docket Nos. 25-26 and other Exhibits referenced in response to number 7 hereinabove.

9.  Admitted.

10.  Admitted but denied that this is a full, accurate assessment of her ability to take care of herself as an able bodied person does. Plaintiff is in pain in these activities. On information and belief, the average able-bodied person is not in pain in such activities. Docket Nos. 25-26 Exhibits 1, 2, 3, 4, 5. Further answering this is not relevant to whether Plaintiff is substantially limited in the major life activity of walking, Docket No.34pp6-11 and that Defendant is and was well aware of Plaintiff of such limitation.  See exhibits referenced in  response to number 7 herein, especially materials from Dr. Scott. Also, see exhibits referenced in Plaintiff's Statement of Undisputed Material Facts IIb number 2 *infra*  hereinabove especially materials from Ballou Principal Bridges and Defendant's Dr. Scott and materials from Plaintiff's doctors forwarded to Defendant.

11. Admitted but denied to the extent that it states/implies that Plaintiff walks like the average able bodied person in society. See answer to No. 10 herein and exhibits

referenced therein.

12. Admitted and further answering see answers numbers 10 and 11 hereinabove, including exhibits referenced therein. Plaintiff does not usually do her laundry. Her daughter and grandson usually do it. See Answer to No. 10 hereinabove and exhibits referenced therein. Docket No. 34, pp.6-11.

13. Admit Plaintiff took the bus to work but deny that she got to the bus like the average able bodied person in society. Plaintiff was mobility impaired. See answers to no.11 and 12 and exhibits referenced therein.

14. Admitted. Further answering Metro Access is a service not available to able-bodied persons. Further answering, Plaintiff's use of Metro Access to get to Ballou does not excuse Defendant's failure to provide Plaintiff accommodation in Ballou. On information and belief, the Court may take judicial notice that Metro Access is a service available for persons with disabilities, not the general public. www.wmata.com/metroaccess. Further answering that Plaintiff used Metro Access shows that Plaintiff was substantially impaired in the major life activity of walking.

15. Admit that Plaintiff did not teach at Ballou in summer of 2002 following the end of the school year 2001-02 and otherwise denied. See answer to nos.7, 8 hereinabove and exhibits referenced therein, Docket Nos. 44, 45, Exhibits 2, 7  p.191, 1.4-10, 11.

16. Admit that Plaintiff's complaints are as stated. Further answering, Plaintiff has alleged ongoing discrimination. Further answering, Defendant is and has been well aware of Plaintiff's complaints. Exhibit 2 herein, Docket Nos. 25-26, Exhibits 9, 10, 11, 12, 13a, Exhibits 44-45, Exhibits 2, 4, 14, 15, 16, 17, 18, 19 and exhibits referenced therein.

b. Statement of Material Facts Not in Dispute In Support of Plaintiff's Motion

1. Plaintiff is mobility impaired, substantially impaired in the major life activity of walking. Opinion of the Court, Docket No. 34, Plaintiff's Opposition to Defendant's First Motion for Summary Judgment, Docket Nos. 25, 26, 27, Exhibits 1, 2, 3, 4, 5, (affidavits of Plaintiff, her daughter, Michelle Rennie, her grandson, Keon Gordon, a former student, Derrick Glenn and a former Ballou colleague, Larry Owen, respectively), Docket Nos. 44, 45, 46 Exhibits 2 and 11. Affidavits of Plaintiff and Michelle Rennie, her daughter, in opposition to Defendant's first Renewed Motion For Summary Judgment. Also see exhibits noted at No. 2 herein, *infra* and Exhibit 1p.3.

2. Defendant knew Plaintiff was impaired in walking and had a record of being impaired in walking. Docket Nos. 25, 26, 27, Exhibits 8 (Dr. Scott), 9, 10, 11, 12, 13a, Docket Nos. 44, 45, Exhibits 2, Affidavit of Plaintiff,4, 5  Deposition of Ballou Principal Dr. Bridges p.31 1.8-p.32 1.14, 10, 18,19, 20, 22, 27, 28. Exhibit 1 hereto p.3 and exhibits referenced therein.

