UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Murielene Gordon : Civil Action No. 05-1907
Plaintiff :
v. : Judge Emmet G. Sullivan
District of Columbia :
Defendant :

## REPLY

### Introduction

Comes Plaintiff through her undersigned attorney and submits this Reply to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment. Plaintiff respectfully submits that she has met her burden under Rule 56 of the Federal Rules of Civil Procedure by adducing facts and admissions which show that she is an otherwise qualified individual with a disability and that Defendant knew it.

### II. Argument

### A.  Defendant Knew Plaintiff was Disabled in the Major Life Activity of Walking

Defendant, disavowing the admissions of Defendant's Dr. Scott, argues at length that Plaintiff is not disabled in the major life activity of walking, resubmitting again various excerpts from Plaintiff's deposition which show it claims show that Plaintiff did walk and do various tasks. Defendant's Opposition pp.1-7.

Defendant's argument, which is without foundation in the law, carried to its logical extreme, would result in no individual who could walk at all being considered substantially impaired in the major life activity of walking. Under Defendant's theory the Olympic track star would be treated the same as an individual, who as Mrs. Gordon, struggles to take any steps and who takes much longer than the average able-bodied person in the population.  This is patently wrong.

Under the Rehabilitation Act and the Americans with Disabilities Act, the criterion for determining whether a person has a disability is NOT, as Defendant argues, whether a person has ANY ability to engage in a major life activity, here walking. Under the law it is the ability to engage in the major life activity when compared to the average person in the general population.  29 C.F.R. Secs.1630.2(i) and 16320.2(j)(I)(I)(ii). The EEOC has noted that "an individual who, because of impairment, can only walk for very brief periods of time would be substantially limited in the major life activity of walking." Appendix to Part 1630 at 1630.2(j). Plaintiff meets that criteria.  When compared to the average person in the general population, Plaintiff walked much more slowly, took longer to ambulate and unlike the average person in the general population, walked with a cane and then with a walker. Docket Nos. 25, 26, 27, Exhibits 1-5 Docket Nos. 44, 45, Exhibits 2, 11.

Contrary to the disingenuous Opposition of Defendant at pp.2-7, the record here is replete with admissible evidence that Defendant knew Plaintiff was substantially impaired in the major life activity of walking.

Defendant in its Opposition seeks to disavow and twist the language of Dr. Scott who examined Plaintiff and advised Defendant to accommodate her. Docket Nos. 25, 26, 27 (also at Docket Nos. 44, 45, Exhibit 28. Contrary to Defendant's argument, Opposition at p.7, Dr. Scott's materials are admissible.  Dr. Scott's letter is an admission Plaintiff is substantially limited in walking. Fed. R. Evid. 801(d)(2), especially subparagraphs (C)(D). Dr. Bridges' statements "… basically she (sic. Mrs. Gordon) was non-ambulatory… she did not have a normal gait… she was not able to walk...", Docket

Nos. 44, 45 Exhibit 5pp.31-32 l.22-l1, p. 32 l.5, p.33 l.14, are also admissible admissions under Rule 801, *supra.*

The record is replete with other admissible admissions by Defendant that Plaintiff was substantially impaired in the major life activity of walking, including statements from Defendant's EEO Counsel Ms. Jones, which Defendant in its Opposition here does not address. See, Docket Nos. 25, 26, 27, No. 9 (also at Docket No. 44, 45, at Exhibit 20) in which Defendant's EEO Counsel, Ms. Jones, acknowledges that Plaintiff has arthritis of the hips and knees, that Mrs. Gordon cannot walk rapidly and notes various items, such as the use of the ":Handicapped bathroom with grab bars" and avoiding "navigate(ing) any steps" (in "Cafeteria" and "Library") show Defendant's awareness of Plaintiff being substantially impaired in the major life activity of walking.