3. In each school year commencing with School Year 2000-2001 in which Plaintiff worked in Ballou Plaintiff was a qualified individual with a disability. Exhibit 3 hereto.

III Memorandum of Points and Authorities

A. Background and Standard for Summary Judgment. Remedial Nature of Laws

    a.  Background

Defendant seeks here for the third time to have the Court enter summary judgment in its favor.  The Court has twice previously denied Defendant's Motions Docket Nos. 34 and 48.  In its decision on Defendant's initial Motion for Summary

Judgment, Docket No. 34, the Court found Plaintiff a person with a disability. That

determination has been strengthened by recent case law, as elaborated upon, *infra*. The

Court recently, Docket No. 48, denied Defendant's summary judgment but raised the

issue of  what was the appropriate statute of limitations under the Rehabilitation Act.

Defendant's latest filing followed.

    b.   Standard of Review on Summary Judgment

The Court has made clear that summary judgment should be granted only if the

moving party has shown that there are no genuine issues of material fact and that the

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56, Celotex Corp.

v. Cattrett, 477 U.S. 317, 322, 91 L.Ed. 2d. 265 (l986), Waterhouse v. District of

Columbia, 353 U.S. App. D.C.205, 298 F.3d. 989 (D.C.Cir.2002), Moore's Federal

Practice III Para.56.11(5) (a).

    In determining whether there is a genuine issue of material fact, the Court

must view all the facts in the light most favorable to the non-moving party. Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 89 L.Ed. 2d 538 (1986).

    Plaintiff submits that with respect to Defendant's Renewed Motion here

that Plaintiff has provided more than unsupported allegations. She has adduced

affidavits, documents and pictures which support her claim.  She has met her

burden under  Fed. R.Civ. P. 56(e) and Celotex Corp, supra 477 U.S. at 324.

    With respect to Plaintiff's Cross-Motion on the limited issues that she

is a person with a disability and a qualified individual with a disability, Plaintiff

submits there is no disputed issue of material fact, given the documents she has

adduced  that show she has a record of a disability of which Defendant is well aware
and the Court's prior decision, Docket No. 34, which is reinforced by Adams v. Rice,
531 Fed.3d. 936 (D.C. Cir. 2008).

c.   Remedial Nature of Laws

The Rehabilitation Act and the Americans with Disabilities Act are broad remedial
laws intended to correct the long history of discrimination by public entities, such as the
Defendant District of Columbia. In adopting Section 504 of the Rehabilitation Act, 29
U.S.C.Sec.794, Congress recognized that society had historically discriminated against
persons with disabilities.  The legislation condemned the "shameful oversights" that had
caused persons with disabilities to live among society "shunted aside, hidden and
ignored." Alexander v. Choate, 469 U.S. 287, 296 (1985).

When adopting the Americans with Disabilities Act (ADA), Congress recognized
that the Rehabilitation Act had not met the "compelling need…for the integration of
persons with disabilities into the economic and social mainstream of American life." S.
Rep. No.116, l0lst Cong.1[st] Sess. 20 (1989). ADA was enacted to "continue to break
down barriers to the integrated participation of people with disabilities…." H.R. Rep. No.
485 III, 101 st Cong.2d Sess. 49-50 (1990) 1990 U.S.C.C.A.N. 445, 472-73.

In enacting the ADA, Congress found … (3) discrimination against persons with
disabilities in employment…education…and (5) individuals with disabilities encounter
various forms of discrimination, including outright intentional discrimination…42U.S.C.
Sec.12101(a)(3)(5). The purpose of the ADA was first and foremost "to create a clear and
comprehensive mandate for the elimination of discrimination against persons with
disabilities." 42 U.S.C. Sec. 12101(b)(1).

Most importantly here, the clear and comprehensive mandate that Congress created in the ADA was one which maintained and did not preempt state laws, both substantive and procedural, which afforded persons with disabilities significant rights. See Sec.501(b), 42 U.S.C. Sec.12501 (b).

It is in this context that Defendant's second Renewed Motion and Plaintiff's Motion must be examined. Defendant would use process to negate substantive rights of Plaintiff through a legal construct that is fundamentally contrary to the remedial intent of Congress.