Moreover at deposition Ms. Jones testified that she was Defendant's EEO legal counsel and that Defendant considered "schools on one floor…. Because of her impairment…Because the major life activity that was substantially impacted was walking…." Exhibit 1 p. 9, l.22, p. 23, l.11-14. These are admissions under Rule 801.

Dr. Scott, Dr. Bridges, and Ms. Jones were not alone in recognizing that Plaintiff was substantially limited in walking. Defendant's Business Manager Ms. Wiseman testified that Plaintiff "health-wise was a big concern….That when she could walk in the building …she could hardly walk. Exhibit 2 p.80 l. 15, 19-20. These are also admissible admissions under Rule 801 of the Federal Rules of Evidence, *supra*.

In sum, knowledge that Plaintiff was substantially impaired in the major life activity of walking permeated throughout Defendant.

**B. Defendant Knew Plaintiff Has A Record of an Impairment**

Plaintiff made Defendant well aware of her medical record of her impairment. Defendant's own examining physician, Dr. Scott, confirmed this. Plaintiff had provided medical information to Defendant which was disseminated within Defendant, including to Plaintiff's supervisor, Dr. Bridges.  Docket Nos. 44, 45, Exhibit 5 p.31 1.8-18. Ms. Jones, Defendant's EEO Counsel admitted "it has been documented by a medical report that she has arthritis in her hips and knees." Docket No. 25, 26, 27 Exhibit 9 (Also at Docket Nos. 44-45 at No. 20) Also see materials of Dr. Scott who conducted the Fitness for Duty on Plaintiff, Docket Nos. 44-45 Exhibit 28 (also at Docket Nos. 25, 26 Exhibit 8).  Also see Docket Nos. 44, 45, Exhibits 4, 10, 27 (letters provided by Plaintiff to Defendant regarding her health/medical condition), 20 (Letter to Defendant Superintendent Vance).  Plaintiff's  medical records here has adduced medical records and other tangible documents detailing a medical condition showing a history of a qualifying impairment.  Adams v. Rice. 531 Fed.3d.936 at pp. 949-52. (D.C. Cir. 2008). Plaintiff's records here provided Defendant the same record of an impairment approved by the Court of Appeals in ADAMS.

**C. Plaintiff's Motion**

This is a Motion for Partial Summary Judgment. Plaintiff here seeks to establish as a matter of law that she is a person with a disability as she has alleged, Complaint herein at paragraph 8. Establishing this would be consistent with Rule 56(d) of the Federal Rules of Civil Procedure. Contrary to the Defendant's Opposition, pp.8 et seq., this is not a motion for adjudication of liability. This is not a motion for partial summary

judgment regarding liability. It is simply to establish here that Plaintiff is a qualified individual with a disability within 42 U.S.C. Sec.12111(8), 29 CFR Sec.794., 29 CFR Sec.1630.2(m). Plaintiff has previously set forth in her prior submissions, Docket Nos. 44, 45, and 46, particularly IIIe and III (a-d) that a reasonable jury could find in her favor. However, Plaintiff's instant Motion is limited to a part of what Plaintiff would have to show at trial. The pending Motion goes only to Plaintiff being a qualified individual with a disability. Defendant muddies the waters by its rant over liability. The issue here is far more limited and within Rule 56(d), *supra*.

### III. Conclusion

Plaintiff respectfully submits that she is an otherwise qualified individual with a disability. She is substantially impaired in the major life activity of walking and had a record of such impairment, both of which facts Defendant well knew. Plaintiff's Motion for Partial Summary Judgment should be granted.

>Respectfully submitted,
>/s/
>CHARLES D. GOLDMAN, Bar No.201509
>Attorney for Plaintiff
>1155-15th Street N.W.#1004
>Washington, D.C. 20005
>202-4667550 phone, 202-4675085(fax)

Certificate of Service

I hereby certify that a copy of the foregoing Reply was emailed to Michael Bruckheim, Esq. Office of the Attorney General, Washington, DC. at Michael.Bruckheim@dc.gov. this 24th day of September 2008.

/s/Charles D. Goldman