B. Plaintiff is Timely: The Rehabilitation Act Statute of Limitations is 3 years

The Court in its Order of July 12, 2008, Docket No. 48, noted that Defendant's prior Renewed Motion could not be decided because the case was not in a posture for adjudication as neither side had focused on the split among District Judges on the issue of whether one or three years is the applicable period of limitations for the Plaintiff's claims under the Rehabilitation Act in this case. Plaintiff submits the applicable period of limitations of three years is consistent with District of Columbia law, the weight of authority in other jurisdictions that have considered the issue, the statutory construct of the Americans with Disabilities Act and considerations of public policy.

Defendant asserts at IV of its Memorandum of Points and Authorities that the applicable period is one year and makes other arguments here at Points III,V,VI, and VII of its Memorandum of Points and Authorities (previously before the Court, Docket No. 43) related to Plaintiff being untimely and her claims lacking merit.

Plaintiff submits that three years is the applicable period of limitations for claims under the Rehabilitation Act. This is based on the District of Columbia code and the applicable provisions of the ADA, the wealth of decisions from other jurisdictions in which this issue has been adjudicated and sound public policy. She is timely and did not have to keep amending her charge or complaint to address the ongoing hostility and denials of accommodations. Plaintiff has set forth at length in previous submissions (Docket Nos.44, 45, and 46) which she incorporates herein by reference, the core of her case here, namely that she was denied accommodations and was in a hostile work environment. In complaining to/communicating with Defendant, as well as before the EEOC/DCHR and in her complaint here, Plaintiff has sought to redress the lack of

accommodation and discriminatory conditions and actions, such as being told she was a "liability", an inaccessible bathroom, locked emergency exit doors and temperatures that were too hot/too cold (depending on time of year). These are set forth with referenced exhibits in her prior Statement of Facts at Docket Nos. 44, 45 and demonstrated by the photographs Plaintiff submitted in connection with her Rule 26(a) submission and which are also referenced therein. Also see Exhibit 1 hereto, Docket Nos. 25-26, Exhibits 1, 2, 3, 4, 5, 6, 9, Docket Nos. 44-45, Exhibits 2, 4, 7 Depos.of Plaintiff p.191 l.4-10,14,15,18,19, 23, 24, 25, 26. Plaintiff has also noted the contractual relationship between EEOC and the District of Columbia Office of Human Rights in Schuler v. PriceWaterhouseCoopers,LLP 514 F.3d. 1365 (D.C. Cir.2008), Docket No. 46. Under SCHULER, because of the contractual relationship between EEOC and the District of Columbia Office of Human Rights, 29 CFR Sec.1626.10, amendment of the charges at EEOC and its contractually linked agency, the District of Columbia Office of Human Rights was not necessary in a case where ongoing discrimination (Defendant Exhibit 2) is alleged. As previously noted (Docket 44-45) a reasonable jury could find for Plaintiff who was timely.

Plaintiff submits that Gupta v. Northrop Grumman Corp., 462 F. 2d. 56 (D.C. Cir. 2006), on which Defendant relies heavily, is factually clearly distinguishable from the case at bar and that her case factually is much, much closer to Stewart v. District of Columbia, 04-1444, 2006 U.S. Dist. LEXIS 12991 (D.D.C. 2006). In GUPTA literally years had passed before discrimination claims were filed. GUPTA was a case of the Plaintiff seeking to toll the statute of limitations due to alleged (but unproven) incapacity. GUPTA filed more than three years after he was terminated. GUPTA would lose even

under the three year period of limitation which Judge Kollar-Kotelly recognized in STEWART.

In Stewart, Plaintiff, who as here had a condition of which her management was well aware, filed approximately 257 days after the first date she identified as the date of her rights under the ADA being violated. Plaintiff filed her EEOC charge (Defendant's Exhibit 2) on April 18, 2003, some 258 days after her conversation on August 2, 2002, with Dr. Bridges in which he told her she was a liability. Docket Nos. 44-45, Exhibit 2 pp.2-3. Plaintiff's formal EEOC complaint followed her initial inquiry to EEOC and her fruitless filing of an internal complaint with DCPS in which she was not even contacted before it was closed. Id at p. 4. Also see Docket Nos. 44-45, Exhibits 14, 15, 17, 18, 19. This case, like Stewart, then proceeded through EEOC investigation and filing in court within the period per Plaintiff's Right to Sue letter. Judge Kollar-Kotelly in STEWART examines decisions in various circuits and after giving particular deference to Doe v. Southeastern Univ.732.F.Supp.7 (D.D.C.1990), decides that the District of Columbia's three year personal injury statute of limitations applies to claims brought under Section 504 of the Rehabilitation Act.

Many other jurisdictions agree that the personal injury statute of limitations applies to actions, including employment claims, under the Rehabilitation Act. See, Falbisch v. University of Minnesota, applying a six year period of limitation, 304 F.3d.797 (rhg and rhg en banc denied 8th Cir.1998) citing with approval Ballard v. Rubin 284 F.3d. 957 (8th Cir.1995) applying Missouri's 5 year personal injury statute of limitation; Swenson v. Lincoln County School District No. 2, 260 F. Supp. 2d.1136 (D.Wyo.) applying Wyoming's four year personal injury statute of

Limitations; Downs v. Massachusetts Bay Transit Authority, 13 F. Supp.2d. 130

(D.Mass.1998) and Schalk v. Associated Anesthesiology Practice, 316 F. Supp.2d.

244 (D. MD. 2004) applying Massachusetts' and Maryland's three year personal injury

statutes of limitations; Soignier v. American Board of Plastic Surgery, 92 F.3d.547 (7th

Cir. 1997);  Metts v. University of Nevada-Reno, 301 F. Supp.2d.1247 (D. Nev. 2004)

and Barclay v.Amtrak, 343 F. Supp.2d. 429 (E.D.Pa. 2004)  applying the two year

personal injury statutes of limitation in Illinois, Nevada and Pennsylvania, respectively.

Also applying personal injury statute of limitations to claims under Section 504 of the

Rehabilitation Act, Hickey v. Irving Independent School District, 976 F.2d 980 (5th

Cir.1992)  applying Texas' 2 year personal injury statute of limitation; Morse v.

University of Vermont, 973 F.2d.122 (2d Cir.1992) applying Vermont's 3 year personal

injury statute of limitation ; Everett v. Cobb County School District, 138 F.3d  1407

(11th Cir. 1998) ("EVERETT"), applying Georgia's two year period of limitation

for personal injury actions );Baker v. Board of Regents, State of Kansas, 991 F.2d.628

(10th Cir.1993) applying Kansas' two personal injury statute of limitation.

The EVERETT Court noted that "Most civil rights actions are essentially

claims to vindicate personal rights. Goodman v. Lukens Steel Co.482 U.S.656, 661

(1987)."  The EVERETT Court, like Judge Kollar –Kotelly in STEWART, *supra,*

relies on  Wilson v. Garcia, 471 U.S. 261 (1985)  and observes that "an action for

discrimination is one for fundamental injury to the individual rights of a person."

WILSON, 471 U.S. at 276. The EVERETT Court goes on "Claims which

allege discrimination are best characterized as personal injury action." 138 F.3d

at 1409.

A three year period of limitation for Rehabilitation Act actions is consistent with the provisions of the ADA. Section 501(b) of the ADA provides that "the ADA shall not be construed to invalidate or limit the remedies, rights and PROCEDURES of ANY FEDERAL LAW or LAW OF ANY STATE or political subdivision of any State or jurisdiction  that provides greater or equal protection for the rights of individuals with disabilities that are afforded by this Act." (emphasis added) 42 U.S.C. Sec.12201(b). The legislative intent was not to preempt, not to limit, all the rights, remedies, and procedures available to people with disabilities  under other Federal  or State laws (including common law). H.R. Rep. No. 101-485 Part II p.132.

The three year period of limitation for the Rehabilitation Act based on D.C. Code 12-301(D.C. Code 2001) is consistent with the intent in Section 501(b) of the ADA, 42 U.S.C. Sec. 12201(b) to maximize the availability of processes and rights of people with disabilities.

This Plaintiff suffered injury, sometimes literally to her physical person, sometimes to her mental person as well as financially on an ongoing basis. Docket Nos. 44-45, Exhibits 2 pp1-6, 12 (Pay Slips),13 at pp 63 l.3-p.65 l.1. See photographs submitted with Plaintiff's Rule 26(a) Statement. She had accidents when there was no accessible bathroom available to her and lost wages (and service time for retirement purposes). She got mental health counseling. Id.

Defendant's argument at IV of its Memorandum that this situation is more akin to an intentional tort, as opposed to a general tort,  implies that Plaintiff must prove Defendant's actions towards Plaintiff were willfully, intentionally tortious. Contrary to ADA Section 501(b), 42 U.S.C. Sec.12201(b) Defendant's strained  construction would

minimize procedures available to people with disabilities, including this Plaintiff. More importantly, Defendant's claim that actions under the Rehabilitation Act are more akin to an intentional tort defies the reality of the facts of this case and has egregiously adverse public policy implications.

Here Plaintiff, who was not accommodated and was told she was a "liability", was working in an older facility, Ballou Senior High School, which had conditions such as its dysfunctional heating/cooling system that affected all, teachers, students, visitors. Docket Nos. 25-26, Exhibits 1, 2, 4, 5, Docket No. 44-45 Exhibits 2,4, 7 Depos. of Plaintiff p.191,l.4, 11, Rule 26(a) photographs. The photographs also show conditions related to inaccessible conditions, such as bathroom, locked emergency exit doors, that are especially important to Plaintiff and other persons with disabilities.  Inextricably related here are the physical conditions of all facilities at Ballou and the personal actions and inactions, good, bad, and indifferent of DCPS personnel towards Plaintiff. Docket Nos. 25-26 Exhibit 9, 10, 11, 13a, 15, 18, 19, Docket No. 44-45 Exhibits Nos. 2 especially at pp. 2-3,4, 7 Depos. of Plaintiff p191 l.4-10, 9, 11, 16, 17, 24, 26. Construing this case as akin to an intentional tort would deny the reality and would be contrary to the very language and intent of Section 501(b) of the Americans with Disabilities Act, 42 U.S.C. Sec. 12201(b), which is to NOT limit the remedies available to persons with disabilities, III Ac., *supra.*

Defendant's argument, taken to its logical conclusion would excuse harm caused by systemic neglect, basic negligence and/or malfeasance by branches of District of Columbia Government, Mayor, DCPS and other agencies, City Council, here relating to conditions at Ballou, even when interwoven with allegations of wrongful individual

actions, such as by Dr. Bridges, because in ignoring/shunting aside Plaintiff and her daughter regarding Plaintiff's return to school, cf. Alexander v. Choate, *supra*, in disregarding/not addressing conditions at Ballou there was no intent, no malice directed specifically at, no malicious intent to harm Mrs. Gordon.

The public policy implications of Defendant's argument are frightening. Defendant would seek to escape liability for failure to comply with Federal laws which require accommodation in the workplace to qualified individuals with disabilities, here Plaintiff, because of general incompetence, political infighting or other non-individually maliciously-directed reasons. Under Defendant's rationale, if accepted, Defendant would not be liable for not providing a functional safe learning environment in which employees may work and students may learn if an individual was injured in an event, such as a spilling of chemicals or in a shooting, that was not intended to cause her/him harm. In the wake of the recent Olympiad, Defendant would erect a marathon labyrinth of high procedural hurdles for Plaintiffs, fundamentally contrary to the intent and spirit of substantive remedial laws such as the Americans with Disabilities Act IIc, *supra* and out of sync with the wealth of court decisions cited hereinabove.

For the reasons stated herein and in Plaintiff's Opposition Docket Nos. 44, 45, and 46, incorporated herein (including the exhibits and photographs referenced therein), Plaintiff submits that all her claims are timely and that a reasonable jury could find in her favor.

C.  There are Genuine Issues of Material Fact Which Preclude Summary Judgment for the Defendant.

Plaintiff incorporates herein the Memorandum of Points and Authorities at Docket Nos. 44, 45, and 46, especially IIIe which enumerates and makes reference to other

parts of Plaintiff's Opposition III (a-d) and articulates various issues of fact and shows that Plaintiff could prevail as a reasonable jury could find in her favor.

One new allegation by Defendant is the assertion that Plaintiff was not at work and was put on AWOL, not because of her disability, but because she had no sick leave, just like any other employee. Docket No. 49, p. 21.

Defendant's assertions are an oversimplification of the situation and totally disregard Plaintiff's health, her disability, which was at the core of the parties' interactions and attempts to interact. Defendant offers no proof to rebut the sworn affidavits of Plaintiff and her daughter that show that they made multiple efforts to contact Defendant's Principal at Ballou, Dr. Bridges, about Plaintiff returning to work including at Ballou or another school to which Plaintiff would be reassigned. Docket Nos. 44-45, Exhibits 2, 11, Docket No. 25-26 Exhibit 7 Depos. Plaintiff p.191 l.4-10. Dr. Bridges wrongfully ignored/shunted aside these calls by Plaintiff and her daughter. Alexander v. Choate, *supra*. Defendant glosses over/disregards Plaintiff's disability, her not being accommodated and Defendant's belated efforts at accommodation after Plaintiff filed her EEOC charge and gave notice of claim to Defendant Exhibit 2 here, Docket Nos. 25-26 Exhibit 9, Docket Nos. 44-45, Exhibits 4, 17, 18, 19, 20, Plaintiff Exhibit 2 hereto. Plaintiff and her daughter made efforts to reach Defendant, including Ballou Principal Dr. Bridges,  related to Plaintiff's arthritis/being ambulatory impaired because of it. These efforts were in the wake of summer surgery which had  originally delayed Plaintiff reporting to Ballou at the start of the 2002-2003 School Year. Id. At Exhibits 2 p.2, 10. 11 p.1 Plaintiff's health, her disability was at the crux of the matter. Id at Exhibits 2, 10, 11. Also see photographs of Plaintiff's classroom and the bathroom she

was to use. Id. Plaintiff's LCvR7 Statement of Facts Nos. 4, 5, 7, 8, 11, 12, 13 and

exhibits and photographs referenced therein.  Contrary to the assertion of Defendant,

Plaintiff suffered real harm. Id at No.19 and documents and exhibits referenced therein.

There are genuine issues of material fact here which preclude summary judgment

for Defendant, Greer v. Paulson, 505 F.3d.1306 (D.C. Cir.2007), Jensen v. Henderson,

315 F.3d. 856 (8th Cir. 2002), Bray v. Pharmacia Corp/Pfizer, 231 Fed. App.132 (3rd.

Cir. 2007), Duncan v. Mgr., Dept. of Safety, 397 F.3d.1300 (10th Cir. 2005), Cornwall

v. Robinson, 23 F.3d. 694 (2d.Cir.1994), Richards v. Dept. of Army, 2007 Fed. App.

0119N, 2007 WLS 57949 (6th Cir. 2007).

Contrary to the assertion of Defendant, this is not the routine situation of just any

employee without sick leave. The fulcrum for all events related to Plaintiff being on leave

and absent from school and attempting to return was Plaintiff's health, her disability.

D. Plaintiff is a) An Individual with a Disability and b) A Qualified Individual with a
Disability

A sage historian, George Santayana wrote "Those who cannot remember the past

are condemned to repeat it."[2]  In a nutshell, that is precisely what Defendant is doing here

at Point VII of its Memorandum of Points and Authorities.

a.    The issue of whether Plaintiff has a disability has been thoroughly briefed by both

Parties and adjudicated by the Court. Docket Nos. 34, 20, 25-26.  The Court denied

Defendant's initial claim that Plaintiff did not have a disability. Docket No. 34.

Defendant offers no new evidence that would merit changing the Court's decision.

Defendant offers not an iota of evidence to show that Plaintiff is not restricted in the

---

[2] "Life of Reason" vol.1, Reason in Common Sense (1905-06)

major life activity of walking as compared to the average person in the general population. 29 C.F.R. Secs.1630.2(i) and 1630.2(j)(I)(i)(ii). Defendant offers no new evidence to contradict the various affidavits provided by Plaintiff in response to Defendant's initial Motion for Summary Judgment, e.g. Exhibits 1-5 at Docket Nos. 25-6. Nor does Defendant offer any  evidence that would question the knowledge of Defendant, specifically of Ballou Principal Bridges, Docket No 44-45 Exhibits 4, 5 p.31 l. 8 - p.32 l.14, Defendant's doctors, including Dr. Scott who did a fitness for duty on Plaintiff, Docket No. 44-45 Exhibit 28 (also at Docket No. 25-26 at Exhibit 8), or other DCPS officials who were aware of Plaintiff's arthritis and took actions at various times to accommodate her AFTER Plaintiff filed her EEOC complaint. See, e.g. Docket Nos. 25-26 at Exhibits 9, 10, 11, 12, 13a. Also, Docket Nos. 44-45 Exhibits 18, 20,27, and 28, Exhibit 1 here p.3 and exhibits referenced therein..

Defendant offers no new case law to counter the analysis of the Court, Docket No. 34. In fact the law has evolved in a way which supports Plaintiff. The decision of this Circuit's Court of Appeals in Adams v. Rice, 531 Fed.3d.936 (D.C. Cir. 2008) strongly supports Plaintiff.  Like the Plaintiff in ADAMS, id. at 942-52, Mrs. Gordon is a person with a  record of a condition which she disclosed to her employer, Defendant. In ADAMS the condition was breast cancer which limited that Plaintiff in relationships. Here Mrs. Gordon has arthritis, that substantially limited her in walking. There was ample knowledge throughout various parts of  Defendant of these facts. This knowledge/awareness is documented in the exhibits  referenced in the  previous paragraph that  make abundantly clear Defendant knew of Plaintiff being substantially ambulatory impaired in the major life activity of walking and  also knew that she had a

record of such an impairment. See, especially the materials of/from Dr. Scott, Dr. Bridges, Ms. Jones, respectively Defendant's doctor, the Principal at Ballou and Counsel involved in accommodating Plaintiff AFTER she filed at EEOC, Cf Defendant Exhibit 2, Docket Nos.25,26, 27 Exhibits 8,9,10,11.12, Docket Nos. 44,45 Exhibits 4,5, Depos. of Ballou Principal Bridges, p.31 l.8-p.32 l.10,18,20,27,28. Defendant here was well aware of Plaintiff's  disability and her obviously being ambulatory impaired. Exhibit 1 hereto p.3 exhibits referenced therein, Plaintiff's Statement of Material Facts Not in Dispute in Support of the Plaintiff's Motion, No.2 and exhibits referenced therein especially Docket Nos. 25-26 No.8 (Dr. Scott), 9 EEO Counsel Ms. Jones, Docket No.44-45, Exhibits 4, 5,Depos.Ballou Principal Bridges p.31 l.8-p.32 l.14, 10,18,20,27,28.

Plaintiff has arthritis which substantially limits her in the major life activity of walking. Plaintiff's record of this impairment was widely known within and by Defendant, including her Principal Dr. Bridges, Docket 44-45 at Exhibits 4, 5, p.31 line 8-p.32 line14. Also see Docket 44-45 at Exhibits 18, 20,27, Dr. Scott Id at Exhibit 28 (and Docket No. 25-26 at Exhibits 8), and persons attempting to accommodate her. Docket Nos. 25-26 at Nos. 9, 10, 11, 12, 13a.  ADAMS reinforces the Court's analysis in its' Opinion, Docket No. 34 at pp. 6-11. Plaintiff is a person with a disability. She is substantially limited in the major life activity of walking and has a record of such impairment. 42 U.S.C. Sec.12102 (2)(a) and 42 U.S. C. Sec.12102(2)(b). 29 CFR Secs. 1630.2(g)(1)(2), 1630.2(h)(1), 1630.2(i) and 1630.2(j)(1)(i) (ii).  Exhibit 1 herein p.3 and exhibits referenced therein.

b. Plaintiff is a Qualified Individual with a Disability.

Under the ADA a qualified individual with a disability is a person who with or Without reasonable accommodation can perform the job the individual holds (or seeks). 42 U.S.C.Sec.12111(8), 29 CFR Sec.1630.2(m). Plaintiff as extensively shown in a. hereinabove is, as the Court has previously found, a person with a disability.

It is undisputed that Plaintiff successfully performed her duties while employed at Ballou. Attached here as Exhibit 3 are her ratings by Defendant, her teaching licenses, and certificates of appreciation given to Plaintiff by Defendant . These show that when she was rated by Defendant, Plaintiff was always rated in a manner which shows her performance was acceptable. She was duly licensed to teach. Defendant recognized and praised her work for Defendant.   She is a qualified individual with a disability. 42 U.S.C.Sec. 12111(8), 29 CFR Sec. 1630.2(m). With respect to all periods of time she was present at Ballou, Plaintiff worked successfully despite not being accommodated.  She was qualified, though not officially rated for School Year 2004-05. Affidavit of Plaintiff at Exhibit 3.[3]

While at work Plaintiff sought accommodations. Docket Nos. 44-45 Exhibits 2, 4, 11, 15,16, 18, 20, 21,24,27 Docket Nos. 25-6, Exhibits 9, 11.  A licensed, successful teacher, Plaintiff performed successfully despite not being accommodated. She is an otherwise qualified individual with a disability. 42  U.S.C. Sec.12111 (8), 29 CFR Sec. 1630.2 (m). Also see, Appendix to Part 1630 at 1630.2(m).  Plaintiff Murielene Gordon was in a hostile work  environment which caused her absence. See authorities and discussion at Docket Nos. 44-45 III c.1 on the hostile work environment, particularly

---

[3] Plaintiff acknowledges her physical absence from Ballou during school year 2002-03. She was on approved sick leave (including sick bank) for part of the year.  The parties' disagreement factually around her not returning to work at Ballou after her sick leave ran out is set forth in greater length in IIIc.

Greer v. Paulson, 505 F.3d.1306 (D.C. Cir. 2007), in accord, Jensen v. Henderson, 315

F3d.854 ((8th Cir.2002), Bray v. Pharmacia Corp/Pfizer, 231 Fed. App.132 (3rd Cir.2007),

Duncan v. Mgr, Dept of Safety, 397 F.3d 1300 (10th Cir. 2005. Cornwall v. Robinson, 23

F.3d.694 (2d Cir.1994). Defendant told Plaintiff she was a "liability" and after Plaintiff's

surgery in the summer of 2002, Docket Nos. 44-45, Exhibits 2 pp.2-3, 7 Depos. of

Plaintiff p.191, l.7, a clear act of hostility even if it occurred off the work site, Richards

v. Dept. of Army, 2007 Fed. App.0119N, 2007 WLS 57949 (6th Cir. 2007), JENSEN,

supra at 861- 62, and then ignored and/or avoided the efforts by Plaintiff and the efforts

by Plaintiff's daughter to communicate with Defendant about returning. Docket 44-45,

Exhibits 2, 1l. Defendant's continued maintaining here that Plaintiff is not a person with

a disability, discussed *supra* IIIDa, colors all of Defendant's arguments and casts

defining light into this Defendant. Defendant in its instant filing here and in its' prior

Renewed Motion (Docket No.43, 47) offers nothing to contradict Plaintiff and her

daughter. Docket Nos. 44-45, Exhibits 2, 11. Even when absent Plaintiff was an

otherwise qualified individual with a disability. To hold otherwise is to allow Defendant

to benefit from its hostile conduct toward Plaintiff and subsequent evading of all

communications from Plaintiff and her daughter about Plaintiff returning and/or being

transferred. Cf. Alexander v. Choate, *supra.*

 IV. CONCLUSION

Plaintiff respectfully submits that Defendant's Renewed Motion for Summary Judgment

should be denied and that  Plaintiff's Motion for Partial Summary Judgment should be

granted. A proposed Order is attached.

                                        Respectfully submitted,
September 8, 2008                                /s/
                                        CHARLES D. GOLDMAN, ESQ.No.201509
                                         1155 –15th Street N.W. #1004
                                         Washington, DC 20005
                                         2024667550; 202 4675085 fax


Certificate of Service
I hereby certify that a copy of this Opposition to Defendant's Renewed Motion and
Plaintiff's Cross-Motion were emailed to Michael Bruckheim, Esq.
Michael.Bruckheim@d.c.gov. this 8th day of September, 2008
                                        /s/ Charles Goldman